IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U.S. Magistrate Judge Gordon P. Gallagher

Criminal Case No.:   19-cr-00243-MSK-GPG

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL TRACY McFADDEN,

Defendant.

ORDER OF DETENTION

      This matter came before the Court for a detention hearing on May 31, 2019. Assistant United States Attorney Chaffin represented the Government and Mr. O'Hara represented the Defendant. After considering:

    The contents of the file;
    The indictment;
    The pre-trial services report;
    The fact that Defendant does not currently contest detention—reserving for a later time if appropriate; and
    The arguments of Counsel;

    I ORDER the Defendant detained.

      In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court takes judicial notice of the Court's file and the information presented at hearing. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

In this action, Defendant is charged, by way of indictment, with knowingly crossing a state line with the intent to engage in a sexual act, to wit, contact between the penis and the anus, with K.W., a person who had not attained the age of 12 years and attempted to do so, in violation of Title 18, United States Code, Section 2241(c). Defendant is also charged, by way of indictment, with knowingly transporting K.W., an individual who had not attained the age of 18 years in interstate and foreign commerce, with the intent that such individual engage in sexual activity, in violation of Title 18, United States Code, Section 2423(a). Defendant is also charged, by way of indictment, with knowingly cross a state line with intent to engage I a sexual act, to wit, with J.W., a person who had not attained the age of 12 years, and attempted to do so, all in violation of Title 18, United States Code, Section 2241(c). Defendant is also charged, by way of indictment, with knowingly transport J.W., an individual who had not attained the age of 18 years in interstate and foreign commerce, with the intent that such individual engage in sexual activity, in violation of Title 18, United States Code, Section 2423(a). Defendant is also charged, by way of indictment, with knowingly transport J.W., an individual who had not attained the age of 18 years in interstate and foreign commerce,

with the intent that such individual engage in sexual activity, in violation of Title 18, United States Code, Section 2423(a). For counts 1 & 3, defendant is facing NLT 30 years and NMT life; NMT $250,000 fine, or both; supervised release of NLT 5 years, NMT life; $100 Special Assessment. For counts 2, 4-5, defendant is facing NLT 10 years imprisonment and NMT life imprisonment, NMT $250,000 fine, or both; NLT 5 years supervised release, NMT life supervised release; $100 special assessment. Defendant has a prior state conviction in 1990 for felony sexual assault on a child and served a prison sentence for that case.

Furthermore, there exists a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The Court finds that the presumption was not overborne in this action and Defendant presented no argument nor evidence in any attempt to overbear the presumption.

As a result, after considering all of these factors, I find by a preponderance of the evidence that Defendant is a flight risk and I conclude that there is no condition or combination of conditions for release which will reasonably assure the Defendant's appearance for Court proceedings.

As a result, after considering all of these factors, I find by clear and convincing evidence that Defendant is a danger to the community and I conclude that there is no condition or combination of conditions for release that will assure the safety of any other persons and the community.

Accordingly, it is hereby

**ORDERED** that the Defendant is detained as a flight risk.

**ORDERED** that the Defendant is detained as a danger to the community.

**ORDERED** that the Defendant shall be committed to the custody of the Attorney General or his designee for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal. It is further

**ORDERED** that the Defendant shall be afforded reasonable opportunity for private consultation with counsel. It is further

**ORDERED** that upon an order of a Court of the United States, or upon request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver each Defendant to a United States Marshal for the purpose of an appearance in connection with any Court proceeding in this matter.

In accordance with the provisions of the Bail Reform Act, if at any time before trial the judicial officer determines that information exists which was not known at the time of the detention hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of the community, the detention hearing may be reopened (18 U.S.C. § 3142(f)).

Dated May 31, 2019.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge

4