IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-243-MSK-GPG

UNITED STATES OF AMERICA,

 Plaintiff,

v.

**MICHAEL TRACY MCFADDEN,**

 Defendant.

_____

**DEFENDANT MICHAEL TRACY MCFADDEN'S UNOPPOSED MOTION
TO VACATE AND RESET TRIAL DATE
PURSUANT TO 18 U.S.C. §3161(h)(7)(A)**
_____

 MR. MICHAEL TRACY MCFADDEN (hereinafter Mr. McFadden), by and through counsel, Timothy P. O'Hara, Assistant Federal Public Defender, respectfully moves this Court for an Order vacating current deadlines, including the trial date (currently set for July 1, 2019). Undersigned counsel requests that ninety days be excluded from the calculation of time under the Speedy Trial Act (18 U.S.C. §3161). In support of this Unopposed Motion, undersigned counsel states as follows:

**I. Procedural Background**

 1) On May 17, 2019, the government filed a five count Indictment against Mr. McFadden alleging that he has violated two sections of the United States Criminal Code, 18 U.S.C. §§ 2241(c) and 2423(a). See Doc. 1.

 2) On May 21, 2019, Mr. McFadden was arrested in connection with the federal charges. See Doc. 8.

3) On May 22, 2019, Mr. McFadden appeared before the Honorable Magistrate Judge Gordon P. Gallagher for an Initial Appearance.  *See* Doc. 5.  At that time, the Court appointed counsel for Mr. McFadden.  The Court also continued the matter until May 31, 2019, for an Arraignment, Detention Hearing, and Discovery Conference.  *See id.*

4) On May 23, 2019, undersigned counsel filed a Notice of Appearance.  *See* Doc. 4.

5) On May 31, 2019, the parties and Mr. McFadden appeared before Magistrate Judge Gallagher.[1]  *See* Doc. 11.  Mr. McFadden entered a plea of Not Guilty to the charges in the Indictment [Doc. 1].  *See id.*  At that time, the government sought to detain Mr. McFadden.  The defense did not contest detention, but reserved the right to contest Mr. McFadden's detention at a later time.  *See id.*  At that time, Magistrate Judge Gallagher set the present matter for a Jury Trial to begin on July 1, 2019.  At undersigned counsel's request the Court set June 14, 2019, as the date by which a Motion to Continue the Trial should be filed.  *See* Doc. 14 (Court minutes with corrected date).

6)      It is undersigned counsel's position that the correct starting date for Speedy Trial purposes is the date of the Initial Appearance, May 22, 2019, as that is the latest date of all the options listed in 18 U.S.C. §3161(c)(1).  Based on that starting date, the original 70-day date would be July 30, 2019.  *See* Doc. 13 at p. 8.

---

[1] Undersigned counsel appeared by VTC from Denver.

7) As of today's date, 22 days have run on the 70-day speedy trial timeline, leaving 48 days remaining.  The filing of the present Unopposed Motion would toll the speedy trial calculation until the motion has been ruled on.  *See* 18 U.S.C. § 3161(h)(1)(D).

8) Since the Court appointed counsel, approximately three weeks have passed.  During that time, undersigned counsel has spoken to Mr. McFadden by phone and traveled to visit him in person in the Mesa County Jail.

9) The charges against Mr. McFadden are extremely serious.  Each count carries at least a 10-year or 30-year mandatory minimum sentence.  *See* Doc. 1.

10) Undersigned counsel has not yet received discovery materials from the government.  The government anticipated in the Discovery Conference Memorandum and Order that it would tender discovery on today's date.  *See* Doc. 13 at p. 9.

11) Undersigned counsel expects that the amount of discovery in the present case will be voluminous.  In 2013, the Mesa County District Attorney's Office filed similar charges against Mr. McFadden in three separate cases.  *See* Mesa County, Colorado cases 2013CR27, 2013CR339, and 2013CR342.  Those cases were pending for more than two years while the parties prepared for trial.  In July of 2015, a 12-day jury trial was held and Mr. McFadden was convicted.  Following an appeal in the Colorado Court of Appeals, the convictions were vacated and sent back to the trial court with directions to dismiss the charges in each case.  Undersigned counsel expects a considerable, if not complete, overlap between the state court cases and the present case.  The transcripts from a 12-day jury trial will be significant.

12) The necessary investigation will be considerable as well. Undersigned counsel expects the number of witnesses to be substantial. The government has alleged that Mr. McFadden committed crimes against two minor victims as alleged in the Indictment, but has informed undersigned counsel that it intends to introduce evidence under Federal Rule of Evidence 404(b) involving other alleged victims.

13) Without the discovery materials and the transcripts from the prior trial, undersigned counsel is not requesting that the Court set the matter for trial on a specific date in the future. Instead, undersigned counsel requests that the Court vacate the current trial date, exclude 90 days from the speedy trial calculation, and set a date for status for the parties to inform the Court on how much time will be necessary in order to prepare for trial. In other words, undersigned counsel expects to request an additional exclusion of time beyond the initial 90 day exclusion, and will be in a better position to make a specific request after approximately 90 days.

14) Undersigned counsel contacted the government about the present Motion. The Assistant United States Attorney handling the present matter has no objection.

15) Undersigned counsel advised Mr. McFadden about the requested continuance. Similarly, he has no objection.

## II.    Standard for Continuances

16) Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

17) Pertinent factors that apply to an "ends of justice" finding in the present case include:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.

. . . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

See 18 U.S.C. §1361(h)(7)(B)(Westlaw 2016).  See also, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

18) In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider.  See *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).  According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.  *See id.* No single factor is determinative.  *See id.*

19) The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard.  *See Toombs*, 574 F. 3d at 1262.  "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*,

5

137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

### III. Argument

20) This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, undersigned counsel requests that this Court vacate the current trial date and exclude 90 days from the speedy trial calculation.

21) At this time, undersigned counsel is not requesting a finding of complexity under subsections (h)(7)(B)(ii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. §3161(h)(7)(B)(iv).

22) Undersigned counsel will require 90 days to receive and review the discovery materials (including the trial transcripts), plan the necessary pre-trial investigation, and begin the process of researching the relevant legal issues, preparing pre-trial motions, consulting with Mr. McFadden about his options, and preparing for trial.

23) The failure to grant the requested continuance on behalf of Mr. McFadden

would result in a miscarriage of justice in his case and would also deny undersigned counsel the reasonable time necessary for effective preparation as discussed in 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

24)     Finally, a speedy trial extension of 90 days would not offend the standard set forth by the Tenth Circuit in the *West* decision.

25)     Thus far, undersigned counsel has diligently pursued the defense of this case. However, the nature and facts of the case, including but not limited to the outstanding discovery, the outstanding trial transcripts, the investigation that is expected, the anticipated legal research, and the consultation with Mr. McFadden that is required are such that no amount of diligent work can insure effective assistance of counsel prior to the current trial date as contemplated by the current speedy trial time-frame.

26)     Undersigned counsel believes that the extension would serve the requested purpose and allow undersigned counsel to inform the Court of a realistic trial date.

WHEREFORE, Mr. McFadden respectfully requests that this Court issue an Order vacating current deadlines and the trial date, excluding 90 days from the speedy trial calculation, and setting the present matter for a status hearing in approximately 90 days.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Timothy P. O'Hara
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  Timothy_OHara@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2019, I electronically filed the foregoing

**DEFENDANT MICHAEL MCFADDEN'S UNOPPOSED MOTION
TO VACATE AND RESET TRIAL DATE
PURSUANT TO 18 U.S.C. §3161(h)(7)(A)**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jeremy Chaffin
Assistant United States Attorney
Jeremy.Chaffin@usdoj.gov

s/ Timothy P. O'Hara
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  Timothy_OHara@fd.org
Attorney for Defendant