# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00243-MSK-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL TRACY McFADDEN,

    Defendant.

---

## ORDER PERMITTING DISCLOSURE OF GRAND JURY MATERIAL

---

THE COURT has reviewed the Motion by the United States to Disclose Grand Jury Material in the above-captioned case. Federal Rule of Criminal Procedure 6(e)(3)(F) provides that the Government may file this motion requesting disclosure *ex parte*. As grounds therefor, the Government has stated:

The Government has obtained testimony from one or more persons who may be called as trial witnesses. Early disclosure of this material may assist the defense in preparing for trial.

Disclosure of pertinent portions of the Grand Jury transcripts may be in the best interests of justice. In the course of preparation for trial and during the conduct of certain pretrial matters and at trial it may be appropriate to disclose to the defense portions of the Grand Jury transcripts pertaining to certain witnesses for the limited purpose of preparing for and conducting trial. *See* 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2, 16, 6(e)(3)(E)(i) and (e)(3)(F).

BEING now advised in the premises, the Court Finds, Concludes, and Orders the following:

The United States Attorney's Office may disclose to the defense pertinent portions of the transcripts of witness(es)' testimony before the Grand Jury in the above-captioned case after it has been determined by the Government that such witness will be called to testify at trial. The defense attorneys are to maintain control over the material, keeping it in his or her confidential files and under the control of his or her confidential employees. The Court's Order here today permits pretrial disclosure of pertinent portions of the Grand Jury transcripts which would be disclosed pursuant to Title 18, United States Code, Section 3500, or Federal Rules of Criminal Procedure 26.2 and 16.

The Court Orders that Grand Jury material may be disclosed to the defendant and the defendant's attorney in the course of discovery in this case. It is further ORDERED that such materials shall: (a) only be used in defending/prosecuting this case; (b) be disclosed only to the defendant and counsel for the defendant; (c) remain in the possession of the parties (e.g., the government (including staff for the government), defense counsel (including staff for defense counsel)) throughout the entirety of the above numbered case; (d) not be reproduced or disseminated; and (e) at the conclusion of the case, be returned to the United States. Defense counsel shall make only such copies as are necessary to prepare a defense of the criminal case. Defense counsel shall keep a written record concerning how many copies were made, to whom those copies were delivered, and the date of delivery. Defense counsel shall deliver a copy of any Order allowing disclosure with the materials. Defense counsel may provide the defendant with reasonable access to the grand jury materials, but defense counsel shall not allow the defendant to retain copies of any grand jury materials.

The Grand Jury material so disclosed is to be used for the purposes of the above captioned case, to include any appeals taken, and for no other purpose until further order of this Court. Further, the Court previously entered a protective order related to discovery in this case. That order includes and applies to the Grand Jury material so disclosed in this case. The United States Attorney's Office is directed to enclose a copy of this Order, and the Court's prior protective order, with any Grand Jury material disclosed pursuant to this Order.

DATED this  7th  day of August, 2019.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge