IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00243-MSK-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    MICHAEL TRACY MCFADDEN,

    Defendant.

_____

**JOINT MOTION FOR EXCLUSION OF TIME UNDER 18 U.S.C. § 3161(h)**

    The UNITED STATES OF AMERICA, by and through Jason R. Dunn, United States Attorney for the District of Colorado, and Andrea Surratt and Jeremy Chaffin, Assistant United States Attorneys, and Michael Tracy McFadden, by and through his attorney, Timothy O'Hara, respectfully move to exclude time through the January 6, 2019 trial date in this matter.

Background

    The defendant was indicted on May 17, 2019, in five counts related to sexual abuse of two alleged child victims. (Dkt #1). The defendant was arrested on May 21, 2019 and made his initial appearance in this District on May 22, 2019. (Dkt #8). On May 31, 2019, the defendant was ordered detained pending trial, which was scheduled for July 1, 2019. (Dkt #31).

    On June 14, 2019, the defendant moved to vacate and reset the trial date pursuant to 18 U.S.C. § 3161(h)(7)(A). (Dkt #19). Specifically, citing the seriousness of the

1

charges, the anticipated volume of discovery, and the substantial prior state litigation in this matter, the defendant requested a speedy trial extension of 90 days, to be followed by a status conference at which point the parties would agree upon a new trial date.   (Dkt #19).

On June 16, 2019, the defendant's motion was granted in part and denied in part. (Dkt #20).   The July 1, 2019 trial date was vacated, but instead of setting a status conference in 90 days, the Court set a trial date of January 6, 2020 and excluded speedy trial time from July 1, 2019 through the new trial date.   (Dkt #20).

## Speedy Trial Calculation

As noted in the defendant's motion to continue (Dkt #19), the speedy trial clock began running on May 22, 2019, the date of the defendant's initial appearance.   The original 70-day date was therefore July 20, 2019.   Twenty-two days had run off the speedy trial clock at the time that the defendant filed his motion to continue on June 14, 2019, at which point the clock was tolled by the filing of the motion.   *See* 18 U.S.C. § 3161(h)(1)(D).   The Court granted the speedy trial portion of the defendant's motion on June 16, 2019, tolling the clock from July 1, 2019 until January 6, 2020.   An additional 14 days ran off the clock between June 16, 2019 and June 30, 2019.

Accordingly, 34 days still remain of the original 70 days.[1]

## Motion to Exclude Time

In the defendant's original motion, he moved to exclude only 90 days.   The Court, however, excluded more than twice that.   The parties believe that the defendant's original motion provided sufficient factual basis to support an exclusion of time through

---

[1] This calculation amends that calculation proffered by the Government on June 28, 2019, in which the Government asserted that 48 days remain on the Speedy Trial Clock.   (Dkt# 23).   The Government's previous calculation failed to take into account the time that ran between June 16, 2019 and June 30, 2019.

2

the January 6, 2020 trial date and, indeed, the parties anticipated that a trial date would ultimately be set in 2020. But, out of an abundance of caution, the parties hereby move to exclude time through the new trial date and seek a finding from the Court that such exclusion is appropriate under the law.

Pursuant to the Speedy Trial Act, a criminal defendant's trial shall commence within 70 days after he is charged or makes his initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). A defendant may not waive his rights under the Speedy Trial Act. *See United States v. Williams,* 511 F.3d 1044, 1055 (10th Cir. 2007). The Speedy Trial Act permits time to be excluded from this 70-day calculation for very specific statutory reasons or where the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial". *See* 18 U.S.C. § 3161(h)(1)-(7). With regard to the ends-of-justice provision, the Speedy Trial Act provides:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
> . . . .
> (7)(A) Any period of delay resulting from a continuance granted by any judge on its own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
>
> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance… are as follows:
>
> > (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such

> proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established [by § 3161].
>
> ***
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii) would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant of the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §3161(h)(7)(A) & (B).

The Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. No single factor is determinative. *See id.*

In *United States v. Toombs*, the Tenth Circuit addressed the degree of specificity that the district court and the parties must use in making a record to support an ends-of-justice continuance. *Toombs*, 574 F.3d 1262, 1271-72 (10th Cir. 2009). The district court or the party requesting a continuance must explain "why the mere

4

occurrence of the event identified by the party as necessitating the continuance results in the need for additional time." *Id.*; *see also United States v. Williams*, 511 F.3d 1044, 1058 (10th Cir. 2007). "Simply identifying an event, and adding the conclusory statement that the event requires more times for counsel to prepare, is not enough." *Id.*

Here, as noted in the defendant's June 14, 2019 motion, several factors counsel for exclusion of speedy trial time through the January 6, 2020 trial date. The Government produced voluminous discovery on June 19, 2019. Because the defendant was tried before a jury for similar conduct in Mesa County in 2013, the discovery produced in the instant case included thousands of pages of state court transcripts. These transcripts include not only the 12-day jury trial, but also numerous pretrial hearings.[2] Many of the same witnesses testified in the state proceeding that the Government anticipates calling in the instant federal case. Also produced on July 19, 2019 were numerous recordings of the alleged victims' forensic interviews, and interviews of other witnesses, many of which are many hours long. These recordings are both from near in time to the alleged conduct as well as from more recent interviews. In addition, the defendant's investigation in preparation for trial will be substantial, particularly since the alleged conduct occurred between 2008 and 2013. The Indictment charges five counts related to two separate victims, but the Government anticipates calling numerous other alleged victims as Rule 404(b) or Rule 414 evidence.

As noted in his motion of June 14, 2019, in addition to reviewing voluminous discovery and conducting pretrial investigation, the defendant's counsel also anticipates needing to research the relevant legal issues, prepare pretrial motions, consult with the defendant about his options, and begin preparing for trial.

---

[2] The defendant's state conviction was overturned on appeal for speedy trial violations.

In conclusion, the parties respectfully request that the Court make specific findings justifying the exclusion of speedy trial time through the January 6, 2020 trial date. A proposed order is included for the Court's consideration.

Dated this 22nd day of August, 2019.

                                        JASON R. DUNN
                                        United States Attorney

                                        By: */s Andrea Surratt*
                                        Andrea Surratt & Jeremy Chaffin
                                        Assistant U.S. Attorneys
                                        United States Attorney's Office
                                        1801 California Street, #1800
                                        Denver, Colorado 80101
                                        (303) 454-0100
                                        andrea.surratt@usdoj.gov