IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-243-MSK-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**MICHAEL TRACY MCFADDEN,**

    **Defendant.**

_____

**DEFENDANT MICHAEL TRACY MCFADDEN'S SECOND UNOPPOSED MOTION TO VACATE AND RESET TRIAL DATE PURSUANT TO 18 U.S.C. §3161(h)(7)(A)**
_____

MR. MICHAEL TRACY MCFADDEN (hereinafter Mr. McFadden), by and through counsel, Timothy P. O'Hara, Assistant Federal Public Defender, respectfully moves this Court for an Order vacating current deadlines, including the motions deadline (currently set for November 4, 2019) and trial date (currently set for January 6, 2020). Undersigned counsel requests that an additional 180 days be excluded from the calculation of time under the Speedy Trial Act (18 U.S.C. §3161) and that the matter be set for trial in the July 2020 term of court with a motions deadline in early May of 2020. In support of this Unopposed Motion, undersigned counsel states as follows:

**I.**    **Procedural Background**

    1-13)  Undersigned counsel seeks to incorporate paragraphs 1-13 of Doc. 19 by reference.

14) On June 16, 2019, Magistrate Judge Gordon P. Gallagher granted in part and denied in part the defendant's Unopposed Motion to Vacate and Reset Trial Date Pursuant to 18 U.S.C. §3161(h)(7)(A).  *See* Doc. 20.  At that time, the Court excluded all time between the vacated trial date of July 1, 2019, and the date of January 6, 2020, from the speedy trial calculation.  *See id.*  The Court also set the deadline for the filing of pretrial motions as November 4, 2019.  *See id.*

15) According to the parties, 22 days ran on the speedy trial clock and 48 days remain.  *See* Doc. 23 at p. 2.

Discovery Tendered by the Government

16) On June 20, 2019, the government tendered the following information to undersigned counsel:[1]

*Written Discovery*

    a) 359 pages of police reports and witness interviews from the Grand Junction Police Department;

    b) 687 pages of reports from the investigation of the Federal Bureau of Investigation (FBI);

    c) 4,209 pages of transcripts from the prior state court proceedings; and

    d) 62 pages of reports relating to the criminal history of Mr. McFadden.

*Media Files*

    e) 34 total video and audio files from the Grand Junction Police Department Investigation (witness/defendant interviews) totaling approximately **21 hours**; and

    f) 24 total video and audio files from the FBI Investigation (witness/defendant interviews) totaling approximately **29 hours**.

---

[1] The discovery materials have been tendered subject to a Protective Order that was entered by the Court.  *See* Doc. 22.

17) Following a Motion from the government [Doc. 24], on August 21, 2019, the government tendered 73 pages of transcribed testimony from the grand jury proceedings along with three video files.

18) On October 8, 2019, the government tendered an additional 2,262 pages of discovery material relating to the prior Grand Junction Police Department Investigation.

Review of Discovery Materials

19) Undersigned counsel's review of the discovery materials is ongoing. Undersigned counsel has yet to review the entirety of the transcripts from the 2015 jury trial as well as a large majority of the media files tendered in discovery.

20) After reviewing a significant amount of the written discovery provided by the government and some information provided by the Colorado Public Defenders' office in Mesa County,[2] undersigned counsel has a good idea of the government's evidence against Mr. McFadden.

21) Pursuant to the terms of the Protective Order [Doc. 22], Mr. McFadden cannot possess the discovery materials unless he is in the presence of defense counsel or members of the defense team. *See* Doc. 22 at p. 3. As a result, undersigned counsel must dedicate extra time to the review of discovery materials with Mr. McFadden to ensure that he is informed of the evidence that the government intends to present against him.

---

[2] An investigator from undersigned counsel's office has visited the state public defenders' office to review their file. Some information was received at the time of that visit, but a large amount of additional information has been requested and remains outstanding.

3

Necessary Investigation

22) The conduct alleged in the Indictment spans a wide range of time.  *See* Doc. 1.  The conduct alleged by the government in Count Five alone occurred between January 7, 2007, and January 3, 2013, a period of approximately six years.  *See id.*

23) Additionally, the government has informed undersigned counsel that it will present evidence not only of the alleged crimes in the Indictment, but it also intends to present a significant amount of evidence of other alleged crimes pursuant to Federal Rules of Evidence (FRE) 404(b) and/or 414.

24) Undersigned counsel has identified approximately 35 potential witnesses, many of whom were minors around the time of the alleged criminal conduct.  Many of these witnesses have been interviewed on multiple occasions in connection with the prior case or in connection with the present prosecution.  It is expected that additional witnesses become necessary once the investigation begins.

25) The witnesses predominately reside in the Grand Junction area, however, at least one group of witnesses now lives in Utah.

26) Undersigned counsel and an investigator must travel in order to interview the witnesses. It was discovered recently that the lead investigator assigned to work on the present case will be out of the office due to health issues.  A new investigator was assigned to the case.  Undersigned counsel expects the investigation to begin in earnest in December of 2019.

Expert Testimony

27) At the 2015 trial, the prosecution called expert witnesses in the areas of forensic nursing and child abuse disclosure. The defense called an expert witness in the area of child forensic psychology.

28) Undersigned counsel must determine whether expert witnesses will be necessary to Mr. McFadden's defense, and if so, undersigned counsel must consult and contract with such witnesses. Relatedly, undersigned counsel must determine whether the government intends to call expert witnesses at Mr. McFadden's trial, and if so, prepare to defend such testimony, including by procuring the services of a rebuttal expert witness.

Pretrial Motions

29) Undersigned counsel must research the applicability of a number of potential pretrial motions, including, but not limited to:

a) Pre-Indictment Delay,
b) Double Jeopardy,
c) Bill of Particulars,
d) Change of Venue,
e) Response to FRE 404(b)/414, and
f) the admissibility of oral statements of Mr. McFadden.

30) Undersigned counsel contacted the government about the present Motion. The Assistant United States Attorney handling the present matter has no objection to vacating the current dates nor to the requested extension of time.

31) Undersigned counsel advised Mr. McFadden about the requested continuance. Similarly, he has no objection.

## II. Standard for Continuances

32) Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

33) Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B)(Westlaw 2016).  *See also*, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

34) In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court

6

resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

35) The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

### III.     Argument

36) This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, undersigned counsel requests that this Court vacate the current trial date and exclude an additional 180 days from the speedy trial calculation.

37) At this time, undersigned counsel is not requesting a finding of complexity under subsections (h)(7)(B)(ii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. §3161(h)(7)(B)(iv). While in the Discovery Conference Memorandum and Order [Doc. 13], the parties did not estimate that the document

7

disclosure would be "extensive," the amount of information tendered by the government is substantial nonetheless, surpassing 7,500 pages of written material and 50 hours of audio/video footage.

38) Undersigned counsel will require an additional 180 days to review the discovery materials tendered by the government, plan the necessary pretrial investigation, research the relevant legal issues, prepare pretrial motions, consult with Mr. McFadden about his options, and prepare for trial.

39) The failure to grant the requested continuance on behalf of Mr. McFadden would result in a miscarriage of justice in his case and would also deny undersigned counsel the reasonable time necessary for effective preparation as discussed in 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

40) Finally, a speedy trial extension of an additional 180 days would not offend the standard set forth by the Tenth Circuit in the *West* decision.

41) Thus far, undersigned counsel has diligently pursued the defense of this case, by reviewing discovery materials, forming an investigation plan, consulting with Mr. McFadden's prior attorneys from the state prosecution, conducting legal research about the potential motions, and meeting with Mr. McFadden on multiple occasions. However, the nature and facts of the case, including but not limited to the amount of discovery (including a large quantity of audio/video footage), the lengthy trial transcripts, the breadth and location of the expected investigation, the anticipated legal research, and the consultation with Mr. McFadden that are required are such that no amount of diligent work can insure effective assistance of counsel prior to the current trial date as contemplated by the current speedy trial time-frame.

42)     Undersigned counsel believes that the extension would serve the requested purpose and allow undersigned counsel to be ready to file pretrial motions and to prepare for trial.

WHEREFORE, Mr. McFadden respectfully requests that this Court issue an Order vacating current deadlines and the trial date, excluding an additional 180 days from the speedy trial calculation, and setting a motions deadline for the beginning of May 2020 and setting the matter for trial in the July term of court.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Timothy P. O'Hara
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  Timothy_OHara@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2019, I electronically filed the foregoing

**DEFENDANT MICHAEL MCFADDEN'S UNOPPOSED SECOND MOTION
TO VACATE AND RESET TRIAL DATE PURSUANT TO 18 U.S.C. §3161(h)(7)(A)**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jeremy Chaffin
Assistant United States Attorney
Jeremy.Chaffin@usdoj.gov

Andrea Surrat
Assistant United States Attorney
Andrea.Surrat@usdoj.gov

                                        s/ Timothy P. O'Hara
                                        TIMOTHY P. O'HARA
                                        Assistant Federal Public Defender
                                        633 Seventeenth Street, Suite 1000
                                        Denver, Colorado  80202
                                        Telephone:  (303) 294-7002
                                        FAX:  (303) 294-1192
                                        Email:  Timothy_OHara@fd.org
                                        Attorney for Defendant