IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-243-MSK-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**MICHAEL TRACY MCFADDEN,**

    **Defendant.**

_____

**DEFENDANT MICHAEL TRACY MCFADDEN'S THIRD UNOPPOSED MOTION
TO VACATE AND RESET TRIAL DATE PURSUANT TO 18 U.S.C. §3161(h)(7)(A)**
_____

MR. MICHAEL TRACY MCFADDEN (hereinafter Mr. McFadden), by and through counsel, Timothy P. O'Hara, Assistant Federal Public Defender, respectfully moves this Court for an Order vacating current deadlines, including the motions deadline (currently set for April 6, 2020) and trial date (currently set for June 1, 2020).  Undersigned counsel requests that an additional 150 days be excluded from the calculation of time under the Speedy Trial Act (18 U.S.C. §3161) and that the matter be set for trial in the November 2020 term of court with a motions deadline in early September of 2020.  In support of this Unopposed Motion, undersigned counsel states as follows:

**I.**    **Procedural Background**

    1-13)  Undersigned counsel seeks to incorporate paragraphs 1-13 of Doc. 19 by reference.

    14-15) Undersigned counsel seeks to incorporate paragraphs 14-15 of Doc.

28 by reference.

### Discovery Tendered by the Government

16) On June 20, 2019, the government tendered the following information to undersigned counsel:[1]

*Written Discovery*

    a) 359 pages of police reports and witness interviews from the Grand Junction Police Department;

    b) 687 pages of reports from the investigation of the Federal Bureau of Investigation (FBI);

    c) 4,209 pages of transcripts from the prior state court proceedings; and

    d) 62 pages of reports relating to the criminal history of Mr. McFadden.

*Media Files*

    e) 34 total video and audio files from the Grand Junction Police Department Investigation (witness/defendant interviews) totaling approximately **21 hours**; and

    f) 24 total video and audio files from the FBI Investigation (witness/defendant interviews) totaling approximately **29 hours**.

17) Following a Motion from the government [Doc. 24], on August 21, 2019, the government tendered 73 pages of transcribed testimony from the grand jury proceedings along with three video files.

18) On October 8, 2019, the government tendered an additional 2,262 pages of discovery material relating to the prior Grand Junction Police Department Investigation.

19) On November 21, 2019, the government tendered an additional 1,125 pages of transcripts of some of the recorded interviews.

---

[1] The discovery materials have been tendered subject to a Protective Order that was entered by the Court. *See* Doc. 22.

20) To date, undersigned counsel has received the following discovery from the government:

    a) 5,335 pages of transcripts,

    b) 3,308 pages of police reports (combined between Grand Junction Police Department and Federal Bureau of Investigation), and

    c) approximately 50 hours of video interview footage.

21) Undersigned counsel also has received an extensive file from the Colorado State Public Defender's Office, the office that represented Mr. McFadden in the related state matters.

Review of Discovery Materials

22) Undersigned counsel's review of the discovery materials is ongoing. Undersigned counsel has made progress on each of the three areas of discovery: transcripts, police reports, and video interview footage.

23) Review of the video interviews has been extremely time consuming. While the government has provided transcripts of some of the witness interviews, a large number of the interviews are not transcribed. Due to variations in sound quality, reviewing some videos has taken nearly twice as long as listening to the interviews straight through.

24) Pursuant to the terms of the Protective Order [Doc. 22], Mr. McFadden cannot possess the discovery materials unless he is in the presence of defense counsel or members of the defense team. See Doc. 22 at p. 3. As a result, undersigned counsel must dedicate extra time to the review of discovery materials with Mr. McFadden to ensure that he is informed of the evidence that the government intends to

present against him. At this time, as will be explained below, undersigned counsel and staff cannot visit Mr. McFadden at the Clear Creek County Jail. As a result, for the foreseeable future, undersigned counsel cannot provide access to discovery materials to Mr. McFadden.

Necessary Investigation

25) As described in Doc. 28, the conduct alleged in the Indictment spans a wide range of time. *See* Doc. 1. The conduct alleged by the government in Count Five alone occurred between January 7, 2007, and January 3, 2013, a period spanning approximately six years. *See id.*

26) Additionally, the government has informed undersigned counsel that it will present evidence not only of the alleged crimes in the Indictment, but it also intends to present a significant amount of evidence of other alleged crimes pursuant to Federal Rules of Evidence (FRE) 404(b) and/or 414.

27) Undersigned counsel has identified approximately 40 potential witnesses, many of whom were minors around the time of the alleged criminal conduct. Many of these witnesses have been interviewed on multiple occasions in connection with the prior case or in connection with the present prosecution. It is expected that additional witnesses will become known as the investigation progresses.

28) The witnesses predominately reside in or around the Grand Junction area, however, at least one group of witnesses now lives in Utah.

29) On January 14, 2020, undersigned counsel and an investigator traveled to Grand Junction in order to visit various locations relevant to the case and to conduct witness interviews.

30) It will be necessary for undersigned counsel and an investigator to travel at least two additional times in order to conclude the investigation.

Meetings with Mr. McFadden

31) Since the last Unopposed Motion [Doc. 28], undersigned counsel has both traveled to Clear Creek County Jail to meet with Mr. McFadden and spoken with Mr. McFadden by phone to make sure that he is informed about the status of the case and the discovery provided by the government.

Expert Testimony

32) At the 2015 trial, both the prosecution and defense called expert witnesses.

33) Undersigned counsel is considering consultation with expert witnesses in a number of areas.

34) For example, the most recent conduct alleged in the Indictment occurred in 2013, now more than seven years ago.  Since a significant period of time has passed since the alleged conduct occurred, undersigned counsel must consult with an expert to investigate how the passage of time impacts an individual's memory.

35) Undersigned counsel must continue to determine whether expert witnesses will be necessary to Mr. McFadden's defense, and if so, undersigned counsel must consult and contract with such witnesses.  Relatedly, undersigned counsel must

5

determine whether the government intends to call expert witnesses at Mr. McFadden's trial, and if so, prepare to defend such testimony, including by procuring the services of a rebuttal expert witness.

Pretrial Motions

36) Undersigned counsel has requested the assistance of a lawyer specializing in appellate issues in the Federal Public Defender's Office to assist with general legal research and the preparation of pretrial motions, including, but not limited to the areas of:

a) Pre-Indictment Delay,
b) Double Jeopardy,
c) Bill of Particulars,
d) Change of Venue,
e) Response to FRE 404(b)/414,
f) Motions *in Limine*,
g) Motions to Sever Counts, and
h) The admissibility of oral statements of Mr. McFadden.

COVID-19 (Coronavirus) Pandemic

37)   On March 13, 2020, in response to the global pandemic caused by the spread of COVID-19 (coronavirus), the Chief Judge of the United States District Court for the District of Colorado issued an General Order that continued all trials scheduled to commence on or before April 3, 2020, and provided notice to litigants, attorneys, and the public that the Court's judicial officers will endeavor to reschedule hearings or convert hearings to telephonic appearances.  *See* District Court General Order 2020-1. The Chief Judge subsequently extended the order through May 1, 2020.  See District Court General Order 2020-3.

38) The recent pandemic already has impacted and will continue to have a significant impact on undersigned counsel's ability to defend the present case in two main areas. First, undersigned counsel is not able to visit personally with Mr. McFadden in order to discuss case strategy and review discovery. Since the discovery is covered by a Protective Order, the materials can only be viewed by Mr. McFadden in the presence of either defense counsel or members of the defense team. As a result, for the time being, Mr. McFadden is cut off from the ability to review discovery materials. Second, due to the Colorado governor's stay-at-home order, travel and other investigation-related tasks are limited. The investigator's ability to conduct in-person interviews, the preferred method of interviewing key witnesses, is similarly limited. It is not known when travel restrictions will end and when normal human interaction will resume.

Consultation

39) Undersigned counsel contacted the government about the present Motion. The Assistant United States Attorney handling the present matter has no objection to vacating the current dates nor to the requested extension of time.

40) Undersigned counsel advised Mr. McFadden about the requested continuance. Similarly, he has no objection.

## II.     Standard for Continuances

41) Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the

7

defendant in a speedy trial."  The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

42)  Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B)(Westlaw 2016).  *See also*, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

43)  In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider.  *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).  According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.  *See id.*  No single factor is determinative.  *See id.*

44)  The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard.  *See*

8

*Toombs*, 574 F. 3d at 1262.  "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998).  The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

### III.     Argument

45)     This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*.  Accordingly, undersigned counsel requests that this Court vacate the current trial date and exclude an additional 150 days from the speedy trial calculation.

46)     At this time, undersigned counsel is not requesting a finding of complexity under subsections (h)(7)(B)(ii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation."  18 U.S.C. §3161(h)(7)(B)(iv).  In the Discovery Conference Memorandum and Order [Doc. 13], the parties did not estimate that the document disclosure would be "extensive," however, the amount of information tendered by the government is substantial nonetheless, surpassing 8,600 pages of written material and 50 hours of audio/video footage.

47)     Undersigned counsel will require an additional 150 days to review the discovery materials tendered by the government, review the materials with Mr.

McFadden in compliance with the Protective Order, conduct the necessary pretrial investigation, research the relevant legal issues, prepare pretrial motions, consult with Mr. McFadden about his options, and prepare for trial.

48) The failure to grant the requested continuance on behalf of Mr. McFadden would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation as discussed in 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

49) Finally, a speedy trial extension of an additional 150 days would not offend the standard set forth by the Tenth Circuit in the *West* decision.

50) Thus far, undersigned counsel has diligently pursued the defense of Mr. McFadden's case, by reviewing discovery materials, including reading hundreds of pages of transcripts and watching/listening to hours of witness interviews, continuing to consult with Mr. McFadden's prior attorneys from the state prosecution, conducting legal research about the potential motions, and speaking with Mr. McFadden on multiple occasions. However, the nature and facts of the case, including but not limited to the amount of discovery (including a large quantity of audio/video footage), the lengthy trial transcripts, the breadth and location of the expected investigation, the anticipated legal research, and the consultation with Mr. McFadden that are required are such that no amount of diligent work can insure effective assistance of counsel prior to the current trial date as contemplated by the current speedy trial time-frame. Additionally, as described above, the impact of COVID-19 will limit undersigned counsel's ability to provide a vigorous defense for Mr. McFadden.

51) Undersigned counsel believes that the requested extension would serve the stated purpose and allow undersigned counsel to be ready to file pretrial motions and to prepare for trial.

WHEREFORE, Mr. McFadden respectfully requests that this Court issue an Order vacating current deadlines and the trial date, excluding an additional 150 days from the speedy trial calculation, and setting a motions deadline for the beginning of September 2020 and setting the matter for trial in the November term of court.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Timothy P. O'Hara
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  Timothy_OHara@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2020, I electronically filed the foregoing

**DEFENDANT MICHAEL MCFADDEN'S UNOPPOSED THIRD MOTION
TO VACATE AND RESET TRIAL DATE PURSUANT TO 18 U.S.C. §3161(h)(7)(A)**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jeremy Chaffin
Assistant United States Attorney
Jeremy.Chaffin@usdoj.gov

Andrea Surrat
Assistant United States Attorney
Andrea.Surrat@usdoj.gov

                                          s/ Timothy P. O'Hara
                                          TIMOTHY P. O'HARA
                                          Assistant Federal Public Defender
                                          633 Seventeenth Street, Suite 1000
                                          Denver, Colorado  80202
                                          Telephone:  (303) 294-7002
                                          FAX:  (303) 294-1192
                                          Email:  Timothy_OHara@fd.org
                                          Attorney for Defendant