IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-243-CMA-GPG

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**MICHAEL TRACY MCFADDEN,**

     **Defendant.**

_____

**DEFENDANT MICHAEL TRACY MCFADDEN'S FOURTH UNOPPOSED MOTION
TO VACATE AND RESET TRIAL DATE PURSUANT TO 18 U.S.C. §3161(h)(7)(A)**
_____

     MR. MICHAEL TRACY MCFADDEN (hereinafter Mr. McFadden), by and through

counsel, Timothy P. O'Hara, Assistant Federal Public Defender, respectfully moves this

Court for an Order vacating current deadlines, including the motions deadline (currently

set for September 8, 2020) and trial date (currently set for November 2, 2020).

Undersigned counsel requests that an additional five months be excluded from the

calculation of time under the Speedy Trial Act (18 U.S.C. §3161) and that the matter be

set for trial in April 2021 with a motions deadline in early February of 2021.  The

government does not oppose the present motion.

**I.**     **Procedural Background**

     1) On May 17, 2019, the government filed a five count Indictment against Mr.

McFadden alleging that he has violated two sections of the United States Criminal

Code, 18 U.S.C. §§ 2241(c) and 2423(a).  *See* Doc. 1.

2) On May 21, 2019, Mr. McFadden was arrested in connection with the federal charges.  *See* Doc. 8.

3) On May 22, 2019, Mr. McFadden appeared before the Honorable Magistrate Judge Gordon P. Gallagher for an Initial Appearance.  *See* Doc. 5.  At that time, the Court appointed counsel for Mr. McFadden.  The Court also continued the matter until May 31, 2019, for an Arraignment, Detention Hearing, and Discovery Conference.  *See id.*

4) On May 23, 2019, undersigned counsel filed a Notice of Appearance.  *See* Doc. 4.

5) On May 31, 2019, the parties and Mr. McFadden appeared before Magistrate Judge Gallagher.[1]  *See* Doc. 11.  At that time, Mr. McFadden entered a plea of Not Guilty to the charges in the Indictment [Doc. 1].  *See id.*  Also at that hearing, the government sought to detain Mr. McFadden.  The defense did not contest detention, but reserved the right to contest Mr. McFadden's detention later.  *See id.*  At that time, Magistrate Judge Gallagher set the present matter for a Jury Trial to begin on July 1, 2019.  At undersigned counsel's request the Court set June 14, 2019, as the date by which a Motion to Continue the Trial should be filed.  *See* Doc. 14 (Court minutes with corrected date).

6) On June 14, 2019, undersigned counsel filed Doc. 19, Defendant Michael Tracy McFadden's Unopposed Motion to Vacate and Reset Trial Date Pursuant to 18 U.S.C. §3161(h)(7)(A).

---

[1] Undersigned counsel appeared by VTC from Denver.

7) On June 16, 2019, Magistrate Judge Gordon P. Gallagher granted in part and denied in part the defendant's Unopposed Motion to Vacate and Reset Trial Date Pursuant to 18 U.S.C. §3161(h)(7)(A).  *See* Doc. 20.  At that time, the Court excluded all time between the vacated trial date of July 1, 2019, and the date of January 6, 2020, from the speedy trial calculation.  *See id.*  The Court also set the deadline for the filing of pretrial motions as November 4, 2019.  *See id.*

<u>Discovery Tendered by the Government</u>

8) On June 20, 2019, the government tendered the following information to undersigned counsel:[2]

*Written Discovery*

a) 359 pages of police reports and witness interviews from the Grand Junction Police Department;

b) 687 pages of reports from the investigation of the Federal Bureau of Investigation (FBI);

c) 4,209 pages of transcripts from the prior state court proceedings; and

d) 62 pages of reports relating to the criminal history of Mr. McFadden.

*Media Files*

e) 34 total video and audio files from the Grand Junction Police Department Investigation (witness/defendant interviews) totaling approximately **21 hours**; and

f) 24 total video and audio files from the FBI Investigation (witness/defendant interviews) totaling approximately **29 hours**.

---

[2] The discovery materials were tendered subject to a Protective Order that was entered by the Court.  *See* Doc. 22.

9) Following a Motion from the government [Doc. 24], on August 21, 2019, the government tendered 73 pages of transcribed testimony from the grand jury proceedings along with three video files.

10) On October 8, 2019, the government tendered an additional 2,262 pages of discovery material relating to the prior Grand Junction Police Department Investigation.

11) On November 4, 2019, undersigned counsel filed Doc. 28, Defendant Michael Tracy McFadden's Second Unopposed Motion to Vacate and Reset Trial Date Pursuant to 18 U.S.C. §3161(h)(7)(A).

12) On November 6, 2019, Magistrate Judge Gallagher granted Doc. 28, and continued the jury trial until June 1, 2020, setting a motions deadline of April 6, 2020. *See* Doc. 29.

13) On November 21, 2019, the government tendered an additional 1,125 pages of transcripts of some of the recorded interviews.

14) To date, undersigned counsel has received the following discovery from the government:

> a) 5,335 pages of transcripts,
>
> b) 3,308 pages of police reports (combined between Grand Junction Police Department and Federal Bureau of Investigation), and
>
> c) approximately 50 hours of video interview footage.

15) Also in November of 2019, undersigned counsel received an extensive file from the Colorado State Public Defender's Office, the office that represented Mr. McFadden in the related state case.

16) On November 15, 2019, the parties filed their Joint Position on the Speedy Trial Clock.  *See* Doc. 30.

4

17) On April 6, 2020, undersigned counsel filed Doc. 31, Defendant Michael McFadden's Third Unopposed Motion to Vacate and Reset Trial Date Pursuant to 18 U.S.C. §3161(h)(7)(A).  In the unopposed motion, undersigned counsel requested an additional five months be excluded from the calculation of time under the Speedy Trial Act.  *See* Doc. 31.

18) On April 7, 2020, Magistrate Judge Gallagher granted the unopposed motion, resetting the motions deadline until September 8, 2020, and the jury trial until November 2, 2020.  *See* Doc. 32.

19) On May 4, 2020, undersigned counsel moved to amend the Protective Order. *See* Doc. 33.  In particular, undersigned counsel sought to expand the terms of the previously issued Protective Order to allow Mr. McFadden to view the discovery materials while at the Clear Creek County Jail without undersigned counsel or a member of the defense team being present.  *See id.* at p. 3.  Because the Clear Creek County Jail, like most facilities, has limited attorney/client visits, this measure was necessary in order for Mr. McFadden to view the discovery-related materials.  The motion was not opposed by the government.  *See id.*

20) On May 6, 2020, Magistrate Judge Gallagher entered the Amended Protective Order as an order of the Court.  *See* Doc. 34.

21) Since May, undersigned counsel has been holding weekly or bi-weekly phone meetings with Mr. McFadden to consult about the case and discuss the review of the discovery materials.

22) Undersigned counsel has enlisted a second lawyer to assist in the review of the discovery materials and prepare for trial.

5

<u>Review of Discovery Materials</u>

23) Undersigned counsel's review of the discovery materials is ongoing. Undersigned counsel has made progress on each of the three areas of discovery: transcripts, police reports, and video/audio interview footage.

24) Undersigned counsel has completed review of the video/audio interviews. Review of the video/audio interviews was extremely time consuming. While the government has provided transcripts of some of the witness interviews, a number of the interviews were not transcribed and thus review was more time consuming. Undersigned counsel arranged to have multiple interviews transcribed. Due to variations in sound quality, the speed of conversation, and the need to take notes during the interview, reviewing many of the videos has taken nearly twice as long as listening to the interviews straight through.[3]

25) On May 14, 2020, undersigned counsel arranged for Mr. McFadden to receive the discovery materials consistent with the Amended Protective Order. Since then, Mr. McFadden has been reviewing the materials. The amount of time that the facility allows him to review discovery has not been consistent. Most weeks he is allowed to review the materials on one or two days for two to three hours at a time. This is based on staff availability as he needs to be transported to the discovery viewing area. Some weeks, however, Mr. McFadden has not been able to review the discovery at all.

---

[3] As it is estimated that the audio/video files were approximately 50 hours in length, it is conservatively estimated that the review of the video/audio files took somewhere between 60 – 75 hours.

26) Mr. McFadden's review of the discovery materials is not complete and he would like to continue reviewing the materials and consulting with his counsel on a regular basis in advance of the motions deadline and trial.

<u>Necessary Investigation</u>

27)  The conduct alleged in the Indictment spans a wide range of time.  *See* Doc. 1.  The conduct alleged by the government in Count Five alone occurred between January 7, 2007, and January 3, 2013, a period spanning approximately six years.  *See id.*

28) Additionally, the government has informed undersigned counsel that it will present evidence not only of the alleged crimes in the Indictment but also of a significant amount of evidence of other alleged crimes pursuant to Federal Rules of Evidence (FRE) 404(b) and/or 414.  This greatly expands the need for investigation of material outside the scope of the Indictment.

29) Undersigned counsel previously identified approximately 40 potential witnesses, many of whom were minors around the time of the alleged criminal conduct. *See* Doc. 31 at p. 40.  Many of these witnesses have been interviewed on multiple occasions in connection with the prior case or in connection with the present prosecution.  Additional witnesses have become known as the investigation has progressed.

30) The witnesses predominately reside in or around the Grand Junction area, however, at least one group of witnesses now lives in Utah.

31) On January 14, 2020, undersigned counsel and an investigator traveled to Grand Junction in order to visit various locations relevant to the case and to conduct witness interviews.

32) Travel since March of 2020 has been limited due to the coronavirus pandemic, as will be described more in depth below.

33) It is expected that undersigned counsel and an investigator will need to travel at least two additional times to the Grand Junction area in order to conclude the investigation.

Meetings with Mr. McFadden

34) As described above, since the filing of the Third Unopposed Motion [Doc. 31] in April of 2020, undersigned counsel has spoken regularly by phone with Mr. McFadden.  Undersigned counsel has not visited a jail since March of 2020.

Consultation with Expert Witnesses

35) At the 2015 jury trial in Mesa County, both the prosecution and defense called expert witnesses.

36) Undersigned counsel is in active consultation with more than one expert witness relating to the present case.  Continued consultation with expert witnesses is a necessary part of Mr. McFadden's defense and additional time is needed for that purpose.

37) Relatedly, undersigned counsel must determine whether the government intends to call expert witnesses at Mr. McFadden's trial, and if so, prepare to defend such testimony, including by procuring the services of a rebuttal expert witness.

Pretrial Motions

38) Undersigned counsel has requested the assistance of a lawyer specializing in appellate issues in the Federal Public Defender's Office to assist with general legal research and the preparation of pretrial motions, including, but not limited to:

a) Pre-Indictment Delay,
b) Double Jeopardy,
c) A Motion for Bill of Particulars,
d) Change of Venue,
e) Response to FRE 404(b)/414,
f) Motions *in Limine*,
g) Motions to Sever Counts, and
h) The admissibility of oral statements of Mr. McFadden.

The research associated with these legal issues is ongoing.

Coronavirus (COVID-19) Pandemic

39) On March 13, 2020, in response to the global pandemic caused by the spread of the coronavirus (COVID-19), the Chief Judge of the United States District Court for the District of Colorado issued an General Order that continued all trials scheduled to commence on or before April 3, 2020, and provided notice to litigants, attorneys, and the public that the Court's judicial officers will endeavor to reschedule hearings or convert hearings to telephonic appearances.  *See* District Court General Order 2020-1.  Through a series of subsequent general orders, the Chief Judge has extended the order delaying all civil and criminal trials through October 1, 2020.  *See* District Court General Orders 2020-3 through District Court General Order 2020-15.

40) The recent pandemic has had a significant impact on undersigned counsel's ability to defend the present case.  With slight exception, undersigned counsel has worked from home since March of 2020 and undersigned counsel's work-related efficiency has been affected because of non-work related obligations.  This diminished efficiency[4] is obvious in the present case due to the long stretches of time required to make significant progress in reviewing discovery.

41) Undersigned counsel expects to improve efficiency moving forward as undersigned counsel begins the transition to working more from the office rather than from home.

Speedy Trial Calculation

42) It is undersigned counsel's position that the correct starting date for Speedy Trial purposes is the date of the Initial Appearance, May 22, 2019.  *See* 18 U.S.C. §3161(c)(1).   From that date, the original 70-day date was July 20, 2019.  *See* Doc. 13 at p. 8.

43) According to the parties, as of June 28, 2019, 22 days ran on the speedy trial clock and 48 days remained.  *See* Doc. 23 at p. 2.  As of August 26, 2019, 36 days had run on the speedy trial clock, leaving 34 days remaining.  *See* Doc. 30 at p. 2.

44) When the Court granted Doc. 31, the Third Unopposed Motion to Vacate, the Court excluded an additional five months from the speedy trial calculation, thus excluding time until November 2, 2020.  *See* Doc. 32.

---

[4] Should the Court require more information in this area, undersigned counsel would be happy to provide it.

45) A further exclusion of five months would exclude time until April 2, 2021. With an additional 34 days still remaining on the speedy trial clock, the trial would have to occur prior to May 6, 2021.

Consultation

46)   Undersigned counsel contacted the government about the present Motion. The Assistant United States Attorney handling the present matter has no objection to vacating the current dates nor to the requested extension of time.

47)   Undersigned counsel advised Mr. McFadden about the requested continuance.  Similarly, he has no objection.

## II.   Standard for Continuances

48)   Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

49)   Pertinent factors that apply to an "ends of justice" finding in the present case include:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.

. . . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B)(Westlaw 2016).  *See also*, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

50)     In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider.  *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).  According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.  *See id.* No single factor is determinative.  *See id.*

51)     The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard.  *See Toombs*, 574 F. 3d at 1262.  "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act."  *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998).  The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

### III.     Argument

52)     This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West.* Accordingly, undersigned counsel requests that this Court vacate the current trial date and exclude an additional five months from the speedy trial calculation.

53)     At this time, undersigned counsel is not requesting a finding of complexity under subsections (h)(7)(B)(ii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation."  18 U.S.C. §3161(h)(7)(B)(iv).  In the Discovery Conference Memorandum and Order [Doc. 13], the parties did not estimate that the document disclosure would be "extensive," however, the amount of information tendered by the government is substantial nonetheless, surpassing 8,600 pages of written material and 50 hours of audio/video footage.

54)     Undersigned counsel will require an additional five months to complete a review of the discovery materials tendered by the government, consult with Mr. McFadden about those materials, conduct the necessary pretrial investigation, research the relevant legal issues, prepare pretrial motions, and prepare for trial.

55)     The failure to grant the requested continuance on behalf of Mr. McFadden would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation as discussed in 18 U.S.C. §3161(h)(7)(B)(i) and (iv).  Preparation for trial in the present case will require an enormous expenditure of time and energy for multiple lawyers.

56)     Finally, a speedy trial extension of an additional 150 days would not offend the standard set forth by the Tenth Circuit in the *West* decision.  By way of comparison with the related state trial, the period between Mr. McFadden's arrest (January of 2013) and the scheduled trial date in Mesa County (April of 2015) was 27.5 months.[5]  Even including the extension requested herein, the present matter would proceed to trial in less than 24 months from the date of Mr. McFadden's federal arrest (May of 2019).  Considering that the amount of discovery has nearly doubled in the federal prosecution, the suggested timeline is eminently reasonable.

57)     Thus far, undersigned counsel has diligently pursued the defense of Mr. McFadden's case, by reviewing discovery materials, including reading hundreds of pages of transcripts and watching/listening to hours of witness interviews, consulting with Mr. McFadden's prior attorneys from the state prosecution, conducting legal research about the potential motions, and speaking with Mr. McFadden regularly.  However, the nature and facts of the case, including but not limited to the amount of discovery (including a large quantity of audio/video footage), the lengthy trial transcripts, the breadth and location of the expected investigation, the need to create transcripts for video/audio interviews, the required legal research, the necessary  consultation with Mr. McFadden that are required are such that no amount of diligent work can insure effective assistance of counsel prior to the current trial date as contemplated by the current speedy trial time-frame.  Additionally, as described above, the COVID-19 pandemic has delayed matters.

---

[5] The trial did not proceed in April of 2015 because a mistrial was declared.  Instead, the matter proceeded to trial in July of 2015, more than 30 months after Mr. McFadden's arrest in January of 2013.

58)     Undersigned counsel believes that the requested extension would serve the stated purpose and allow undersigned counsel to be ready to file pretrial motions and to prepare for trial.

WHEREFORE, Mr. McFadden respectfully requests that this Court issue an Order vacating current deadlines and the trial date, excluding an additional five months from the speedy trial calculation, and setting a motions deadline for the beginning of February 2021 and setting the matter for trial in April of 2021.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Timothy P. O'Hara
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  Timothy_OHara@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2020, I electronically filed the foregoing

**DEFENDANT MICHAEL MCFADDEN'S UNOPPOSED FOURTH MOTION
TO VACATE AND RESET TRIAL DATE PURSUANT TO 18 U.S.C. §3161(h)(7)(A)**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jeremy Chaffin
Assistant United States Attorney
Jeremy.Chaffin@usdoj.gov

Andrea Surrat
Assistant United States Attorney
Andrea.Surrat@usdoj.gov

s/ Timothy P. O'Hara
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: Timothy_OHara@fd.org
Attorney for Defendant