IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**MICHAEL TRACY MCFADDEN,**

      **Defendant.**

_____

**UNOPPOSED MOTION TO EXTEND THE DEADLINE FOR FILING A RESPONSE TO THE "GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 414, 404(b), AND 807" [DOC. 39]**
_____

MICHAEL TRACY MCFADDEN, by and through counsel, Timothy P. O'Hara, Assistant Federal Public Defender, hereby requests that the Court extend the deadline for the filing of Objections to the "Government's Notice of Intent to Introduce Evidence Pursuant to Federal Rules of Evidence 414, 404(b), and 807" [Doc. 39] until the motions deadline (February 1, 2021).  The government has no objection to such an extension.

1) On December 2, 2020, the government filed its Notice of Intent to Introduce Evidence Pursuant to Federal Rules of Evidence 414, 404(b), and 807 ("the Notice").  *See* Doc. 39.

2) Pursuant to this Court's Practice Standard's, "[o]bjections to Rule 404(b) Notices shall be filed no later than 7 days[1] after the Rule 404(b) Notice is filed." *See* CMA Crim. Practice Standard 12(g).

3) The government's Notice is 27 pages long and alleged significant, additional criminal conduct by Mr. McFadden, little of which was included in the Indictment. The conduct consisted of supplemental, uncharged, allegations of abuse toward both of the two alleged victims named in the Indictment, J.W. and K.W., but also included allegations of abuse by Mr. McFadden upon seven other children not named in the Indictment. The time-frame covered by the Notice is between 1989 and 2012. The Notice also alleged Mr. McFadden's use of sleep aids and grooming behaviors.

4) The government asserted several avenues of admissibility for this evidence, first suggesting that some or all of the aforementioned conduct is admissible as *res gestae* evidence and then citing several rules of evidence, including Federal Rules of Evidence 404(b), 414, and 807 (the Residual Exception).

5) While the alleged conduct does not come as a surprise considering the discovery materials disclosed by the government, undersigned counsel anticipates filing a lengthy response to the government's Notice, objecting to the admission of this alleged evidence, on grounds relating to, among other things, relevancy, reliability, and prejudice to Mr. McFadden. *See Huddleston v. United States*, 485 U.S. 681 (1988). In *Huddleston*, the Supreme Court expressed a general concern about the danger of this type of highly

---

[1] Undersigned counsel apologizes to the Court and government counsel for inadvertently allowing the Court's seven-day deadline to lapse. Undersigned counsel seeks the Court's leave to file the present document out of time.

prejudicial evidence and indicated that a multi-layered approach must be taken by the

Court to analyze its admissibility:

> the protection against unfair prejudice [of 404(b) type evidence] emanates . . . from four other sources: first from the requirement of Rule 404(b) that the evidence be offered for a proper purpose; second, from the relevancy requirement of Rule 402 – as enforced through Rule 104(b); third from the assessment the trial court must make under Rule 403 to determine whether the probative value of the similar acts evidence is substantially outweighed by its potential for unfair prejudice, and fourth from Federal Rule of Evidence 105, which provides that the trial court shall, upon request instruct the jury that the similar acts evidence is to be considered only for the purpose for which is admitted.

*Id.* at 691-92 (citing *United States v. Ingraham*, 832 F.2d 229, 235 (1st Cir. 1987).

6) Due to the scope and complexity of the government's Notice, as well as the

enormous impact that this evidence would have on the jury's consideration of the conduct

alleged in the Indictment, a thorough and reasoned response, one based on extensive

preparation and research, is required.  Undersigned counsel has begun to prepare a

response on behalf of Mr. McFadden but cannot file an appropriate one within the Court's

deadline.

7) As a result, undersigned counsel requests that the deadline to file Objections to

the government's Notice be extended until the motions deadline, February 1, 2021.

8) Undersigned counsel informed the government of the requested extension and

the government has no objection.

WHEREFORE, undersigned counsel requests that the deadline to object to the

government's Notice be extended until February 1, 2021.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Timothy P. O'Hara
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  timothy_ohara@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2020, I electronically filed the foregoing

**UNOPPOSED MOTION TO EXTEND THE DEADLINE FOR FILING A RESPONSE TO THE "GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 414, 404(b), AND 807" [DOC. 39]**

with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Jeremy Chaffin
Assistant U.S. Attorney
Email:  jeremy.chaffin@usdoj.gov

Andrea Surratt
Assistant U.S. Attorney
Email: andrea.surratt@usdoj.gov

s/ Timothy P. O'Hara
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  timothy_ohara@fd.org
Attorney for Defendant