IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-243-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**MICHAEL TRACY MCFADDEN,**

    **Defendant.**

_____

**DEFENDANT MICHAEL TRACY MCFADDEN'S FIFTH UNOPPOSED MOTION TO VACATE AND RESET TRIAL DATE PURSUANT TO 18 U.S.C. §3161(h)(7)(A)**
_____

    MR. MICHAEL TRACY MCFADDEN (hereinafter Mr. McFadden), by and through counsel, Timothy P. O'Hara, Assistant Federal Public Defender, respectfully moves this Court for an Order vacating current deadlines, including the motions deadline, the deadline to respond to the government's Notice of Intent to Introduce Evidence (Doc. 39)[1] (both currently set for February 1, 2021), the Final Trial Preparation Conference (currently set for March 23, 2021) and the trial date (currently set for April 5, 2021). Undersigned counsel requests that an additional four months (120 days) be excluded from the calculation of time under the Speedy Trial Act (18 U.S.C. §3161) and that the matter be set for trial in August 2021 with a motions deadline in early June 2021. The government does not oppose the present motion.

---

[1] On December 2, 2020, the government filed its Notice of Intent to Introduce Evidence Pursuant to Federal Rules of Evidence 414, 404(b), and 807. *See* Doc. 39. On December 10, undersigned counsel filed an Unopposed Motion to Extend the Deadline for Filing a Response. *See* Doc. 40. The Court granted the Unopposed Motion. *See* Doc. 41.

**I.     Procedural Background**

1) On May 17, 2019, the government filed a five count Indictment against Mr. McFadden alleging that he violated two different sections of the United States Criminal Code, 18 U.S.C. §§ 2241(c) and 2423(a).  *See* Doc. 1.  According to the Indictment, the alleged conduct occurred between 2007 and 2013.  *See id.*

2) On May 21, 2019, Mr. McFadden was arrested in connection with the federal charges.  *See* Doc. 8.

3) On May 22, 2019, Mr. McFadden appeared before the Honorable Magistrate Judge Gordon P. Gallagher for an Initial Appearance.  *See* Doc. 5.  At that time, the Court appointed counsel for Mr. McFadden.  The Court also continued the matter until May 31, 2019, for an Arraignment, Detention Hearing, and Discovery Conference.  *See id.*

4) On May 23, 2019, undersigned counsel filed a Notice of Appearance.  *See* Doc. 4.

5) On May 31, 2019, the parties and Mr. McFadden appeared before Magistrate Judge Gallagher.[2]  *See* Doc. 11.  At that time, Mr. McFadden entered a plea of "Not Guilty" to the charges in the Indictment [Doc. 1].  *See id.*  Also at that hearing, Mr. McFadden was detained.  *See id.*  Magistrate Judge Gallagher set the present matter for a Jury Trial to begin on July 1, 2019.  At undersigned counsel's request the Court set

---

[2] Undersigned counsel appeared by VTC from Denver.

2

June 14, 2019, as the date by which a Motion to Continue the Trial should be filed. *See* Doc. 14 (Court minutes with corrected date).

6) On June 14, 2019, undersigned counsel filed Defendant Michael Tracy McFadden's Unopposed Motion to Vacate and Reset Trial Date Pursuant to 18 U.S.C. §3161(h)(7)(A). *See* Doc. 19.

7) On June 16, 2019, Magistrate Judge Gordon P. Gallagher granted in part and denied in part the defendant's Unopposed Motion to Vacate and Reset Trial Date Pursuant to 18 U.S.C. §3161(h)(7)(A). *See* Doc. 20. At that time, the Court excluded all time between the vacated trial date of July 1, 2019, and the date of January 6, 2020, from the speedy trial calculation. *See id.* The Court also set the deadline for the filing of pretrial motions as November 4, 2019. *See id.*

8) Since the initial Unopposed Motion to Vacate filed in June of 2019, undersigned counsel has filed successive motions to exclude time on August 22, 2019 (Doc. 26)[3], November 4, 2019 (Doc. 28), April 6, 2020 (Doc. 31), and September 8, 2020 (Doc. 37). All of the Motions were either filed jointly with the government or unopposed by the government. All of the Motions were granted without a hearing. *See* Docs. 20, 27, 29, 32, and 38.

9) In the most recent Unopposed Motion (Doc. 37) filed on September 8, 2020, undersigned counsel requested an extension of five months. The Court granted the request, excluding five months from the Speedy Trial calculation and setting new deadlines: for the filing of pretrial motions (February 1, 2021), for the Final Trial

---

[3] This was a Joint Motion for Exclusion of Time Under 18 U.S.C. § 3161(h). *See* Doc. 26.

Preparation Conference (March 23, 2021), and for a two-week long jury trial (to begin on April 5, 2021).  *See* Doc. 38.

## II.   Reasons for the Requested Extension

<u>Discovery Tendered by the Government</u>

10) As described in prior Motions, the discovery in the present case is massive. Leading up to the most recent request for additional time, undersigned counsel had received the following discovery from the government:

> a) 5,388 pages of transcripts,
>
> b) 3,308 pages of police reports (combined between Grand Junction Police Department and Federal Bureau of Investigation),
>
> c) 73 pages of Grand Jury material, and
>
> d) about 58 video recorded interviews, totaling approximately 50 hours of video interview footage.

11) Undersigned counsel also received an extensive file from the Colorado State Public Defender's Office, the office that represented Mr. McFadden in the related state prosecution.

12) On November 19, 2020, undersigned counsel sent a letter to the government requesting 34 items of discovery.  On December 2, 2020, the government responded in writing to the defendant's discovery requests.[4]  In its letter, the government agreed to produce some of the requested information, agreed to investigate other information, and indicated it would not produce some information, because either it was not in the

---

[4] One of the defendant's requests was for a new version of a video interview that had been tendered previously with a 30-minute portion of the interview removed.  Prior to its letter, the government sent a new copy of that interview, including the additional 30 minutes that had not been included in the original version.

4

government's possession, it did not fall under the government's discovery obligations, or the government believed that it was privileged.

13) On December 11, 2020, the parties convened by telephone to discuss the defendant's discovery requests. In a productive meeting, the parties were able to clarify their respective positions as to each discovery request.

14) On January 21, 2021, the government tendered 51 additional pages of discovery and two audio/video files, totaling approximately 35 additional minutes of footage. The government has confirmed that some of the information that was requested by the defendant no longer exists and that other information will not be obtained by the government and will need to be pursued by subpoena.

15) As a result, undersigned counsel believes that some discovery materials remains outstanding. This information must be obtained by subpoena as it is not in the control of the government at this time. Undersigned counsel is in the process of formulating those subpoenas to be able to file them with the Court in the next 30 days.

Ongoing Review of Discovery Materials & Consultation with Mr. McFadden

16) Undersigned counsel's review of the government's discovery materials is nearly complete. Undersigned counsel has reviewed the video/audio interview footage previously disclosed by the government[5] as well as all of the police reports. Undersigned counsel's review of the transcripts is ongoing.

17) The Amended Protective Order [Doc. 34] remains in place. Undersigned counsel has arranged for Mr. McFadden to receive the discovery materials consistent

---

[5] Undersigned counsel has not fully reviewed the audio/video footage recently disclosed by the government.

with the Amended Protective Order, and he continues to review the materials. He has not completed his review of the discovery at this time – partly due to the volume of information and partly due to the inconsistent access that he has been given to view the materials by the staff at Clear Creek County Jail.

18) Undersigned counsel plans to send Mr. McFadden the recently received discovery within the next few days.

19) Undersigned counsel and the investigator assigned to the present case continue to hold regular phone/IPad meetings with Mr. McFadden in order to make sure that he is informed about the status of the case.

Ongoing Investigation

20) As made apparent by the government's Notice of Intent to Introduce Evidence Pursuant to Federal Rules of Evidence 414, 404(b), and 807, the number of witnesses and the amount of information that the government anticipates it will present at trial are both significant. *See* Doc. 39. Therefore, the investigation of this information also must be extensive. And due to the passage of time since the alleged events are said to have occurred, locating witnesses has been a challenge. The investigation is ongoing and will require at least two more months to complete.

21) The witnesses predominately reside in or around the Grand Junction area, and, as the investigation has progressed, it has been determined that some witnesses live out-of-state.

22) Not all witnesses can be reached by telephone. As a result, in-person interviews will be required for those witnesses that cannot be contacted over the phone.

Due to the present circumstances surrounding the coronavirus pandemic, however, the investigation has been restricted to telephone interviews so additional time is required for this purpose.

23) It still is expected that undersigned counsel and an investigator will need to travel at least once to the Grand Junction area in order to conclude the investigation.

Ongoing Consultation with Expert Witnesses

24) Undersigned counsel continues to be in active consultation with more than one expert witness relating to the present case.  Continued consultation with expert witnesses is a necessary part of Mr. McFadden's defense and additional time is needed for this purpose.  One expert requires in-person consultation with Mr. McFadden, something that is not feasible at the present time.

Pretrial Motions

25) As indicated previously, there are numerous pretrial issues that demand attention, particularly relating to:

a) Pre-Indictment Delay,
b) Double Jeopardy,
c) A Motion for Bill of Particulars,
d) Response to FRE 404(b)/414,
e) Motions *in Limine*,
f) Motions to Sever Counts, and
g) The admissibility of oral statements of Mr. McFadden.

The research associated with these legal issues and the drafting of motions is ongoing.

Coronavirus (COVID-19) Pandemic

26) On March 13, 2020, in response to the global pandemic caused by the spread of the coronavirus (COVID-19), the Chief Judge of the United States District

7

Court for the District of Colorado issued an General Order that continued all trials scheduled to commence on or before April 3, 2020, and provided notice to litigants, attorneys, and the public that the Court's judicial officers will endeavor to reschedule hearings or convert hearings to telephonic appearances.  *See* District Court General Order 2020-1.  Through a series of subsequent general orders, the Chief Judge has extended the order delaying all civil and criminal trials through February 26, 2021.  *See* District Court General Orders 2020-3 through District Court General Order 2021-2.

27) The recent pandemic has had a significant impact on undersigned counsel's ability to defend the present case.  Investigation has been restricted to telephone contacts.  Communication with Mr. McFadden has to be conducted by phone or by an IPad at the Clear Creek County Jail, not in-person. Access to Mr. McFadden by an expert has been limited.

28) Also, the trial will require a significant amount of time and a significant number of prospective jurors.  The parties estimated in the Discovery Conference Memorandum that the trial will take at least two weeks.  *See* Doc. 13.  Depending on the number of witnesses that the government is allowed to call from its Notice [Doc. 39], as well as the length of time for jury selection, the parties' estimate may be insufficient.

29) Jury selection is expected to take much longer here than in the average case.  Due to the subject matter alleged, many jurors will find it difficult to serve.  In the prior state prosecution, many potential jurors were removed for cause due to their stated inability to be fair.  The parties have discussed the use of a jury questionnaire in order to streamline this process.  Undersigned counsel has begun the process of

8

preparing a jury questionnaire in hopes that the parties can present a joint questionnaire for the Court's approval.

Speedy Trial Calculation

30) The correct starting date for Speedy Trial purposes is the date of the Initial Appearance, May 22, 2019. See 18 U.S.C. §3161(c)(1). From that date, the original 70-day date was July 20, 2019. See Doc. 13 at p. 8.

31) According to the parties, as of June 28, 2019, 22 days ran on the speedy trial clock and 48 days remained. See Doc. 23 at p. 2. As of August 26, 2019, 36 days ran on the speedy trial clock, leaving 34 days remaining. See Doc. 30 at p. 2.

32) When the Court granted Doc. 31, the Third Unopposed Motion to Vacate, the Court excluded an additional five months from the speedy trial calculation, thus excluding time until November 2, 2020. See Doc. 32.

33) In granting Doc. 37, Defendant Michael Tracy McFadden's Fourth Unopposed Motion to Vacate and Reset the Trial Date Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court excluded an additional five months until April 6, 2021. See Doc. 38.

34) With the exclusion of an additional four months, the new Speedy Trial date would be approximately August 6, 2021.

Consultation

35)     Undersigned counsel contacted the government about the present Motion. The Assistant United States Attorney handling the present matter has no objection to vacating the current dates nor to the requested extension of time.

36) Undersigned counsel advised Mr. McFadden about the requested continuance. Similarly, he has no objection.

## III.  Standard for Continuances

37) Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

38) Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

See 18 U.S.C. §1361(h)(7)(B)(Westlaw 2016). See also, United States v. Toombs, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

39) In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. See United States v. West, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for

continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

40) The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

## IV. Argument

41) This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, undersigned counsel requests that this Court vacate the current trial date and exclude an additional four months from the speedy trial calculation.

42) At this time, undersigned counsel is not requesting a finding of complexity under subsections (h)(7)(B)(ii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. §3161(h)(7)(B)(iv). In the Discovery Conference

11

Memorandum and Order [Doc. 13], the parties did not estimate that the document disclosure would be "extensive," however, the amount of information tendered by the government (8,600 pages of written investigative materials and 50+ hours of audio/video interview footage) could easily qualify as extensive.

43) Undersigned counsel will require an additional four months to complete a review of the discovery materials tendered by the government, consult with Mr. McFadden about those materials and about trial, complete the necessary investigation, research the relevant legal issues, prepare a jury questionnaire and pretrial motions, and respond to the government's request to introduce evidence not directly related to the present charges, and prepare for trial.

44) The failure to grant the requested continuance on behalf of Mr. McFadden would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation as discussed in 18 U.S.C. §3161(h)(7)(B)(i) and (iv). Preparation for trial in the present case will require an enormous expenditure of time and energy for multiple lawyers.

45) Finally, a speedy trial extension of an additional 120 days would not offend the standard set forth by the Tenth Circuit in the *West* decision. By way of comparison with the related state trial, the period between Mr. McFadden's arrest (January of 2013) and the scheduled trial date in Mesa County (April of 2015) was 27.5 months.[6] Even including the extension requested herein, the present matter would proceed to trial in 27 months from the date of Mr. McFadden's federal arrest (May of 2019). Considering that

---

[6] The trial did not proceed in April of 2015 because a mistrial was declared. Instead, the matter proceeded to trial in July of 2015, more than 30 months after Mr. McFadden's arrest in January of 2013.

12

the amount of discovery has nearly doubled in the federal prosecution, the suggested timeline is eminently reasonable.

46)     Thus far, undersigned counsel has diligently pursued the defense of Mr. McFadden's case, by reviewing discovery materials and requesting additional information from the government, reviewing thousands of pages of transcripts, watching/listening to hours of witness interviews, consulting with Mr. McFadden's prior attorneys from the state prosecution, conducting legal research about the potential pretrial motions, speaking with Mr. McFadden regularly, interviewing witnesses, and researching the use of subpoenas to obtain information in the present case.  However, the nature and facts of the case, including but not limited to the amount of discovery (including a large quantity of audio/video footage and lengthy trial transcripts), the breadth and location of the expected investigation, the need to interview upwards of 40+ witnesses, the necessary legal research, the extensive consultation with Mr. McFadden, all of which are required and are such that no amount of diligent work can insure effective assistance of counsel prior to the current trial date as contemplated by the current speedy trial time-frame.  Additionally, as described above, the COVID-19 pandemic has delayed matters.

46)     Undersigned counsel believes that the requested extension would serve the stated purpose and allow undersigned counsel to be ready to file pretrial motions and to prepare for trial within the requested time frame.

WHEREFORE, Mr. McFadden respectfully requests that this Court issue an Order vacating current deadlines and the trial date, excluding an additional four months

from the speedy trial calculation, and setting a motions deadline for the beginning of June 2021 and setting the matter for trial in August of 2021.

                                        Respectfully submitted,

                                        VIRGINIA L. GRADY
                                        Federal Public Defender

                                        *s/ Timothy P. O'Hara*
                                        TIMOTHY P. O'HARA
                                        Assistant Federal Public Defender
                                        633 Seventeenth Street, Suite 1000
                                        Denver, Colorado 80202
                                        Telephone: (303) 294-7002
                                        FAX: (303) 294-1192
                                        Email: Timothy_OHara@fd.org
                                        Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2021, I electronically filed the foregoing

**DEFENDANT MICHAEL TRACY MCFADDEN'S FIFTH UNOPPOSED MOTION TO VACATE AND RESET TRIAL DATE PURSUANT TO 18 U.S.C. §3161(h)(7)(A)**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jeremy Chaffin
Assistant United States Attorney
Jeremy.Chaffin@usdoj.gov

Andrea Surrat
Assistant United States Attorney
Andrea.Surrat@usdoj.gov

*s/ Timothy P. O'Hara*
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  Timothy_OHara@fd.org
Attorney for Defendant