IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

      Plaintiff,

**v.**

**MICHAEL TRACY McFADDEN,**

      **Defendant.**

_____

**DEFENDANT MICHAEL TRACY MCFADDEN'S SIXTH UNOPPOSED
MOTION TO VACATE AND RESET TRIAL DATE PURSUANT TO 18 U.S.C.
§3161(h)(7)(A)**

_____

COMES NOW, Mr. McFadden by and through his attorney Sean M. McDermott,

and moves this Honorable Court to continue the scheduled trial date currently set for, July 26,

2021 extend the deadlines for filing Motions, and to exclude time from the Speedy Trial Act (18

U.S.C. §3161).  As grounds thereof, Mr. McFadden states the following:

<u>Procedural Summary of the Case</u>

1.      On May 17, 2019, the government filed a five count Indictment against Mr.

McFadden alleging that he has violated two sections of the United States Criminal Code, 18

U.S.C. §§ 2241(c) and 2423(a).  ( Document No. 1).

2.      On May 21, 2019, Mr. McFadden was arrested in connection with the federal

charges. (Document No. 8).

3.      On May 22, 2019, Mr. McFadden appeared before the Honorable Magistrate

Judge Gordon P. Gallagher for an Initial Appearance. (Docket No. 5). At that time, the Court

appointed counsel for Mr. McFadden. The Court also continued the matter until May 31, 2019, for an Arraignment, Detention Hearing, and Discovery Conference.

4.      On May 23, 2019, Mr. McFadden's previous counsel entered his appearance. (Document No. 4).

5.      On May 31, 2019, Mr. McFadden appeared before Magistrate Judge Gallagher. (Document No. 11). At that time, Mr. McFadden entered a plea of Not Guilty to the charges in the Indictment. Also at that hearing, the government sought to detain Mr. McFadden. The defense did not contest detention, but the defense did reserve the right to contest Mr. McFadden's detention later. At that time, Magistrate Judge Gallagher set the present matter for a Jury Trial to begin on July 1, 2019. At counsel's request the Court set June 14, 2019, as the date by which a Motion to Continue the Trial should be filed. (Document No. 14) (Court minutes with corrected date).

6.      On June 14, 2019, Mr. McFadden through his counsel filed Document No. 19, Defendant Michael Tracy McFadden's Unopposed Motion to Vacate and Reset Trial Date Pursuant to 18 U.S.C. §3161(h)(7)(A).

7.      On June 16, 2019, Magistrate Judge Gordon P. Gallagher granted in part and denied in part the defendant's Unopposed Motion to Vacate and Reset Trial Date Pursuant to 18 U.S.C. §3161(h)(7)(A).  ( Document No. 20).  At that time, the Court excluded all time between the vacated trial date of July 1, 2019, and the date of January 6, 2020 from the speedy trial calculation. *See id.*  The Court also set the deadline for the filing of pretrial motions as November 4, 2019.

8.      On November 4, 2019, previous counsel filed Doc. 28, Defendant Michael Tracy McFadden's Second Unopposed Motion to Vacate and Reset Trial Date Pursuant to 18 U.S.C. §3161(h)(7)(A).

9.    On November 6, 2019, Magistrate Judge Gallagher granted (Document No. 28), and continued the jury trial until June 1, 2020, setting a motions deadline of April 6, 2020. (See Document No. 29).

10.    On April 6, 2020, Mr. McFadden's prior counsel filed Document No. 31, Defendant Michael McFadden's Third Unopposed Motion to Vacate and Reset Trial Date Pursuant to 18 U.S.C. §3161(h)(7)(A). In the unopposed motion, undersigned counsel requested an additional five months be excluded from the calculation of time under the Speedy TrialAct. (See Doc. 31).

11.    On April 7, 2020, Magistrate Judge Gallagher granted the unopposed motion, resetting the motions deadline until September 8, 2020, and the jury trial until November 2, 2020. (See Doc. 32).

12.    On May 4, 2020, prior counsel for Mr. McFadden moved the Court to expand the protective order. This was done so that Mr. McFadden could review the discovery in the case during times when counsel or an agent of counsel were unable to be present. (Document No. 33). This Motion was granted on May 6, 2020. (Document No. 34).

13.    On September 8, 2020 Mr. McFadden's attorney filed his Fourth Unopposed Motion to Vacate and Reset Trial Date Pursuant to 18 U.S.C. §3161(h)(7)(A) (Document No. 37).  This Motion was granted on September 9, 2020. (Document No. 38).

14.    On February 1, 2021, Mr. McFadden through his counsel filed his Fifth Unopposed Motion to Vacate and Reset Trial Date Pursuant to 18 U.S.C. §3161(h)(7)(A) (Document No. 42). This was granted on February 2, 2021. (Document No. 43)

15.    On February 7, 2021, Mr. McFadden's attorney filed a Motion to Withdraw as counsel (Document No. 44). On February 9, 2021, this Motion was granted. Document No. 45).

16.    On February 15, 2021 undersigned counsel entered his appearance. (Document No.

45).

Outside of the Court's Procedure

17.    Previous counsel made a very good record regarding the amount of discovery in this case.  (See Document No. 37 ¶ 14 -15; Document No. 42 ¶ 10 - 15). This record encapsulates the extensive discovery in this case.  It includes 5,335 pages of transcripts, 3,308 pages of police reports, approximately 50 hours of video interview footage, and an extensive file from the office of the Colorado State Public Defender. Document 42 also addresses discovery that remains outstanding.

18.     Previous counsel was having regular meetings with Mr. McFadden via phone to consult about the case. Previous counsel had been having Mr. McFadden review the discovery in the case, after the protective order was expanded. (See Document No. 37 ¶ 21; Document No. 42 ¶ 17- 19).

19.    Mr. McFadden lost access to the discovery. After undersigned counsel was appointed to the case, Mr. McFadden was moved from the Clear Creek County Detention Facility to the facility in Washington County. His discovery did not accompany the trip. Related to this move was another circumstance that has slowed things down for Mr. McFadden's defense. Undersigned counsel had sent a release regarding attorney-client privilege for Mr. McFadden to sign. The reason for the release was so that Mr. McFadden could have his file released from the Public Defender to undersigned counsel. However, the release was delayed because when it arrived in Clear Creek County, Mr. McFadden was no longer there. The release was subsequently re-sent to Washington County. Once the release was received it was immediately sent to the Office of the Federal Public Defender on April 13, 2021. The Federal Public Defender processed the release and organized the materials so that the materials would be

4

intelligible to someone from outside of that office. The material was electronically delivered to undersigned on April 22, 2021. This file includes some of the investigation that has been done in this case. Despite best efforts by undersigned and previous counsel, undersigned counsel has had this material for just over four weeks.

20.     The previous legal team had two lawyers assigned to Mr. McFadden's case. (See Document No. 37 ¶ 22). The United States has two lawyers assigned to the case. This case has a lot of material and the potential consequences are serious.  In addition to two lawyers preparing for trial, the previous legal team also had an appellate lawyer assigned to the case, to assist with pre-trial motions. (See Document No. 37 ¶38).

Speedy Trial Calculation

21.   Previous counsel calculated the speedy trial date in the Fifth Unopposed Motion to Continue (Document No. 42, ¶¶ 30 – 34)

22.     The correct starting date for Speedy Trial purposes is the date of the Initial Appearance, May 22, 2019. *See* 18 U.S.C. §3161(c)(1). From that date, the original 70-day date was July 20, 2019. (See Document No. 13 at p. 8).

23.   According to the parties, as of June 28, 2019, 22 days ran on the speedy trial clock and 48 days remained. *See* Doc. 23 at p. 2. As of August 26, 2019, 36 days ran on the speedy trial clock, leaving 34 days remaining. (See Document No. 30 at p. 2).

24.     When the Court granted Doc. 31, the Third Unopposed Motion to Vacate, the Court excluded an additional five months from the speedy trial calculation, thus excluding time until November 2, 2020. (See Document No. 32).

25.    In granting Document No. 37, Defendant Michael Tracy McFadden's Fourth Unopposed Motion to Vacate and Reset the Trial Date Pursuant to 18 U.S.C. § 3161(h)(7)(A),

5

the Court excluded an additional five months until April 6, 2021. (See Doc. 38).

26.   On February 1, 2021, Mr. McFadden through his previous counsel filed his Fifth Unopposed Motion to Vacate and Reset the Trial Date Pursuant to 18 U.S.C. § 3161(h)(7)(A). (Doc. 42). The speedy trial calculation was done, and the proposed new speedy trial date was set to run on approximately August 6, 2021 (Document No. 42, ¶ 34).

27.   To have enough time to properly investigate this case, and to minimize or obviate the need to request more continuances, and to avoid scheduling conflicts with two major trials that undersigned counsel has scheduled to commence on February 27, 2022 in Denver District Court, and March 28, 2022 in the United States District Court of Colorado, Courtroom A801; counsel for Mr. McFadden is requesting an additional 280 days be excluded from the speedy trial clock. This would put speedy trial at May 13, 2022.

## Conferral

28.   Undersigned counsel contacted the government about the present Motion. The Assistant United States Attorney handling the present matter has no objection to vacating the current dates nor to the requested extension of time.

## Legal Standard For Continuances

29.   Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

30.   Pertinent factors that apply to an "ends of justice" finding in the present case include:

6

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.

. . . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B). *See also*, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

31.　　In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

32.　　The decision to grant an "ends of justice" continuance is within the sound discretion of the Court and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate

preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

Argument

33.     This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, undersigned counsel requests that this Court vacate the current trial date and exclude additional time from the speedy trial calculation. At this time, undersigned counsel is not requesting a finding of complexity under subsections (h)(7)(B)(ii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. §3161(h)(7)(B)(iv). The amount of information tendered by the government (8,600 pages of written investigative materials and 50+ hours of audio/video interview footage) is extensive. Furthermore, novel questions of law will be addressed, as the United States has filed extensive Motions regarding FRE 404(b), the timing of the indictment, subpoenas regarding possible privileged information may be necessary. Essentially, this is a complex case, except for the fact there is only one defendant. See 18 U.S.C. § 3161(h)(7)(B(ii).

34.     Mr. McFadden is in Washington County which is in Eastern Colorado. The investigation to be completed in the case is on the Western Slope of Colorado.

35.     The failure to grant the requested continuance on behalf of Mr. McFadden would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation as discussed in 18 U.S.C. §3161(h)(7)(B)(i) and (iv). Preparation for trial in the present case will require an enormous expenditure of time and energy.

36.     Finally, a speedy trial extension of an additional 280 days would not offend the standard set forth by the Tenth Circuit in the West decision. By way of comparison with the related state trial, the period between Mr. McFadden's arrest (January of 2013) and the scheduled trial date in Mesa County (April of 2015) was 27.5 months but the case did not get tried until July 2015, about 30 months after Mr. McFadden's arrest. Undersigned counsel proposes that this case get to trial in just over a year after undersigned was appointed. As previous counsel pointed out the discovery in the Federal Case has nearly doubled. Additionally, the attorneys in the state case were geographically close to the places and witnesses that needed to be contacted.

37.     Undersigned counsel is reviewing the case materials, he has conferred with previous counsel, and he has obtained a release from Mr. McFadden so that undersigned can use some of the work that prior counsel has done. This has been slowed somewhat because of the change in Mr. McFadden's location of incarceration. This is not counsel's doing. Counsel scheduled an in-person meeting with Mr. McFadden as soon as he was able and as soon as COVID restrictions began to ease.

38.     Undersigned counsel believes that the requested extension would serve the stated purpose and allow undersigned counsel to be ready to file pretrial motions and to prepare for trial within the requested time frame.

WHEREFORE, Mr. McFadden respectfully requests that this Court issue an Order to vacate current deadlines and the trial date, excluding 280 days from the speedy trial calculation, and setting a motions deadline for the beginning of December 2021 and setting the matter for trial in May of 2022.

Respectfully submitted,

s/Sean M. McDermott

Sean M. McDermott
McDermott Stuart & Ward LLP
140 E. 19th Avenue, Suite 300
Denver, CO 80203
(303) 832-8888
(303) 863-8888 (fax)
Email: smcdermott@mswdenver.com

**CERTIFICATE OF SERVICE**

        I hereby certify that on this 26th day of May 2021, I filed the foregoing **pleading** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

s/ Sean McDermott
   Sean McDermott