IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**MICHAEL TRACY McFADDEN,**

      **Defendant.**

---

### UNOPPOSED MOTION FOR LEAVE TO FILE MOTIONS OUT OF TIME

---

COMES NOW, Mr. McFadden by and through his attorney Sean M. McDermott, and moves this Honorable Court for leave to file Motions out Time. As grounds, Mr. McFadden states the following:

<u>Conferral</u>

1.    On December 13, 2021, undersigned counsel contacted the government about the present Motion. The Assistant United States Attorney handling the present matter has no objection to the requested relief. Assistant United States Attorney Jeremy Chaffin did request that undersigned request in this Motion that the United States have through January 26, 2022, to respond to the defense motions. Undersigned Counsel appreciates the courtesy extended by opposing Counsel.

<u>Basis For the Motion</u>

2.    After undersigned Counsel was appointed to this case, and after analyzing the breadth and seriousness of this case, on May 26, 2021, Mr. McFadden through counsel filed *Defendant Michael Tracy McFadden's Sixth Unopposed Motion to Vacate and Reset Trial Date*

*Pursuant to 18 U.S.C. §3161(h)(7)(A)*. (Doc. No. 47).

3.    The Court granted this Motion and issued the Court's *Order to Exclude Time From Speedy Trial Act and Continue Trial Dates* (Doc. No. 48). In this order the Court stated "that pretrial motions are due by **December 6, 2021**. Responses due by **December 20, 2021**…" (Doc. No. 48, page 2).

4.    Undersigned Counsel erroneously believed that Motions were due on December 15, 2021. On December 13, 2021, undersigned re-read the Court's order and realized his mistake. After realizing this mistake, undersigned counsel conferred via Electronic Mail with Assistant United States Attorney, Jeremy Chaffin. Due to another deadline, undersigned counsel did not file this Motion immediately after conferring with Mr. Chaffin.

5.    Undersigned Counsel apologizes for any inconvenience to the Court or the United States, caused by undersigned's oversight.  Being mindful of Mr. McFadden's situation and the stress that this case naturally brings him, undersigned counsel apologizes to him as well.

<u>Legal Standard</u>

6.    The determination of whether a party's neglect of a deadline is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include the danger of prejudice to the party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993).

Although the above cited case is not a criminal case, the standard should be applied. Additionally, Mr. McFadden has the Sixth Amendment right to effective assistance of counsel. Through no fault of his, if the Court does not grant this Motion, Mr. McFadden will be

prejudiced and denied his right to effective assistance of counsel. *See Buck v. Davis*, 137 S. Ct. 759, 775 (2017).

7.      In Mr. McFadden's case and as explained to the United States in a responsive conferral, undersigned counsel made a mistake. He was working heavily on an unrelated civil case that is complex and that has significant consequences to the litigants. Undersigned counsel had imminent deadlines on that case, which were not predictable at the beginning of that case, because they were dependent on when other parties filed their pleadings. Counsel believed that he had until December 15, 2021, to file Motions in this case. While the control and knowledge of that deadline was within counsel's control, counsel made a mistake. To compound matters, undersigned counsel had a problem with the digital file in this case which was corrupted. As of this writing, undersigned counsel is checking to make sure that the file has been fully restored. However, counsel is filing this Motion today, so that the proceedings in this case are not delayed. Counsel and Mr. McFadden have not acted in bad faith. If Mr. McFadden is not permitted to file Motions in his case, he will be prejudiced and denied his Sixth Amendment Right to Effective Assistance of Counsel.

WHEREFORE, Mr. McFadden respectfully requests that this Court issue an Order to permit the defense to file pretrial through Wednesday, December 22, 2021. and for the United States to have through January 26, 2021.


Respectfully submitted,

s/Sean M. McDermott
  Sean M. McDermott
  McDermott Stuart & Ward LLP
  140 E. 19th Avenue, Suite 300
  Denver, CO 80203
  (303) 832-8888
  (303) 863-8888 (fax)

Email: smcdermott@mswdenver.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 15th day of December 2021, I filed the foregoing **pleading** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

      s/ Sean McDermott
        Sean McDermott