IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL TRACY McFADDEN,

    **Defendant.**

___

**DEFENDANT MICHAEL TRACY MCFADDEN'S EIGHTH AND UNOPPOSED MOTION TO VACATE AND RESET TRIAL DATE PURSUANT TO 18 U.S.C. §3161(h)(7)(A)**

___

COMES NOW, Mr. McFadden by and through his attorney Sean M. McDermott, and moves this Honorable Court to continue the scheduled trial date currently set for, May 2, 2022, and to exclude time from the Speedy Trial Act (18 U.S.C. §3161). The primary ground for this is that undersigned counsel, is scheduled to have surgery on March 11, 2022. The recovery time is estimated at eight weeks. Undersigned Counsel regretfully but not voluntarily is medical unable to prepare for and conduct this trial. Undersigned counsel has conferred with Assistant United States Attorney Jeremy Chaffin. The United States does not oppose this request. The parties are requesting that the trial be re-set in October 2022. This is not an unduly lengthy delay, and it gives time for defense counsel to prepare following surgery, and it gives the United States time to prepare following its scheduled trial captioned *United States v. Hess, 20-cr-00098-CMA-GPG*. As further grounds thereof, Mr. McFadden states the following:

Procedural Summary of the Case

1.    On May 17, 2019, the government filed a five count Indictment against Mr.

McFadden alleging that he has violated two sections of the United States Criminal Code 18 U.S.C. §§ 2241(c) and 2423(a).  ( Document No. 1).

2.	On May 21, 2019, Mr. McFadden was arrested in connection with the federal charges. (Document No. 8).

3.	On May 22, 2019, Mr. McFadden appeared before the Honorable Magistrate Judge Gordon P. Gallagher for an Initial Appearance. (Docket No. 5). At that time, the Court appointed counsel for Mr. McFadden. The Court also continued the matter until May 31, 2019, for an Arraignment, Detention Hearing, and Discovery Conference.

4.	On May 23, 2019, Mr. McFadden's previous counsel entered his appearance. (Document No. 4).

5.	On May 31, 2019, Mr. McFadden appeared before Magistrate Judge Gallagher. (Document No. 11). At that time, Mr. McFadden entered a plea of Not Guilty to the charges in the Indictment. Also at that hearing, the government sought to detain Mr. McFadden. The defense did not contest detention, but the defense did reserve the right to contest Mr. McFadden's detention later. At that time, Magistrate Judge Gallagher set the present matter for a Jury Trial to begin on July 1, 2019. At counsel's request the Court set June 14, 2019, as the date by which a Motion to Continue the Trial should be filed. (Document No. 14) (Court minutes with corrected date).

6.	On June 14, 2019, Mr. McFadden through his counsel filed Document No. 19, Defendant Michael Tracy McFadden's Unopposed Motion to Vacate and Reset Trial Date Pursuant to 18 U.S.C. §3161(h)(7)(A).

7.	On June 16, 2019, Magistrate Judge Gordon P. Gallagher granted in part and denied in part the defendant's Unopposed Motion to Vacate and Reset Trial Date Pursuant to 18 U.S.C. §3161(h)(7)(A).  ( Document No. 20).  At that time, the Court excluded all time between

the vacated trial date of July 1, 2019, and the date of January 6, 2020 from the speedy trial calculation. *See id.* The Court also set the deadline for the filing of pretrial motions as November 4, 2019.

8. On November 4, 2019, previous counsel filed Doc. 28, Defendant Michael Tracy McFadden's Second Unopposed Motion to Vacate and Reset Trial Date Pursuant to 18 U.S.C. §3161(h)(7)(A).

9. On November 6, 2019, Magistrate Judge Gallagher granted (Document No. 28), and continued the jury trial until June 1, 2020, setting a motions deadline of April 6, 2020. (See Document No. 29).

10. On April 6, 2020, Mr. McFadden's prior counsel filed Document No. 31, Defendant Michael McFadden's Third Unopposed Motion to Vacate and Reset Trial Date Pursuant to 18 U.S.C. §3161(h)(7)(A). In the unopposed motion, undersigned counsel requested an additional five months be excluded from the calculation of time under the Speedy TrialAct. (See Doc. 31).

11. On April 7, 2020, Magistrate Judge Gallagher granted the unopposed motion, resetting the motions deadline until September 8, 2020, and the jury trial until November 2, 2020. (See Doc. 32).

12. On May 4, 2020, prior counsel for Mr. McFadden moved the Court to expand the protective order. This was done so that Mr. McFadden could review the discovery in the case during times when counsel or an agent of counsel were unable to be present. (Document No. 33). This Motion was granted on May 6, 2020. (Document No. 34).

13. On September 8, 2020 Mr. McFadden's attorney filed his Fourth Unopposed Motion to Vacate and Reset Trial Date Pursuant to 18 U.S.C. §3161(h)(7)(A) (Document No. 37). This Motion was granted on September 9, 2020. (Document No. 38).

14. On February 1, 2021, Mr. McFadden through his counsel filed his Fifth Unopposed Motion to Vacate and Reset Trial Date Pursuant to 18 U.S.C. §3161(h)(7)(A) (Document No. 42). This was granted on February 2, 2021. (Document No. 43).

15. On February 7, 2021, Mr. McFadden's attorney filed a Motion to Withdraw as counsel (Document No. 44). On February 9, 2021, this Motion was granted. Document No. 45).

16. On February 15, 2021 undersigned counsel entered his appearance. (Document No. 45).

17. On May 26, 2021, after counsel reviewed the case, Mr. McFadden move this Court to Continue the trial and to reset the deadlines. (*See Defendant Michael Tracy McFadden's Sixth Unopposed Motion to Vacate and Reset Trial Date Pursuant to 18 U.S.C. §3161(h)(7)(A)* (Document No. 47).

18. This Motion was granted, and the Court the Court rescheduled the trial to May 2, 2021, and the Court set a Motions Deadline of December 6, 2021. (Doc. No. 48).

19. On December 15, 2021, Mr. McFadden's counsel filed his *Unopposed Motion for Leave to File Motions Outside of Time*. (Doc. No. 49) The Court granted this request. (Doc. No. 50).

20. In Mr. McFadden's *Unopposed Motion for Leave to File Motions Outside of Time*. (Doc. No. 49), Mr. McFadden's counsel cited another case that has taken up tremendous resources and cited that as a reason for making the mistake of not filing Motions by December 6, 2021. That case has continued to take tremendous time and resources. The case is *Cuevas v. Public Service Company of Colorado dba Xcel Energy, et., al*. The case is in the district court of Denver Colorado. The case number is 2019CV34285. It was set for trial to commence on February 7, 2022. The case is not a routine case as the Plaintiff became paraplegic as the result of suffering a high voltage

4

electric shock which caused him to fall from a stepladder and which resulted in a spinal cord injury. This matter was set for a discovery dispute hearing on December 22, 2021. Currently, one party has settled and Motions requesting that the Court Reconsider its Rulings regarding Summary Judgment in favor of two Defendants are pending. The February 7, 2022, trial has been vacated.

21. Deadlines in that case were coming to a head, when undersigned counsel mistakenly thought the Motions deadline in this case was December 15, 2021.

22. In late November, undersigned counsel also received a medical diagnosis which is discussed below.

<u>Outside of the Court's Procedure</u>

23. At the time of the diagnosis, undersigned counsel scheduled a surgery for March 11, 2022. Counsel spent early December looking into seeing if there were options for an earlier surgery. On December 16, 2021undesigned counsel had a consultation with the doctors that will perform the surgery. While the overall healing time is longer, undersigned was advised that he will not be able to be in front of a jury for eight weeks after the March 11, 2022, surgery. This conflicts with the scheduled trial date as trial is scheduled for May 2, 2022. Not only does the recovery time from the surgery conflict with the trial but it is not compatible with preparation for trial.

24. The work involved in the case alluded to in ¶ 20-21 has also been greater than anticipated, so undersigned counsel can and will use any additional time that this Court gives to diligently represent Mr. McFadden and prepare for his trial.

25. Because of the circumstances cited in this Motion and for some other reasons that are not mentioned, undersigned needs additional time to prepare the Trial for Mr. McFadden.

26. Undersigned counsel's prognosis is good. Barring something that is unforeseen, undersigned counsel will be fine but needs time to heal following the March 11, 2022, surgery.

27. Mr. McFadden is aware of the circumstances mentioned in this Motion.

28. Previous counsel made a very good record regarding the amount of discovery in this case. (See Document No. 37 ¶ 14 -15; Document No. 42 ¶ 10 - 15). This record encapsulates the extensive discovery in this case. It includes 5,335 pages of transcripts, 3,308 pages of police reports, approximately 50 hours of video interview footage, and an extensive file from the office of the Colorado State Public Defender. Document 42 also addresses discovery that remains outstanding.

29. Previous counsel was having regular meetings with Mr. McFadden via phone to consult about the case. Previous counsel had been having Mr. McFadden review the discovery in the case, after the protective order was expanded. (See Document No. 37 ¶ 21; Document No. 42 ¶ 17- 19).

30. Mr. McFadden lost access to the discovery. After undersigned counsel was appointed to the case, Mr. McFadden was moved from the Clear Creek County Detention Facility to the facility in Washington County. His discovery did not accompany the trip. Related to this move was another circumstance that has slowed things down for Mr. McFadden's defense. Undersigned counsel had sent a release regarding attorney-client privilege for Mr. McFadden to sign. The reason for the release was so that Mr. McFadden could have his file released from the Public Defender to undersigned counsel. However, the release was delayed because when it arrived in Clear Creek County, Mr. McFadden was no longer there. The release was subsequently re-sent to Washington County. Once the release was received it was immediately sent to the Office of the Federal Public Defender on April 13, 2021. The Federal Public Defender processed the release and organized the materials so that the materials would be intelligible to someone from outside of that office. The material was electronically delivered to

undersigned on April 22, 2021. This file includes some of the investigation that has been done in this case. Despite best efforts by undersigned and previous counsel, undersigned counsel has had this material for just over four weeks.

31. The previous legal team had two lawyers assigned to Mr. McFadden's case. (See Document No. 37 ¶ 22). The United States has two lawyers assigned to the case. This case has a lot of material and the potential consequences are serious. In addition to two lawyers preparing for trial, the previous legal team also had an appellate lawyer assigned to the case, to assist with pre-trial motions. (See Document No. 37 ¶38).

32. The Washington County Jail is two hours away from undersigned counsel's office. Undersigned counsel had been utilizing confidential phone calls to prepare the trial with Mr. McFadden.

33. The Washington County Jail recently discontinued these confidential phone calls. Homewav, which is an internet virtual video method of communication is the only way for counsel to communicate with Mr. McFadden. Counsel had been advised to set up a Homewav appointment with Mr. McFadden during lockdown to ensure privacy.

34. On January 31, 2022, undersigned counsel had a scheduled visit with Mr. McFadden during lockdown. There was no confidentiality. Another inmate was mopping behind Mr. McFadden.

35. Therefore, the only way for undersigned counsel to have meaningful attorney-client communications, is to travel to Washington County for in-person visits.

36. Undersigned counsel intends to limit his caseload to accomplish this, but this does take additional time.

Speedy Trial Calculation

37. Previous counsel calculated the speedy trial date in the Fifth Unopposed Motion to Continue (Document No. 42, ¶¶ 30 – 34).

38. The correct starting date for Speedy Trial purposes is the date of the Initial Appearance, May 22, 2019. *See* 18 U.S.C. §3161(c)(1). From that date, the original 70-day date was July 20, 2019. (See Document No. 13 at p. 8).

39. According to the parties, as of June 28, 2019, 22 days ran on the speedy trial clock and 48 days remained. *See* Doc. 23 at p. 2. As of August 26, 2019, 36 days ran on the speedy trial clock, leaving 34 days remaining. (See Document No. 30 at p. 2).

40. When the Court granted Doc. 31, the Third Unopposed Motion to Vacate, the Court excluded an additional five months from the speedy trial calculation, thus excluding time until November 2, 2020. (See Document No. 32).

41. In granting Document No. 37, Defendant Michael Tracy McFadden's Fourth Unopposed Motion to Vacate and Reset the Trial Date Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court excluded an additional five months until April 6, 2021. (See Doc. 38).

42. On February 1, 2021, Mr. McFadden through his previous counsel filed his Fifth Unopposed Motion to Vacate and Reset the Trial Date Pursuant to 18 U.S.C. § 3161(h)(7)(A). (Doc. 42). The speedy trial calculation was done, and the proposed new speedy trial date was set to run on approximately August 6, 2021 (Document No. 42, ¶ 34).

43. To have enough time to properly investigate this case, and to minimize or obviate the need to request more continuances, and to avoid scheduling conflicts with two major trials that undersigned counsel had scheduled to commence on February 7, 2022, in Denver District Court, and March 28, 2022, in the United States District Court of Colorado, Courtroom A801;

8

present counsel for Mr. McFadden requested an additional 280 days be excluded from the speedy trial clock. (Document No. 46). On May 27, 2021, this Honorable Court excluded 280 days from the speedy trial clock, reset the trial date to May 2, 2022. Motions were ordered to be filed by December 6, 2021. (Doc. No. 48). Speedy trial expires on approximately May 13, 2022.

44. Undersigned counsel then requested to file Motions out of time. (Doc. No. 49). This request was granted. (Doc. No. 50).

45. Following this Mr. McFadden's counsel filed *Defendant Michael Tracy McFadden's Supplement to Motion For An Extension of Time and Seventh Motion to Vacate and Reset Trial Date Pursuant to 18 U.S.C. §3161(h)(7)(A)*. (Doc. No. 51 Counsel filed an *Errata* (Doc. No. 52) and a second *Errata* (Doc. No. 53). The Court granted the Motion in part and denied the Motion in part. In pertinent part the Court ordered that the Motions deadline set for 1/5/2022 is VACATED and RESET to 3/21/2022. The Responses deadline set for 1/27/2022 is VACATED and RESET to 4/4/2022. The trial date was not continued and nor was the pre-trial conference.

## Conferral

46. Undersigned counsel contacted the government about the present Motion. The Assistant United States Attorney handling the present matter has no objection to vacating the current dates nor to the requested extension of time. The parties discussed the reason for the requested relief and their respective schedules. The United States requested that if the trial date is rescheduled that it be rescheduled to an October setting.

## Legal Standard For Continuances

47. Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a

speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

48. Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
> . . . .
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B). *See also*, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

49. In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

50. The decision to grant an "ends of justice" continuance is within the sound discretion of the Court and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435

10

(10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

Argument

51. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, undersigned counsel requests that this Court vacate the current trial date and exclude additional time from the speedy trial calculation. At this time, undersigned counsel is not requesting a finding of complexity under subsections (h)(7)(B)(ii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. §3161(h)(7)(B)(iv). The amount of information tendered by the government (8,600 pages of written investigative materials and 50+ hours of audio/video interview footage) is extensive. Furthermore, novel questions of law will be addressed, as the United States has filed extensive Motions regarding FRE 404(b), the timing of the indictment, subpoenas regarding possible privileged information may be necessary. Essentially, this is a complex case, except for the fact there is only one defendant. See 18 U.S.C. § 3161(h)(7)(B(ii).

52. Mr. McFadden is in Washington County which is in Eastern Colorado. The investigation to be completed in the case is on the Western Slope of Colorado.

53. The failure to grant the requested continuance on behalf of Mr. McFadden would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time

necessary for effective preparation as discussed in 18 U.S.C. §3161(h)(7)(B)(i) and (iv). Preparation for trial in the present case will require an enormous expenditure of time and energy.

54. Undersigned counsel is medically unable to conduct a trial on the scheduled date.

55. Furthermore, because of the continuing COVID-19 pandemic, it is currently uncertain whether the currently scheduled trial will be held in Grand Junction or Denver. This makes it difficult for both parties to secure and subpoena witnesses.

56. Finally, a speedy trial extension of an additional 172 days would not offend the standard set forth by the Tenth Circuit in the West decision. As previous counsel pointed out the discovery in the Federal Case has nearly doubled. Additionally, the attorneys in the state case were geographically close to the places and witnesses that needed to be contacted. The primary reason for the request of this continuance is counsel's health issue and need to recover from surgery.

57. Undersigned counsel is reviewing the case materials, he previously conferred with previous counsel, and he has obtained a release from Mr. McFadden so that undersigned can use some of the work that prior counsel has done. This was slowed somewhat because of the change in Mr. McFadden's location of incarceration. This is not counsel's doing. Counsel scheduled an in-person meeting with Mr. McFadden as soon as he was able and as soon as COVID restrictions began to ease.

58. Undersigned counsel believes that the requested extension would serve the stated purpose and allow undersigned counsel to be ready to file pretrial motions and to prepare for trial within the requested time frame. An exclusion of 172 days from the speedy trial clock would put speedy trial as expiring on November 1, 2022.

WHEREFORE, Mr. McFadden respectfully requests that this Court issue an Order to vacate current deadlines and the trial date, excluding 172 days from the speedy trial calculation, and setting the matter for trial in October of 2022.

Respectfully submitted,

<u>s/Sean M. McDermott</u>
   Sean M. McDermott
   McDermott Stuart & Ward LLP
   140 E. 19th Avenue, Suite 300
   Denver, CO 80203
   (303) 832-8888
   (303) 863-8888 (fax)
   Email: smcdermott@mswdenver.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of February 2022, I filed the foregoing **pleading** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

s/ Sean McDermott
    Sean McDermott