IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**MICHAEL TRACY McFADDEN,**

    **Defendant.**

---

## MOTION FOR A BILL OF PARTICULARS
---

    Mr. McFadden by and through his attorney Sean M. McDermott, moves this Honorable Court to order a bill of particulars with respect to Count 5. As grounds therof:

    1.    Mr. McFadden is charged with two counts of crossing state lines with intent to engage in a sexual act with a minor under 12 years of age, and three counts of transportation of a person over state lines with the intent to engage in a sexual act that is a crime.

    2.    Counts one and two span the dates of December 25, 2012, through January 3, 2013. Counts three and four include the dates of December 1, 2010, through January 1, 2011. Count Five includes January 1, 2007, through January 3, 2013.

    3.    Count Five spans a six-year period of time. Without more specificity, Mr. McFadden cannot defend this charge.

    4.    The scope of a motion for a bill of particulars is limited. The purpose of a bill of particulars is not to evaluate the prosecution's case, *United States v. Rogers*, 617 F. Supp. 1024 (D.Colo., 1985), but of a significantly more limited scope and purpose. It is to inform the defendant of "the charge" with sufficient precision to allow him to prepare a defense. *United*

*States v. Ivy*, 83 F.3d 1266 (10th Cir., 1996); *United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir., 1992); *United States v. Radetsky*, 535 F.2d 556 (10th Cir., 1976). It has as a purpose the minimization of surprise as to the substantive facts of the charges, not the evidentiary basis of the charge. See *Wong Tai v. United States*, 273 U.S. 77, 71 L. Ed. 545, 47 S. Ct. 300 (1927); *United States v. Hopkins*, 716 F.2d 739, 745 (10th Cir., 1982); *United States v. Garrett*, 797 F.2d 656 (8th Cir., 1986). The whole of the indictment is to be considered as to the defendants' needs. *Hopkins; United States v. Crummer*, 151 F.2d 958, 962 (C.C.A. 10, 1945). The bill of particulars can be helpful to a defendant, but its essential purpose is to inform the defendant of the charge. *Ivy*, supra; *United States v. Stoner*, 98 F.3d 527, 537 (10th Cir., 1996). If an indictment sets forth the "elements" of the offense charged and apprizes the defendant of the charges sufficient to enable him to prepare for trial, the court may deny a bill of particulars. *Levine*, supra; *United States v. Higgins*, 2 F.3d 1094, 1096 (10th Cir., 1993).

5. The matter of a bill of particulars is within the discretion of the court, whether to grant the bill or to allow it in any part *Will v. United States*, 389 U.S. 90, 19 L. Ed. 2d 305, 88 S. Ct. 269 (1967).

6. In this case, the Court should use its discretion to order a bill of particulars with respect to count 5, so that the defendant can defend himself against this count.

Wherefore, Mr. McFadden respectfully requests that this Court order a bill of particulars with respect to Count 5.

Respectfully submitted,

s/Sean M. McDermott
   Sean M. McDermott
   McDermott Stuart & Ward LLP
   140 E. 19th Avenue, Suite 300
   Denver, CO 80203
   (303) 832-8888
   (303) 863-8888 (fax)
   Email: smcdermott@mswdenver.com

## CERTIFICATE OF SERVICE

     I hereby certify that on this 13th day of September 2022, I filed the foregoing **pleading** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

   s/ Sean McDermott
     Sean McDermott