IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL TRACY McFADDEN,

    **Defendant.**

---

### MOTION TO DISMISS DUE TO PREINDICTMENT DELAY
---

    Mr. McFadden by and through his attorney Sean M. McDermott, moves this Honorable Court to find that exculpatory evidence was lost due to preindictment delay and to therefore dismiss this matter:

    1.    Mr. McFadden is charged with two counts of crossing state lines with intent to engage in a sexual act with a minor under 12 years of age, and three counts of transportation of a person over state lines with the intent to engage in a sexual act that is a crime.

    2.    Counts one and two span the dates of December 25, 2012 through January 3, 2013. Counts three and four include the dates of December 1, 2010 through January 1, 2011. Count Five includes January 1, 2007, through January 3, 2013. The indictment was filed on May 17, 2019.

    3.    The indictment was filed after Mr. McFadden was tried in the state of Colorado for the same conduct. His conviction was reversed. The Federal Government then decided to charge Mr. McFadden with Counts One through Five.

4. Because of the delay Mr. McFadden cannot obtain evidence including but not limited to business records that show the length of his travels outside of the state of Colorado. This information could provide a timeline surrounding the allegations and show the unlikeliness of him having the opportunity to commit the alleged acts.

5. More importantly, during the delay, a person who was present in the same household and who could refute much of the prosecution's case, John Fox, passed away.

6. At trial, the Court will see that the delay has placed Mr. McFadden at a disadvantage.

7. The Due Process Clause warrants dismissal of indictments for preindictment delay only in exceptional circumstances." *United States v. Comosona*, 848 F.2d 1110, 1113 (10th Cir. 1988). Instead, "statutes of limitations, which provide predictable, legislatively enacted limits on prosecutorial delay, provide the primary guarantee against bringing overly stale criminal charges." *United States v. Lovasco*, 431 U.S. 783, 789, 97 S. Ct. 2044, 52 L. Ed. 2d 752 (1977) (citations and internal quotation marks omitted).

8. To determine whether pre-indictment delay rises to the extraordinary level warranting dismissal with prejudice, a defendant must plead and prove by a preponderance of the evidence: (1) that the delay caused actual and substantial prejudice to the defendant; and (2) that the government delayed intentionally to gain a tactical advantage. *Lovasco*, 431 U.S. at 789; *Johnson*, 120 F.3d at 1110. With respect to the second prong, the government's delay must be purposefully designed to gain a tactical advantage or to harass the defendant. *United States v. Beitscher*, 467 F.2d 269, 272 (10th Cir. 1972). Although the Court applies a shifting burden of production, the defendant has the ultimate burden of proof. *United States v. Comosona*, 614 F.2d 695, 697 (10th Cir. 1980) (per curiam). The Tenth Circuit has held consistently that it is not its

2

function to second guess the timing of the filing of an indictment in the absence of proof of these elements. *United States v. Francisco*, 575 F.2d 815, 817 (10th Cir. 1978).

WHEREFORE, at the conclusion of the trial, Mr. McFadden will request that the Court find that his due process rights were violated by intentional preindictment delay.

Respectfully submitted,

s/Sean M. McDermott
  Sean M. McDermott
  McDermott Stuart & Ward LLP
  140 E. 19th Avenue, Suite 300
  Denver, CO 80203
  (303) 832-8888
  (303) 863-8888 (fax)
  Email: smcdermott@mswdenver.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of September 2022, I filed the foregoing **pleading** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

      s/ Sean McDermott
          Sean McDermott