IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL TRACY McFADDEN,

    **Defendant.**

---

## MOTION FOR AN EVIDENTIARY HEARING

---

    Mr. McFadden by and through his attorney Sean M. McDermott, moves this Honorable Court to conduct an evidentiary hearing in the above captioned matter.

    1.    Mr. McFadden is charged with two counts of crossing state lines with intent to engage in a sexual act with a minor under 12 years of age, and three counts of transportation of a person over state lines with the intent to engage in a sexual act that is a crime.

    2.    On December 19, 2012, Mr. McFadden was contacted via phone by Detective Prescott. Mr. McFadden ended up meeting Detective Prescott and making a statement. The interaction between Detective Prescott and Mr. McFadden renders the statement involuntary and should be suppressed.

    3.    An evidentiary hearing is necessary to resolve the Government's Notice of its Intent to Utilize Evidence Pursuant to Federal Rules of Evidence 414, 404(b) and 807.

    With respect to the related Federal Rules of Evidence 414 and 404(b) issues the Court should hold an evidentiary hearing so that the Court may thoroughly consider "(1) how clearly the prior act has been proved; (2) how probative the evidence is of the material fact it is admitted

to prove; (3) how seriously disputed the material fact is; and (4) whether the government can avail itself of any less prejudicial evidence." *United States v. Perrault*, 995 F.3d 748, 765-66 (10th Cir. 2021) (footnotes omitted); *see also United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998). The district court must next weigh the *Enjady* factors against three additional factors: "(1) how likely [it is that] such evidence will contribute to an improperly-based jury verdict; (2) the extent to which such evidence will distract the jury from the central issues of the trial; and (3) how time consuming it will be to prove the prior conduct." *Perrault*, 995 F.3d at 766. *United States v. Piette*, No. 20-7008, 2022 U.S. App. LEXIS 23004, at *30 n.4 (10th Cir. Aug. 18, 2022)

With respect to the proffered Federal Rule of Evidence 807, a hearing will assist the Court to determine pretrial, "the spontaneity of the child's statement, the consistent repetition of the child's allegation, the mental state of the child, the use of terminology unexpected of a child of a similar age, and the lack of a motive to fabricate" as well as the length of time that had passed between the abuse and the statement. *United States v. Tome*, 61 F.3d 1446, 1452-53 (10th Cir.1995).

Finally, Mr. McFadden has filed a Motion contesting the Voluntariness of his Statements. This generally requires a pretrial hearing. See *Jackson v. Denno*, 378 U.S. 368, 376, 84 S. Ct. 1774, 1780 (1964).

Wherefore, Mr. McFadden respectfully requests that this Court conduct an evidentiary hearing to determine these issues.

Respectfully submitted,

<u>s/Sean M. McDermott</u>
  Sean M. McDermott
  McDermott Stuart & Ward LLP
  140 E. 19th Avenue, Suite 300
  Denver, CO 80203
  (303) 832-8888
  (303) 863-8888 (fax)
  Email: smcdermott@mswdenver.com

3

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of September 2022, I filed the foregoing **pleading** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

      s/ Sean McDermott
        Sean McDermott