IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

     Plaintiff,

**v.**

**MICHAEL TRACY McFADDEN,**

     **Defendant.**

---

### MOTION TO COMPEL PRODUCTION AND REQUEST FOR SUBPOENA RETURN DATE

---

     Mr. McFadden by and through his attorney Sean M. McDermott, moves this Honorable Court to provide a subpoena return date and to compel the production of certain materials. As grounds Mr. McFadden states the following:

     1.     Mr. McFadden is charged with two counts of crossing state lines with intent to engage in a sexual act with a minor under 12 years of age, and three counts of transportation of a person over state lines with the intent to engage in a sexual act that is a crime.

     2.     The alleged victims of these crimes are KW in Counts One and Two and JW in Counts Three, Four and Five.

     3.     Despite knowing Mr. McFadden for a long period of time, KW had never disclosed that Mr. McFadden had any sexual activity with him. After Mr. McFadden's arrest, KW allegedly told his mother that he wanted Mr. McFadden to be put away. He said he wanted Mr. McFadden put away because Mr. McFadden had sex with JW. He did not state that Mr. McFadden had done anything inappropriate to him. When he and his mother returned to

Colorado, he saw a counselor. She took him to counselor Emily Bowman at the Montrose Center for Mental Health. He eventually made a disclosure against Mr. McFadden.

4.      In addition to K.W. being referred to therapy, his sister SJW who is a FRE 414 witness was as well was referred to counseling prior to making a disclosure against Mr. McFadden. She was discussing possible sexual abuse by someone else. (Exhibit A, Affidavit of Dr. David Thompson ¶15(b)). She also made a late disclosure against Mr. McFadden.

5.      I.S. is a witness who the Government wants to use to elicit FRE 414 evidence. I.S. made a disclosure against Mr. McFadden. He made this disclosure even though he previously stated that nobody had molested him. He was in therapy, and he was working on "exploring" the possibility of a sexual assault. (INV_GJPD_00001095).

6.      E.S. f/k/a E.M. like I.S. is also a witness who the Government wants to use to elicit FRE 414 evidence. Like I.S., E.S. initially stated that Mr. McFadden had not molested him. He even went so far as to say that I.S. made up an allegation because he wanted to get Mr. McFadden in trouble. Shortly after saying this, he changed 180 degrees, and made an allegation against Mr. McFadden.

7.      K.W., I.S., and E.S. all initially made statements that Mr. McFadden did not molest them. All three of these people were enrolled in counseling. All three ended up changing their story and making allegations against Mr. McFadden.

8.      Source misattribution errors are common memory mistakes made by Children and adults in a variety of situations. They involve recalling an event but erroneously reporting the source of that recollection. (Exhibit A, Affidavit of David Thompson).

9.      The defense needs these records to properly defend Mr. McFadden.

10.     A subpoena for documents may be quashed if their production would be

"unreasonable or oppressive," but not otherwise.

> In order to require production prior to trial, the moving party must show: (1) that
> the documents are evidentiary and relevant; (2) that they are not otherwise
> procurable reasonably in advance of trial by exercise of due diligence; (3) that the
> party cannot properly prepare for trial without such production and inspection in
> advance of trial and that the failure to obtain such inspection may tend
> unreasonably to delay the trial; and (4) that the application is made in good faith
> and is not intended as a general "fishing expedition."

United States v. Nixon, 418 U.S. 683, 699-700, 94 S. Ct. 3090, 3103 (1974)

WHEREFORE, Mr. McFadden respectfully requests that this Court order that Mr.

McFadden's defense team be permitted to obtain the therapy records of any of the witnesses who

were in therapy and are alleging that Mr. McFadden sexually assaulted them.


Respectfully submitted,

s/Sean M. McDermott
  Sean M. McDermott
  McDermott Stuart & Ward LLP
  140 E. 19th Avenue, Suite 300
  Denver, CO 80203
  (303) 832-8888
  (303) 863-8888 (fax)
  Email: smcdermott@mswdenver.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September 2022, I filed the foregoing **pleading** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

s/ Sean McDermott
    Sean McDermott