IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL TRACY McFADDEN,

    **Defendant.**

---

### AFFIDAVIT OF DAVID W. THOMPSON

---

STATE OF WISCONSIN  )
                            ) ss
COUNTY OF RACINE  )

---

DAVID W. THOMPSON, being sworn, states:

1. I am a clinical and forensic psychologist duly licensed to practice psychology in the state of Wisconsin.

2. The defendant in the above captioned matter retained me for the purpose of providing expert services in this case.

3. Through my research and experience I am aware that the memories and event reports of children and adults are highly malleable and subject to influence and distortion in a number of ways.

4. I have reviewed various documents and reports in the above captioned matter.

5. Treatment providers are taught to provide evidence-based services (services that have some empirical basis and known effectiveness) and to do so in a trauma-informed manner (i.e., with an awareness of the ways in which an individual's history of traumatic experiences may impact the person's emotions and behavior).

Exhibit A

Affidavit of David W. Thompson  
U.S. v. McFadden, 19-cr-00243-CMA-GPG 2

6. These treatment techniques, while therapeutically effective, are known to affect the accuracy of the individual's memories for the traumatic events.

7. The unintended consequences of these effective, evidence-based techniques may include irretrievably contaminating the individual's memory for the alleged traumatic event.

8. Peer reviewed published papers have cautioned therapists about the effects of such treatment efforts when clients are expected to testify in administrative or judicial procedures. Branaman, T. F., & Gottlieb, M. C. (2013). Ethical and legal considerations for treatment of alleged victims: When does it become witness tampering? *Professional Psychology: Research and Practice, 44,* 299-306.

9. Because these treatment techniques require the regular rehearsal of the events that are believed to have caused the trauma, treatment records are very likely to contain descriptions by the alleged victim of the allegations involved.

10. There are many other *ineffective* treatment techniques utilized by therapists who are uninformed or incompetent, and when used to treat persons they may further contaminate the client's memory for events.

11. Participation in counseling or psychotherapy both prior to the reporting of allegations as well as following the reports of such allegations may have a profound effect not only on the individual's initial event reports, but also on the individual's memory and event reports at the time of trial.

12. Michael McFadden is currently charged with two counts of crossing state lines with intent to engage in a sexual act with a minor under 12, and three counts of transportation of a minor with intent to engage in sexual activity. These charges involve KW (birth date ▆▆▆) and JW (birth date ▆▆▆).

13. Mr. McFadden was previously charged in Mesa County, Colorado cases 13CR27, 13CR339, and 13CR342 with similar charges involving both the alleged victims in the current case and alleging sexual abuse of other youth.

14. In addition to the current federal charges, the government is seeking to bring in these other allegations under FRE Rule 414.

15. There are numerous references in the investigation material to the various children's participation in psychotherapy:

    a. In the current case, alleged victim KW reportedly participated in outpatient psychotherapy during which he reported being sexually abused by the defendant. INV_GJPD_00000221.

    b. Child protective services investigation records specifically naming EM▆▆▆ and DO (▆▆▆ report that the "boys [are] in counseling." INV_GJPD_00001079,

Exhibit A

Affidavit of David W. Thompson 3
U.S. v. McFadden, 19-cr-00243-CMA-GPG

    Additional documentation indicates that both DO and EM are in therapy at "the WSCC once a week." INV_GJPD_00001081. Records go on to indicate that "[DO] was in getting set up for outpatient services in their facility and during the intake process he disclosed that he was sexually abused by his uncle and physically abused by his mother."

  c. Records indicate that IS had been placed in foster care and was actively receiving psychotherapy. CPS records indicate that it was recommended that the therapist would continue to work with IS "and explore this area," referring to the reports of "a long balloon in his bottom." INV_GJPD_00001095.

  d. CPS reports indicate that on 8/24/11 KW was scheduled to "begin community counseling again." INV_GJPD_00001102.

  e. Additional allegations were made concerning KW, SB [redacted] and an ex-husband of the children's mother (Ka[redacted] alleging sexual abuse of SB and KW by Mr. [redacted] These were investigated and were unfounded or inconclusive, but the children were recommended to return to outpatient therapy. INV_GJPD_00001103.

16. There are other references in the investigation material to special needs of one of the children:

  a. IS [redacted] was described as a child with developmental delays who was enrolled in special education school programming. INV_GJPD_00001097.

17. Based on my education and experience, it is likely that the special education records for IS, including behavior reports, formal psychological, educational, and behavioral assessments, and his Individual Educational Plan (IEP) will contain information relative to the child's early sexual behavior and sexual knowledge. This information is likely to be relevant to the reliability of the child's memory and event reports.

18. Source misattribution errors are common memory mistakes made by children and adults in a variety of situations. They involve recalling an event tbut erroneously reporting the source of that recollection. Johnson, M. K., Hashtroudi, S., & Lindsay, D. S. (1993). Source monitoring. *Psychological Bulletin, 114,* 3-28.

19. The sexual abuse allegations related to SB and KW that were screened out and referred to therapy, especially as to how the therapist addressed these issues with the children, provide an early foundation for source misattribution errors that may well be exculpatory in the current case.

20. All of the records of therapeutic involvement of the alleged victims are likely to be highly relevant to the integrity of the children's memories and the accuracy of their event reports.

Affidavit of David W. Thompson
U.S. v. McFadden, 19-cr-00243-CMA-GPG

4

21. I am able to maintain the security and confidentiality of all of the children's treatment records according to normal clinic procedures, as well as any special conditions that the court may impose.

22. It is crucial for me to review the above referenced school and treatment records in order to adequately advise Mr. McFadden's defense attorney in the preparation of this case.

David W. Thompson, PhD

The forgoing Affidavit acknowledged before me this 13th day September, 2022.

Witness my hand and official seal.

Christine Mamerow
Notary Public, State of Wisconsin
My commission expires April 2, 2025.