IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**MICHAEL TRACY McFADDEN,**

    **Defendant.**

---

### SECOND MOTION TO COMPEL PRODUCTION AND REQUEST FOR SUBPOENA RETURN DATE

---

    Mr. McFadden by and through his attorney Sean M. McDermott, moves this Honorable Court to provide a subpoena return date and to compel the production of certain materials for in-camera review. As grounds Mr. McFadden states the following:

### Conferral

1. The defense previously filed a Motion to Compel Production and Request for Subpoena Return Date. This Motion was filed once and then the motion was refiled with a redacted exhibit. See Doc. No.'s 60 and 79 with 79-1.

2. The Court struck these Motions found at Doc Nos. 60 and 79. The Court stated that the Motion is construed as a discovery motion and therefore requires conferral, and that perhaps an agreement can be reached between the defense and the prosecution. Doc. No. 80.

1. Prior to the filing of Doc. No. 60, the parties had conferred via electronic mail. In these email communications, the prosecution stated that the United States could not take a position until the Motion was made. This conferral was not set forth in the pleadings, because the

prosecution did not yet have a position, and the defense believes that the true people and entities in interest are the respective privilege holders and the respective treatment providers. With respect to therapy records, see Public Law 104 – 191, the Health Insurance Portability and Accountability Act of 1996, (HIPPA), and 45 C.F.R. § 164.512(e). With respect to any education records, the privacy interest belongs to the student once the student reaches the age of 18. See The Family Educational Rights and Privacy Act (FERPA) 20 U.S.C. § 1232g and the FERPA regulations found at 34 CFR Part 99.

  2. Following the Court's issuance of its order found at Doc. No. 60, defense counsel followed up with the United States. The United States believes that it does have standing to object and does object to the requested relief.

### Request for Relief

  3. Mr. McFadden is charged with two counts of crossing state lines with intent to engage in a sexual act with a minor under 12 years of age, and three counts of transportation of a person over state lines with the intent to engage in a sexual act that is a crime.

  4. The alleged victims of these crimes are KW in Counts One and Two and JW in Counts Three, Four and Five.

  5. Despite knowing Mr. McFadden for a long period of time, KW had never disclosed that Mr. McFadden had any sexual activity with him. After Mr. McFadden's arrest, KW allegedly told his mother that he wanted Mr. McFadden to be put away. He said he wanted Mr. McFadden to be put away because Mr. McFadden had sex with JW. KW initially stated that Mr. McFadden had not done anything inappropriate to him. When KW and his mother returned to Colorado, KW saw a counselor. KW's mother took KW to counselor Emily Bowman at the Montrose Center for Mental Health. KW eventually made a disclosure against Mr. McFadden.

6. In addition to K.W. being referred to therapy, his sister SJW who is an FRE 414 witness was referred to counseling prior to making a disclosure against Mr. McFadden. She was discussing possible sexual abuse by someone else. (Exhibit A, Affidavit of Dr. David Thompson ¶15(b)). She also made a late disclosure against Mr. McFadden.

7. I.S. is a witness who the Government wants to use to elicit FRE 414 evidence. I.S. made a disclosure against Mr. McFadden. He made this disclosure even though he had previously stated that nobody had molested him. I.S. was in therapy, and he was working on "exploring" the possibility of a sexual assault. (INV_GJPD_00001095).

8. E.S. f/k/a E.M. is also a witness who the Government wants to use to elicit FRE 414 evidence. Like I.S., E.S. initially stated that Mr. McFadden had not molested him. He even went so far as to say that I.S. made up an allegation because he wanted to get Mr. McFadden in trouble. Shortly after saying this, he changed 180 degrees, and made an allegation against Mr. McFadden.

9. K.W., I.S., and E.S. all initially made statements that Mr. McFadden did not molest them. All three of these people were enrolled in counseling. All three ended up changing their story and making allegations against Mr. McFadden.

10. Source misattribution errors are common memory mistakes made by Children and adults in a variety of situations. They involve recalling an event but erroneously reporting the source of that recollection. (Exhibit A, Affidavit of David Thompson).

11. The defense needs these records to properly defend Mr. McFadden.

12. A subpoena for documents may be quashed if their production would be "unreasonable or oppressive," but not otherwise.

> In order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise

3

> procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

United States v. Nixon, 418 U.S. 683, 699-700, 94 S. Ct. 3090, 3103 (1974).

13.  This is not a fishing expedition. Counsel does not take the privacy interest in these records lightly. Because the witnesses have said things contrary to their inculpatory statements, the requested records are necessary to ensure that Mr. McFadden's rights under the confrontation clause and the due process clause are preserved and exercised. All four prongs of the *Nixon* test are met.

14.  Courts have recognized that at a minimum a Court should conduct an in-camera review of otherwise protected records, to determine whether the disclosure of these records is necessary to protect a criminal defendant from having his due process and confrontation clause rights violated. This was recently the conclusion with respect to therapist records in *United States v. Arias*, 936 F.3d 793, 800 (8th Cir. 2019). This has also been done with other protected records such as state child welfare files. *Pennsylvania v. Ritchie*, 480 U.S. 39, 58, 107 S. Ct. 989, 1002 (1987).

15.  It is well established that certain circumstances may justify in camera inspection. For example, courts conduct *Brady* reviews of potentially sensitive national security information in camera pursuant to the Classified Information Procedures Act ("CIPA"). In the same vein, courts also review information in camera for potential production under *Brady* when it may be protected by an applicable legal privilege. *United States v. Sittenfeld,* No. 1:20-cr-142, 2022 U.S. Dist. LEXIS 88314, at *3 (S.D. Ohio May 17, 2022) (Internal Citations Omitted).

16.  With respect to therapy records, 45 C.F.R. § 164.512(e), governs the disclosure of these records in judicial proceedings.

17. A healthcare entity may disclose protected health information in the course of any judicial proceeding under certain circumstances. These include:

(i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

(A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or

(B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

45 C.F.R. § 164.512(e) (A copy of 45 C.F.R. § 164.512 is attached hereto as Exhibit B)

18. With respect to education records disclosure of records may occur to comply with a lawful subpoena or court order. 34 C.F.R. § 99.31(a)(9) (i-ii). (A copy of 45 C.F.R. § 99.31 is attached hereto as Exhibit C).

19. The education of records of I.S. are relevant with respect to know what his sexual knowledge was at a young age, and bear on the reliability of his allegation. (Exhibit A, ¶ 16-17).

20. The simplest way for the Court to balance Mr. McFadden's confrontation clause and due process rights is to conduct an in-camera review of the records and disclose only those records that the defense should have to confront his accusers. See *Pennsylvania v. Ritchie*, 480 U.S. 39, 58, 107 S. Ct. 989, 1002 (1987); *United States v. Arias*, 936 F.3d 793, 800 (8th Cir. 2019)

5

WHEREFORE, Mr. McFadden respectfully requests that this Court order that Mr. McFadden's defense team be permitted to subpoena the therapy records of the witnesses who were in therapy and are alleging that Mr. McFadden sexually assaulted them and that he be permitted to subpoena the education records of witness I.S. for an in-camera review by this Court.

Respectfully submitted,

s/Sean M. McDermott
  Sean M. McDermott
  McDermott Stuart & Ward LLP
  140 E. 19th Avenue, Suite 300
  Denver, CO 80203
  (303) 832-8888
  (303) 863-8888 (fax)
  Email: smcdermott@mswdenver.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 26th day of September 2022, I filed the foregoing **pleading** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

      s/ Sean McDermott
        Sean McDermott