## 34 CFR 99.31

This document is current through the Sept. 15, 2022 issue of the Federal Register, with the exception of the amendments appearing at 87 FR 55241, 87 FR 56204, 87 FR 56268, 87 FR 56559, and 87 FR 56849.

*Code of Federal Regulations > Title 34 Education > Subtitle A — Office of the Secretary, Department of Education > Part 99 — Family Educational Rights and Privacy > Subpart D — May an Educational Agency or Institution Disclose Personally Identifiable Information from Education Records?*

## § 99.31 Under what conditions is prior consent not required to disclose information?

(a) An educational agency or institution may disclose personally identifiable information from an education record of a student without the consent required by § 99.30 if the disclosure meets one or more of the following conditions:

> (1)
>> (i)
>>> (A) The disclosure is to other school officials, including teachers, within the agency or institution whom the agency or institution has determined to have legitimate educational interests.
>>>
>>> (B) A contractor, consultant, volunteer, or other party to whom an agency or institution has outsourced institutional services or functions may be considered a school official under this paragraph provided that the outside party—
>>
>> (1) Performs an institutional service or function for which the agency or institution would otherwise use employees;
>>
>> (2) Is under the direct control of the agency or institution with respect to the use and maintenance of education records; and
>>
>> (3) Is subject to the requirements of § 99.33(a) governing the use and redisclosure of personally identifiable information from education records.
>>
>>> (ii) An educational agency or institution must use reasonable methods to ensure that school officials obtain access to only those education records in which they have legitimate educational interests. An educational agency or institution that does not use physical or technological access controls must ensure that its administrative policy for controlling access to education records is effective and that it remains in compliance with the legitimate educational interest requirement in paragraph (a)(1)(i)(A) of this section.
>>>
>>>> (2) The disclosure is, subject to the requirements of § 99.34, to officials of another school, school system, or institution of postsecondary education where the student seeks or intends to enroll, or where the student is already enrolled so long as the disclosure is for purposes related to the student's enrollment or transfer.
>>>>
>>>> Note: Section 4155(b) of the No Child Left Behind Act of 2001, *20 U.S.C. 7165(b)*, requires each State to assure the Secretary of Education that it has a procedure in place to facilitate the transfer of disciplinary records with respect to a suspension or expulsion of a student by a local

34 CFR 99.31

educational agency to any private or public elementary or secondary school in which the student is subsequently enrolled or seeks, intends, or is instructed to enroll.

**(3)** The disclosure is, subject to the requirements of § 99.35, to authorized representatives of —

**(i)** The Comptroller General of the United States;

**(ii)** The Attorney General of the United States;

**(iii)** The Secretary; or

**(iv)** State and local educational authorities.

**(4)**

**(i)** The disclosure is in connection with financial aid for which the student has applied or which the student has received, if the information is necessary for such purposes as to:

**(A)** Determine eligibility for the aid;

**(B)** Determine the amount of the aid;

**(C)** Determine the conditions for the aid; or

**(D)** Enforce the terms and conditions of the aid.

**(ii)** As used in paragraph (a)(4)(i) of this section, financial aid means a payment of funds provided to an individual (or a payment in kind of tangible or intangible property to the individual) that is conditioned on the individual's attendance at an educational agency or institution.

(Authority: *20 U.S.C. 1232g(b)(1)(D)*)

**(5)**

**(i)** The disclosure is to State and local officials or authorities to whom this information is specifically —

**(A)** Allowed to be reported or disclosed pursuant to State statute adopted before November 19, 1974, if the allowed reporting or disclosure concerns the juvenile justice system and the system's ability to effectively serve the student whose records are released; or

**(B)** Allowed to be reported or disclosed pursuant to State statute adopted after November 19, 1974, subject to the requirements of § 99.38.

**(ii)** Paragraph (a)(5)(i) of this section does not prevent a State from further limiting the number or type of State or local officials to whom disclosures may be made under that paragraph.

**(6)**

**(i)** The disclosure is to organizations conducting studies for, or on behalf of, educational agencies or institutions to:

**(A)** Develop, validate, or administer predictive tests;

**(B)** Administer student aid programs; or

**(C)** Improve instruction.

**(ii)** Nothing in the Act or this part prevents a State or local educational authority or agency headed by an official listed in paragraph (a)(3) of this section from entering into agreements with organizations conducting studies under paragraph (a)(6)(i) of this section and redisclosing personally identifiable information from education records on behalf of educational agencies and institutions that disclosed the information to the State or local

34 CFR 99.31

educational authority or agency headed by an official listed in paragraph (a)(3) of this section in accordance with the requirements of § 99.33(b).

**(iii)** An educational agency or institution may disclose personally identifiable information under paragraph (a)(6)(i) of this section, and a State or local educational authority or agency headed by an official listed in paragraph (a)(3) of this section may redisclose personally identifiable information under paragraph (a)(6)(i) and (a)(6)(ii) of this section, only if—

**(A)** The study is conducted in a manner that does not permit personal identification of parents and students by individuals other than representatives of the organization that have legitimate interests in the information;

**(B)** The information is destroyed when no longer needed for the purposes for which the study was conducted; and

**(C)** The educational agency or institution or the State or local educational authority or agency headed by an official listed in paragraph (a)(3) of this section enters into a written agreement with the organization that—

**(1)** Specifies the purpose, scope, and duration of the study or studies and the information to be disclosed;

**(2)** Requires the organization to use personally identifiable information from education records only to meet the purpose or purposes of the study as stated in the written agreement;

**(3)** Requires the organization to conduct the study in a manner that does not permit personal identification of parents and students, as defined in this part, by anyone other than representatives of the organization with legitimate interests; and

**(4)** Requires the organization to destroy all personally identifiable information when the information is no longer needed for the purposes for which the study was conducted and specifies the time period in which the information must be destroyed.

**(iv)** An educational agency or institution or State or local educational authority or Federal agency headed by an official listed in paragraph (a)(3) of this section is not required to initiate a study or agree with or endorse the conclusions or results of the study.

**(v)** For the purposes of paragraph (a)(6) of this section, the term organization includes, but is not limited to, Federal, State, and local agencies, and independent organizations.

**(7)** The disclosure is to accrediting organizations to carry out their accrediting functions.

**(8)** The disclosure is to parents, as defined in § 99.3, of a dependent student, as defined in *section 152 of the Internal Revenue Code of 1986*.

**(9)**

**(i)** The disclosure is to comply with a judicial order or lawfully issued subpoena.

**(ii)** The educational agency or institution may disclose information under paragraph (a)(9)(i) of this section only if the agency or institution makes a reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, so that the parent or eligible student may seek protective action, unless the disclosure is in compliance with —

**(A)** A Federal grand jury subpoena and the court has ordered that the existence or the contents of the subpoena or the information furnished in response to the subpoena not be disclosed;

Sean McDermott                                                                                                   Exhibit C

34 CFR 99.31

**(B)** Any other subpoena issued for a law enforcement purpose and the court or other issuing agency has ordered that the existence or the contents of the subpoena or the information furnished in response to the subpoena not be disclosed; or

**(C)** An ex parte court order obtained by the United States Attorney General (or designee not lower than an Assistant Attorney General) concerning investigations or prosecutions of an offense listed in 18 U.S.C. 2332b(g)(5)(B) or an act of domestic or international terrorism as defined in 18 U.S.C. 2331.

**(iii)**

**(A)** If an educational agency or institution initiates legal action against a parent or student, the educational agency or institution may disclose to the court, without a court order or subpoena, the education records of the student that are relevant for the educational agency or institution to proceed with the legal action as plaintiff.

**(B)** If a parent or eligible student initiates legal action against an educational agency or institution, the educational agency or institution may disclose to the court, without a court order or subpoena, the student's education records that are relevant for the educational agency or institution to defend itself.

**(10)** The disclosure is in connection with a health or safety emergency, under the conditions described in § 99.36.

**(11)** The disclosure is information the educational agency or institution has designated as "directory information", under the conditions described in § 99.37.

**(12)** The disclosure is to the parent of a student who is not an eligible student or to the student.

**(13)** The disclosure, subject to the requirements in § 99.39, is to a victim of an alleged perpetrator of a crime of violence or a non-forcible sex offense. The disclosure may only include the final results of the disciplinary proceeding conducted by the institution of postsecondary education with respect to that alleged crime or offense. The institution may disclose the final results of the disciplinary proceeding, regardless of whether the institution concluded a violation was committed.

**(14)**

**(i)** The disclosure, subject to the requirements in § 99.39, is in connection with a disciplinary proceeding at an institution of postsecondary education. The institution must not disclose the final results of the disciplinary proceeding unless it determines that —

**(A)** The student is an alleged perpetrator of a crime of violence or non-forcible sex offense; and

**(B)** With respect to the allegation made against him or her, the student has committed a violation of the institution's rules or policies.

**(ii)** The institution may not disclose the name of any other student, including a victim or witness, without the prior written consent of the other student.

**(iii)** This section applies only to disciplinary proceedings in which the final results were reached on or after October 7, 1998.

**(15)**

**(i)** The disclosure is to a parent of a student at an institution of postsecondary education regarding the student's violation of any Federal, State, or local law, or of any rule or policy of the institution, governing the use or possession of alcohol or a controlled substance if —

**(A)** The institution determines that the student has committed a disciplinary violation with respect to that use or possession; and

Sean McDermott                                                                                   Exhibit C

34 CFR 99.31

  **(B)** The student is under the age of 21 at the time of the disclosure to the parent.

 **(ii)** Paragraph (a)(15) of this section does not supersede any provision of State law that prohibits an institution of postsecondary education from disclosing information.

 **(16)** The disclosure concerns sex offenders and other individuals required to register under section 170101 of the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. 14071, and the information was provided to the educational agency or institution under 42 U.S.C. 14071 and applicable Federal guidelines.

**(b)**

 **(1)** De-identified records and information. An educational agency or institution, or a party that has received education records or information from education records under this part, may release the records or information without the consent required by § 99.30 after the removal of all personally identifiable information provided that the educational agency or institution or other party has made a reasonable determination that a student's identity is not personally identifiable, whether through single or multiple releases, and taking into account other reasonably available information.

 **(2)** An educational agency or institution, or a party that has received education records or information from education records under this part, may release de-identified student level data from education records for the purpose of education research by attaching a code to each record that may allow the recipient to match information received from the same source, provided that—

  **(i)** An educational agency or institution or other party that releases de-identified data under paragraph (b)(2) of this section does not disclose any information about how it generates and assigns a record code, or that would allow a recipient to identify a student based on a record code;

  **(ii)** The record code is used for no purpose other than identifying a de-identified record for purposes of education research and cannot be used to ascertain personally identifiable information about a student; and

  **(iii)** The record code is not based on a student's social security number or other personal information.

**(c)** An educational agency or institution must use reasonable methods to identify and authenticate the identity of parents, students, school officials, and any other parties to whom the agency or institution discloses personally identifiable information from education records.

**(d)** Paragraphs (a) and (b) of this section do not require an educational agency or institution or any other party to disclose education records or information from education records to any party, except for parties under paragraph (a)(12) of this section.

 (Authority: 20 U.S.C. 1232g(a)(5)(A), (b), (h), (i), and (j)).

# History

[53 FR 11943, Apr. 11, 1988; *53 FR 19368*, May 27, 1988, as amended at 58 FR 3189, Jan. 7, 1993; 61 FR 59292, 59296, Nov. 21, 1996; 65 FR 41852, 41853, July 6, 2000; 73 FR 74806, 74852, Dec. 9, 2008, as corrected at *74 FR 400*, 401, Jan. 6, 2009; 76 FR 75604, 75641, Dec. 2, 2011]

Annotations

# Notes

**[EFFECTIVE DATE NOTE:**

Sean McDermott     Exhibit C