IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL TRACY McFADDEN,

    Defendant.

**GOVERNMENT'S RESPONSE TO MOTION FOR BILL OF PARTICULARS [ECF #61]**

The United States of America, by and through Jeremy Chaffin and Andrea Surratt, Assistant United States Attorneys, submits this response in opposition to the defendant's motion for a bill of particulars as to Count Five of the Indictment. [ECF #61]. The Government respectfully requests that the defendant's motion be denied.

## RELEVANT BACKGROUND

On or about May 17, 2019, a grand jury in the District of Colorado returned an indictment charging the defendant in five counts. [ECF #1]. As relevant to the instant motion, Count Five of the indictment charges:

> Between on or about January 1, 2007, and on or about January 3, 2013, in the State and District of Colorado, and elsewhere, the defendant, MICHAEL TRACY McFADDEN, did knowingly transport J.W., an individual who had not attained the age of 18 years in interstate and foreign commerce, with the intent that such individual engage in sexual activity for which any person can be charged with a criminal offense.
> All in violation of Title 18, United States Code, Section 2423(a).

1

The defendant has been provided extensive discovery in this case, including recorded interviews of J.W. describing being assaulted by the defendant. Discovery also includes the transcript of the prior state trial in this matter where the victims, including J.W., testified about the assaults. The discovery obviously and clearly details the basis for each count, including the reason for the broadly-charged time period in Count 5, and the specific truck trip that forms the basis of that count, the trip's destination, who else was on the trip, and stops made along the way. The discovery also clearly identifies the sexual activity alleged to have taken place.

In addition, nearly two years ago, on December 2, 2020, the Government filed a Notice of Intent to Introduce Evidence Pursuant to Federal Rules of Evidence 414, 404(b), and 807 (the "Notice of Intent"). [ECF #39]. The Notice of Intent included a detailed recitation of the conduct underlying Count Five, and an explanation for the charged date range:

> Count Five relates to another instance in which the defendant took J.W. on a commercial truck trip. J.W. was unsure of the precise time frame of this assault. As a result, the charged time period in the Indictment encompasses the approximate time period during which the defendant subjected J.W. to sexual assaults. J.W. reported that, during this specific instance, they were transporting goods to or from Arizona. J.W. recalled stopping at a Love's truck stop and sleeping in the sleeper compartment of the truck. J.W. described the defendant placing his penis into J.W.'s butt during the night. During the charged time period J.W. was 12 years-old or younger.

[ECF #39, p.3].

## **LEGAL FRAMEWORK**

Federal Rule of Criminal Procedure 7(c) states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment is sufficient if it: (1) "contains the elements of the

charged offense and fairly informs a defendant of the charge against which he must defend;" and (2) "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Bedonie*, 913 F.2d 782, 790 (10th Cir. 1990).  Tracking the language of the statute is generally sufficient as long as the indictment sets forth the elements of the offense and provides a statement of facts and circumstances that informs the defendant of the specific offense.  *See Hamling*, 418 U.S. at 117-18; *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988).  An indictment need not allege in detail the factual proof that the government will rely on to support the charges. *See Dunn*, 841 F.2d at 1029.  Sufficiency of an indictment "is determined by practical rather than technical considerations."  *Dunn*, 841 F.2d at 1029.

Federal Rue of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires."  The purpose of a bill of particulars is to inform the defendant of the charges against him with sufficient precision so that he may prepare his defense, minimize surprise at trial, and to enable him to assert double jeopardy should he be subject to a later prosecution for the same offense. *Dunn*, 841 F.2d at 1029.  The Court has broad discretion in deciding whether to grant a motion for bill of particulars.  *Id*.

A bill of particulars is unnecessary where the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges in order to enable him to adequately prepare for trial.  *United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992).  "[T]he defendant is not entitled to notice of all of the evidence the

3

government intends to produce, but only the theory of the government's case." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (internal citations and emphasis omitted).  An indictment has sufficient precision without alleging "in detail the factual proof that will be relied upon to support the charges." *Dunn*, 841 F.2d at 1029.

Further, when the Government's discovery is sufficient to allow the defendants to prepare their defense, a bill of particulars is not warranted. *Ivy*, 83 F.3d at 1282.  *See also Untied States v. Kunzman*, 53 F.3d 1522, 1526 (10th Cir. 1995) (affirming denial of motion for bill of particulars when allegations in indictment and government's discovery was "sufficient to inform Kunzman of the charges against him and to enable him to prepare his defense"); *United States v. Sturmoski*, 971 F.2d 452, 460 (10th Cir. 1992) (affirming denial of motion for bill of particulars when defendant received full discovery and failed to show he was "actually surprised at trial").  Indeed, so long as the defendant has been apprised of the "theory of the government's case," it is not an abuse of discretion to denying a motion for a bill of particulars "where defendant has been served with a sufficient indictment." *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992).

## **ANALYSIS**

The defendant contends that a bill of particulars is required here because "Count Five spans a six-year period of time" and therefore, [w]ithout more specificity, Mr. McFadden cannot defend this charge."  [ECF #61, p. 1].  The defendant, however, has not demonstrated that a failure to grant his motion will deny him the ability to defend against the charges, cause him prejudice at trial, or have any double jeopardy implications.  Indeed, the defendant's bland and unsupported complaint ignores the discovery, evidence, and statements already provided in this case that provide ample

4

notice of the conduct that underlies Count Five.

Though Count Five does allege a broad timeframe for the charged conduct, the count "sets forth the offense in the words of the statute," *Dunn*, 841 F.3d at 1029, and is therefore facially sufficient. And, as described above, the defendant has been given ample notice of the theory behind Count Five. In short, the Government alleges that the defendant repeatedly sexually abused J.W., both at the defendant's home in Grand Junction and on long-haul trucking trips from the time that J.W. was approximately seven or eight years old until the defendant's arrest in 2013, when J.W. was 12 years old. One such instance of abuse took place on a truck trip between Colorado and Arizona about which J.W. remembers important details, but cannot remember precisely when the trip took place. Given the victim's age at the time of the assault, and the frequency with which the assaults took place, it is unsurprising that J.W. cannot remember the date of this particular trip with additional specificity.

In *United States v. Ivy*, 82 F.3d 1266 (10th Cir. 1996), the Tenth Circuit upheld the district court's denial of a bill of particulars. There, as here, the defendants contended that the counts in the indictment alleged time frames that made "effective preparation an impossibility" and the government's production of discovery did not cure this deficiency because the government did not direct the defendants to specific items of discovery that would have clarified the time spans alleged. *Id*. at 1282. The court rejected this contention, holding that

> by providing complete discovery containing sufficient information to allow them to prepare their defense, the government gave [the defendants] the tools necessary to anticipate and forestall any surprise that might have resulted from the indictment. Once the government provided these tools, it was [the defendants'] responsibility to use them in preparing their defense, regardless of whether the discovery was copious and the preparation of the defense was difficult.

5

> Because they had these tools available to them, and because they have done nothing more than make conclusory assertions of prejudice . . . .

*Id.*

Here, of course, the Government has gone well beyond production of discovery, and has specifically pointed the defendant to the truck trip to which Count Five refers. The indictment, as supplemented by discovery and the Government's filings in this case, informs the defendant of the charges against him with "sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy," *Dunn*, 841 F.2d at 1029, and the defendant's motion should be denied.

## **CONCLUSION**

The defendant's motion for a bill of particulars should be denied for the reasons stated herein.

Respectfully submitted,

COLE FINEGAN
United States Attorney

| | |
|---|---|
| *s/ Jeremy Chaffin* | *s/ Andrea Surratt* |
| JEREMY CHAFFIN | ANDREA SURRATT |
| Assistant U.S. Attorney | Assistant U.S. Attorney |
| U.S. Attorney's Office | U.S. Attorney's Office |
| 205 North 4th Street, Suite 400 | 1801 California Street, Suite 1600 |
| Grand Junction, CO 81501 | Denver, CO 80202 |
| Tel: (970) 257-7113 | Tel: (303) 454-0124 |
| E-mail: jeremy.chaffin@usdoj.gov | E-mail: andrea.surratt@usdoj.gov |

Attorneys for the Government

## CERTIFICATE OF SERVICE

   I hereby certify that on this 6th day of October, 2022, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO MOTION FOR BILL OF PARTICULARS [ECF #61]** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

**Defense Attorney:**
Sean M. McDermott

**Email Address:**
smcdermott@mswdenver.com

                 s/ Cosandra Foster
                 COSANDRA FOSTER
                 Paralegal Specialist
                 U.S. Attorney's Office
                 205 N. 4th Street, Suite 400
                 Grand Junction, CO 81501
                 Telephone (970) 241-3843
                 Fax (970) 248-3630
                 E-mail: cosandra.foster@usdoj.gov