IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL TRACY McFADDEN,

    Defendant.

---

**GOVERNMENT'S RESPONSE TO MOTION TO DISMISS
DUE TO PREINDICTMENT DELAY [ECF #62]**

---

The United States of America, by and through Jeremy Chaffin and Andrea Surratt, Assistant United States Attorneys, submits this response in opposition to the defendant's motion to dismiss the indictment due to preindictment delay (the "Motion"). [ECF #62]. The Government respectfully requests that the defendant's motion be denied.

## RELEVANT BACKGROUND

On or about January 7, 2013, the district attorney's office in Mesa County, Colorado, charged the defendant with 19 offenses, alleging that he had sexually abused six different children between 2008 and 2012. *People v. McFadden*, 2013CR27, 2013CR339, 2013CR342; *see also People v. McFadden*, 15CA1925 (Co. Ct. App. June 22, 2017). The charges were consolidated for trial, and the defendant was convicted on all counts after a jury trial in July 2015 and, at a later hearing, was determined to be a habitual sexual offender.

1

The defendant was sentenced on October 1, 2015, to an indeterminate sentence of 324 years to life in the Department of Corrections. *People v. McFadden*, 2013CR27, 2013CR339, 2013CR342, Oct. 1, 2015, Habitual/Sentencing Hearing Transcript ("Tr.") at 73-75. The sentencing judge remarked that, though she had not added up the total time of the consecutive sentences at the time of the sentencing hearing, it is "very unlikely that [the defendant] will be out during his lifetime." Tr. at 75.

The defendant appealed, alleging that his statutory speedy trial rights had been violated. The Colorado Court of Appeals agreed, noting that "[t]he crimes of which defendant was convicted are indeed heinous. But the General Assembly has enacted a statute that dictates dismissal of the charges under the circumstances of this case." *People v. McFadden*, 15CA1925, at 21.[1] On June 22, 2017, the Court of Appeals remanded the case to the trial court with instructions to dismiss all charges. *Id*. at 1. On February 12, 2018, the Colorado Supreme Court denied the subsequent petition for a writ of certiorari. *People v. McFadden*, No. 17SC573, 2018 WL 827272 (Co. Sup. Ct. Feb. 12, 2018). On February 12, 2018, the district court dismissed all of the charges against the defendant, and he was released from custody.

On May 17, 2019, a grand jury in the District of Colorado returned the instant indictment against the defendant, charging him in five counts. [ECF #1]. Counts One and Two relate to the defendant's sexual abuse of K.W. Counts Three, Four, and Five relate to the defendant's sexual abuse of J.W. Both J.W. and K.W. testified at the defendant's state trial and are expected to testify at the upcoming federal trial.

## LEGAL FRAMEWORK

---

[1] A copy of this Colorado Court of Appeals decision can be provided upon request.

The defendant correctly notes in his Motion that "[t]he Due Process Clause warrants dismissal of indictments for preindictment delay only in exceptional circumstances." *United States v. Comosona*, 848 F.2d 1110, 1113 (10th Cir. 1988). Rather, "statutes of limitations, which provide predictable, legislatively enacted limits on prosecutorial delay, provide the primary guarantee against bringing overly stale criminal charges." *United States v. Locasco*, 431 U.S. 783, 789 (1977) (internal quotation marks omitted). Nevertheless, "the statute of limitations does not fully define (defendants') rights with respect to the events occurring prior to indictment and . . . the Due Process Clause has a limited role to play in protecting against oppressive delay." *Id.* (internal quotation marks and citations omitted).

"A defendant's Due Process rights are not offended absent a showing of actual prejudice resulting from preindictment delay and that the delay was purposefully designed to gain tactical advantage or to harass." *Comosona*, 848 F.2d at 1113 (internal quotation marks omitted). More specifically, the Tenth Circuit has explained:

> Vague and conclusory allegations of prejudice resulting from the passage of time and the absence of witnesses are insufficient to constitute a showing of actual prejudice for the purposes of impermissible preindictment delay; defendant must be able to show definite and not speculative prejudice, and in what specific manner missing witnesses would have aided his defense.

*Id.* at 1113-14 (quoting *United States v. Jenkins*, 701 F.2d 850, 855 (10th Cir. 1983)). Put another way, in order to achieve dismissal of an indictment, the defendant has the burden "to demonstrate that delay in charging him with a particular crime was the product of deliberate action by law enforcement personnel designed to gain a tactical advantage resulting in actual prejudice to the accused, thereby depriving him of his right

to a fair trial." *United States v. Comosona*, 614 F.2d 695, 696 (10th Cir. 1980) (per curium). Absent this showing, it is not the court's "function to 'second-guess' the timing of the Government's indictment." *Id*. at 696.

The Tenth Circuit has explained that evaluating a defendant's claim of preindictment delay requires a balancing test:

> First, there must be demonstration of actual prejudice to the defendant resulting from the delay. Generally, such prejudice will take the form of either a loss of witnesses and/or physical evidence or the impairment of their effective use at trial. Second, the length of delay must be considered. Finally, the Government's reasons for the delay must be carefully considered.

*Id*. at 696. In terms of burden of proof, the defendant must first make a prima facie showing that the "delay in charging him has actually prejudiced his ability to defend, and that this delay was intentionally or purposely designed and pursued by the Government to gain some tactical advantage over or to harass him, the burden of going forward with the evidence shifts to the Government." *Id.* at 697. Then, "[o]nce the Government presents evidence showing that the delay was not improperly motivated or unjustified, the defendant then bears the ultimate burden of establishing the Government's due process violation by a preponderance of evidence." *Id.*

## ANALYSIS

In his Motion, the defendant makes nothing more than "vague and conclusory allegations," *Comosona*, 848 F.2d at 1113, that exculpatory evidence and testimony have been lost to time. The Motion also suggests that, at the conclusion of trial, the Court will conclude that the "delay has placed Mr. McFadden at a disadvantage." Motion at 2.

4

Of course, even if the defendant is able to show—contrary to the equivocal statements in his motion—that the delay has "*actually* prejudiced his ability to defend," *Comosona*, 614 F.2d 696 (emphasis added), he has not and cannot make a prima facie showing that the delay was intentional and purposeful on the part of the Government in order to gain tactical advantage or to harass. As the narrative outlined above makes clear, the Government charged the defendant in the instant federal case 15 months after the state case was finally dismissed. The Government acted here for no other reason than to protect the community from the defendant and to ensure justice is done for the defendant's victims, and the defendant cannot demonstrate otherwise.

## **CONCLUSION**

The defendant's motion to dismiss should be denied for the reasons stated herein.

Respectfully submitted,

COLE FINEGAN
United States Attorney

| | |
|---|---|
| *s/ Jeremy Chaffin* | *s/ Andrea Surratt* |
| JEREMY CHAFFIN | ANDREA SURRATT |
| Assistant U.S. Attorney | Assistant U.S. Attorney |
| U.S. Attorney's Office | U.S. Attorney's Office |
| 205 North 4th Street, Suite 400 | 1801 California Street, Suite 1600 |
| Grand Junction, CO 81501 | Denver, CO 80202 |
| Tel: (970) 257-7113 | Tel: (303) 454-0124 |
| E-mail: jeremy.chaffin@usdoj.gov | E-mail: andrea.surratt@usdoj.gov |

Attorneys for the Government

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2022, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO MOTION TO DISMISS DUE TO PREINDICTMENT DELAY [ECF #62]** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

**Defense Attorney:**
Sean M. McDermott

**Email Address:**
smcdermott@mswdenver.com

                                                s/ Cosandra Foster
COSANDRA FOSTER
Paralegal Specialist
U.S. Attorney's Office
205 N. 4th Street, Suite 400
Grand Junction, CO 81501
Telephone (970) 241-3843
Fax (970) 248-3630
E-mail: cosandra.foster@usdoj.gov