# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL TRACY McFADDEN,

    Defendant.

## GOVERNMENT'S RESPONSE TO DEFENDANT'S SECOND MOTION TO COMPEL PRODUCTION AND REQUEST FOR SUBPOENA RETURN DATE

    The United States of America, by and through Jeremy Chaffin and Andrea Surratt, Assistant United States Attorneys, hereby responds to Mr. McFadden's motion requesting this Court comp the disclosure of therapy records for victims in this matter. ECF # 81.  This Court must deny the request.

## BACKGROUND

    In 2019, a grand jury indicted Mr. McFadden for committing multiple acts of child molestation on J.W. and K.W., victims in this case.  ECF # 1.  The government has also provided notice of its intent to introduce other acts of child molestation committed by Mr. McFadden on J.W., K.W., I.S., E.S. (formerly E.M.), S.J.W., and others.

    Relying on brief notations found in discovery that some of the victims of his abuse have received treatment in therapy, Mr. McFadden sought an order "that Mr. McFadden's defense team be permitted to obtain the therapy records of any of the

witnesses who were in therapy and are alleging that Mr. McFadden sexually assaulted them." ECF # 60.  Mr. McFadden also refiled a redacted version of this motion.  ECF # 79.  Construing it as a discovery motion, the Court struck Mr. McFadden's motion for failing to comply with the Court's conferral requirement.  ECF # 80.  Mr. McFadden then sought the government's position on his request for records.[1]  The government responded that, to the extent Mr. McFadden was seeking an order compelling the government to provide therapy records, those records were not in the government's possession or control.  The government also explained that it opposed Mr. McFadden's request for a subpoena to obtain the victim's therapy records because those records are privileged.  Mr. McFadden has now resubmitted his demand for "therapy records of the witnesses who were in therapy and are alleging that Mr. McFadden sexually assaulted them," and has expanded his request to I.S.'s educational records as well.  ECF # 81.

## DISCUSSION

Without identifying whom it would be directed to or what precisely would be requested, Mr. McFadden asks this Court to order that he be permitted to subpoena the protected educational records of one of his victims and the privileged therapy records of all of his victims.  In support of his request, Mr. McFadden cites only the barest of authority and then simply demands that this Court obtain the records and conduct an in-camera review.  The process is not as simple as Mr. McFadden believes.

First, a subpoena requiring the production of personal or confidential information

---

[1] Prior to filing any motions, the defense had informed the government of the general nature of motions Mr. McFadden intended to file and requested the government's position.  The government stated it could not take a position, and would provide a position once it had seen Mr. McFadden's motions.

about a victim"—which Mr. McFadden clearly requests—may only be issued by court order. Fed. R. Crim. P. 17(c)(3). Before a court may enter any such order, however, the victim must be given notice so that he or she may move to quash, modify, or object to the subpoena. *Id.* Mr. McFadden fails to even cite this authority, much less establish that notice has been provided.[2]

Second, even if Mr. McFadden has satisfied the procedural requirement, he cannot establish that a subpoena should be issued. After all, Rule 17(c) subpoenas do not "provide an additional means of discovery." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Instead, they are intended to expedite trial by providing a time and place before trial for the inspection of otherwise admissible evidence. *See id.* The Supreme Court has laid out several factors that a party must show before a court may require production of documents prior to trial:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*United States v. Nixon*, 418 U.S. 683, 699–700 (1974). In other words, the party seeking the records "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." Mr. McFadden has failed on all fronts.

As noted above, Mr. McFadden's request lacks any specificity. It is unclear to

---

[2] Based on communications the Court and the government has received, it appears that at least some of the victims may have been notified by the defense. However, it is unclear if all of the victims whose records Mr. McFadden seek have received notice.

whom the subpoena would be issued or which victim's therapy records he seeks to obtain.  For this reason alone, Mr. McFadden's request could be denied.  *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002) (upholding denial of Rule 17(c) subpoena where although the information sought was "highly relevant" and "arguably admissible" the subpoena lacked the requisite specificity).

   Mr. McFadden has also failed to show how these records are relevant.  The most cogent argument Mr. McFadden provides for relevance appears to be premised on his speculation that his victims are misattributing sexual abuse to him that was actually committed by another person.  Ignoring for the moment the additional procedural hurdles such an argument implicates, *see* Fed. R. Evid. 412, Mr. McFadden only identifies one instance, pertaining to K.W. and his sister S.J.W., in support of this theory.  And, yet, that instance did not involve a disclosure by K.W. at all, and what S.J.W. disclosed lacked any similarity to the act of child molestation Mr. McFadden was convicted of committing on her.  *Compare* Exhibit 1 (INV_GJPD_000011103) *with* ECF # 39, pp. 10-11.  It is difficult to imagine how these unrelated allegations could lead to "source misattribution errors" as Mr. McFadden seems to allege, particularly for all of the victims.

   The only other arguments Mr. McFadden raises for seeking these records are his claims that they are necessary to gauge the reliability of the victims' memories.  In other words, Mr. McFadden wishes to scour the victims' confidential therapy and educational records to seek out fodder for cross-examination.  This is not a proper basis for a subpoena.  *Nixon*, 418 U.S. at 701 ("[T]he need for evidence to impeach witnesses is

insufficient to require its production in advance of trial.").[3]

Though he claims it is so, Mr. McFadden also fails to explain why he is unable to prepare for trial without these records. After all, this will not be Mr. McFadden's first trial regarding the allegations in this case. And, Mr. McFadden proceeded with his underlying state trial without obtaining the records he now seeks. It is unclear why he would be unable to do the same here.

Finally, Mr. McFadden makes no effort to describe how the records he seeks would be admissible at trial. Although again unclear, it appears Mr. McFadden's primary focus is obtaining the victims' descriptions of the abuse they received. Such out-of-court statements would be inadmissible. *See* Fed. R. Evid. 801-802. More importantly, the victims' therapy records are privileged. *Jaffee v. Redmond*, 518 U.S. 1 (1996) ("[C]onfidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence."). And, contrary to Mr. McFadden's assertion, the Court may not "balance" his confrontation clause and due process rights against this privilege. *Id.* at 17 (expressly rejecting any balancing of the privilege against the evidentiary need for disclosure); *United States v. Glass*, 133 F.3d 1356, 1358 (10th Cir. 1998) (the psychotherapist-patient privilege is not subject to a balancing component); *see also Kinder v. White*, 609 Fed. Appx. 126, 131-132 (4th Cir. 2015) (holding that a district court's order directing production of a witness's privileged therapy

---

[3] Mr. McFadden's citation to the regulations regarding the disclosure of medical and educational records is a red herring. Whether healthcare and educational entities are permitted to disclose protected information when ordered to do so by a court has no bearing on whether a court should issue such an order in the first place.

records for in camera review, under Rule 17(c), and subsequent order disclosing a portion of those records to "vindicate" the defendant's constitutional rights was erroneous and in direct conflict with *Jaffee*). Simply put, the defendant's interest in confronting adverse witnesses at trial does not justify disclosure of privileged records. *United States v. LaVallee*, 439 F.3d 670, 692 (10th Cir. 2006) (rejecting claim that a district court's denial of a motion seeking a witness's privileged psychiatric records violated the defendant's confrontation right).

## CONCLUSION

Mr. McFadden has not satisfied the procedural requirements to permit this Court to issue a subpoena for confidential information about the victims in this case. Even if he had, the subpoena he seeks is vague, overbroad, and seeks information that is privileged, inadmissible, and not necessary for his preparation in this case. Accordingly, this Court must deny Mr. McFadden's motion.

Respectfully submitted,

COLE FINEGAN
United States Attorney

| s/ Jeremy Chaffin | s/ Andrea Surratt |
|---|---|
| JEREMY CHAFFIN | ANDREA SURRATT |
| Assistant U.S. Attorney | Assistant U.S. Attorney |
| U.S. Attorney's Office | U.S. Attorney's Office |
| 205 North 4th Street, Suite 400 | 1801 California Street, #1800 |
| Grand Junction, CO 81501 | Denver, Colorado 80101 |
| Tel: (970) 257-7113 | Tel: (303) 454-0100 |
| Fax: (970) 248-3630 | E-mail: andrea.surratt@usdoj.gov |
| E-mail: jeremy.chaffin@usdoj.gov | |

Attorneys for the Government

## CERTIFICATE OF SERVICE

      I hereby certify that on this 6th day of October, 2022, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S SECOND MOTION TO COMPEL PRODUCTION AND REQUEST FOR SUBPOENA RETURN DATE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

**Defense Attorney:**
Sean M. McDermott

**Email Address:**
smcdermott@mswdenver.com

                                                            s/ Cosandra Foster
                                                            COSANDRA FOSTER
Paralegal Specialist
U.S. Attorney's Office
205 N. 4th Street, Suite 400
Grand Junction, CO 81501
Telephone (970) 241-3843
Fax (970) 248-3630
E-mail: cosandra.foster@usdoj.gov