**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL TRACY McFADDEN,

    Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO SUPPRESS STATEMENTS**

---

The United States of America, by and through Jeremy Chaffin and Andrea Surratt, Assistant United States Attorneys, hereby responds to Mr. McFadden's motion to suppress statements he made during a non-custodial interview with law enforcement. ECF # 63. Mr. McFadden's statements were voluntary, and his motion should be denied.

<u>BACKGROUND</u>

On December 19, 2012, Grand Junction Police Department ("GJPD") detective Ed Prescott, called Mr. McFadden on the telephone.[1] Detective Prescott explained that he was conducting an investigation related to some allegations made by I.S. and that he would like to ask Mr. McFadden some questions. The two engaged in brief

---

[1] A copy of the recording and a transcript of the call were provided in discovery and can be provided to the Court if requested.

conversation. Mr. McFadden ultimately agreed to meet with Detective Prescott at the GJPD.

Later that same day, Mr. McFadden arrived at the GJPD and met with Detective Prescott. That interview was recorded.[2] At the outset, and throughout the interview, Mr. McFadden it was clear that Mr. McFadden was not under arrest and that he could leave if he wished. During the interview, Mr. McFadden largely denied the allegations. At the conclusion, he left of his own accord.

Mr. McFadden was later charged for several state offenses involving acts of child molestation of multiple victims. During his state cases, Mr. McFadden moved to suppress any statements he made during his interview as involuntary. The district court heard evidence and concluded his statements were voluntary. Exhibit 1 (INV_TRAN_00001350-1353). Mr. McFadden was later convicted and appealed. His convictions were overturned solely on speedy trial grounds. Based on some of the same acts of child molestation Mr. McFadden had been convicted of committing on J.W. and K.W., a federal grand jury returned an indictment against Mr. McFadden in 2019. ECF # 1. Three years after his indictment, Mr. McFadden now seeks to relitigate the voluntariness of statements he made in his interview nearly a decade ago. ECF # 81.

## DISCUSSION

Mr. McFadden claims that his statements, made during a non-custodial interview that he attended voluntarily and left of his own accord, were involuntary and should be

---

[2] A copy of the recording and a transcript of the interview were provided in discovery and can be provided to the Court if requested.

suppressed. Mr. McFadden's motion should be denied for at least two reasons.

First, Mr. McFadden has already fully litigated this issue. Under similar circumstances, other Courts in this circuit have found that the doctrine of collateral estoppel would prevent a defendant from reasserting identical arguments in support of a motion to suppress. See *United States v. Yung*, 786 F.Supp 1561, 1564-65 (D. Kan. 1992); *United States v. Campbell*, 2009 WL 361155 at *3 (D. Kan. 2009). However, the government acknowledges that the Supreme Court has expressed doubt that collateral estoppel can be applied in a criminal case. *See Currier v. Virginia*, ___ U.S. ___, ___, 138 S.Ct. 2144, 2154-55 (2018). Nevertheless, in prior cases Courts have, in an abundance of caution, incorporated prior orders by reference in subsequent rulings. See *Campbell*, at *3. The Court can simply recognize that Mr. McFadden has had a full and fair opportunity to litigate this matter, adopt the transcript of those proceedings into the record, and deny his motion. That is what the government recommends here.

Second, even if the Court is willing to entertain this matter anew, there is no basis in law or fact to suppress Mr. McFadden's statements.

A defendant's involuntary statements are not admissible. *United States v. Lopez*, 437 F.3d 1059, 1063 (10th Cir. 2006). The government bears the burden of proving, by a preponderance of the evidence, that a defendant's statements were voluntary. *Id.* In evaluating this matter, courts consider the totality of the circumstances including various factors: "(1) the age, intelligence, and education of the defendant; (2) the length of detention; (3) the length and nature of the questioning; (4) whether the defendant was advised of his constitutional rights; and (5) whether the defendant was subject to

physical punishment." *Id.* at 1064-64.  However, "coercive police activity is a necessary predicate" to finding a defendant's statements were involuntary. *Colorado v. Connelly*, 479 U.S. 157, 167 (1986).

Here, Mr. McFadden alleges he was "implicitly if not explicitly threatened in the lead up" to his interview and that he "was given the impression that he had no choice but to submit to an interview."  It is unclear how this is possibly true.  Mr. McFadden was invited to meet with Detective Prescott in a recorded phone call.  He chose to accept, coming down to the police station of his own accord.  They then met in an interview room, where it was immediately explained that it was an informal interview, and the door to the room was closed only for privacy.  Throughout the interview, Mr. McFadden was reminded that he was not under arrest and that he could leave if he wished, which he was permitted to do at the conclusion of the interview.  At no point did Detective Prescott, or the officer that later participated in the interview, engage in any coercive conduct that overbore Mr. McFadden's will.  Absent coercive police activity the inquiry simply ends.  *Connelly*, 479 U.S. at 167.

Even assuming police overreaching occurred, which the government disputes, the totality of the circumstances clearly establish that Mr. McFadden's statements were voluntary.  At the time of the interview, Mr. McFadden was 41 years old, and reasonably well-educated and intelligent.  He was never detained, nor subjected to any physical punishment.  Instead, he participated in an interview for approximately two hours that was largely conversational.  At the conclusion of that interview, he was informed that the investigation would continue and he was permitted to leave.  Nothing from this incident

suggests Mr. McFadden's will was overborne. Indeed, Mr. McFadden largely denied any criminal conduct.

## CONCLUSION

Mr. McFadden has already litigated the voluntariness of his statements and a court has concluded they were voluntary. Furthermore, the totality of the circumstances surrounding Mr. McFadden's interview demonstrates that his statements were voluntary. This Court should deny his motion to suppress.

Respectfully submitted,

COLE FINEGAN
United States Attorney

| *s/ Jeremy Chaffin* <br> JEREMY CHAFFIN <br> Assistant U.S. Attorney <br> U.S. Attorney's Office <br> 205 North 4th Street, Suite 400 <br> Grand Junction, CO 81501 <br> Tel: (970) 257-7113 <br> Fax: (970) 248-3630 <br> E-mail: jeremy.chaffin@usdoj.gov | *s/ Andrea Surratt* <br> ANDREA SURRATT <br> Assistant U.S. Attorney <br> U.S. Attorney's Office <br> 1801 California Street, #1800 <br> Denver, Colorado 80101 <br> Tel: (303) 454-0100 <br> E-mail: andrea.surratt@usdoj.gov |
|---|---|

Attorneys for the Government

## CERTIFICATE OF SERVICE

      I hereby certify that on this 6th day of October, 2022, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

**Defense Attorney:**
Sean M. McDermott

**Email Address:**
smcdermott@mswdenver.com

                    s/ Cosandra Foster
                    COSANDRA FOSTER
                    Paralegal Specialist
                    U.S. Attorney's Office
                    205 N. 4th Street, Suite 400
                    Grand Junction, CO 81501
                    Telephone (970) 241-3843
                    Fax (970) 248-3630
                    E-mail: cosandra.foster@usdoj.gov