1

DISTRICT COURT, COUNTY OF MESA, STATE OF COLORADO

CASE NOS. 2013 CR 000027, 2013 CR 000339, and
2013 CR 000342, DIV. 5

_____

REPORTER'S TRANSCRIPT (Motions Hearing)
_____

IN THE MATTER OF

THE PEOPLE OF THE STATE OF COLORADO,

     Plaintiff,

v.

MICHAEL TRACY MCFADDEN,

     Defendant.

_____

     The above-entitled matter came on for hearing
on Monday, August 25, 2014 at 10:33 a.m. before the
HONORABLE THOMAS DEISTER, District Judge.

APPEARANCES:

FOR THE PLAINTIFF:             DAVID WAITE

FOR THE DEFENDANT:            KARA SMITH
                           SCOTT BURRILL

ALSO PRESENT:               MICHAEL MCFADDEN
                           DEB BAILEY


GOVERNMENT EXHIBIT
1
1:19-cr-00243-CMA-GPG

INV_TRAN_00001504

1   was then making rulings based off of that.  And so

2   concerning the motion to suppress Michael McFadden's

3   statement, this only applies to 13CR27 because I think that

4   was the only case in which he was interviewed.

5           The motion itself is denied.  I can make a much

6   more elaborate ruling in a moment, but it does need to be

7   redacted.  Any reference to the voice stress analysis needs

8   to be eliminated, as an example.  Now I know that during

9   that process there were some statements made about factual

10  matters leading up to the voice stress analysis.  Now those

11  would be admissible, but references to the voice stress

12  analysis, the testing being done, the explanation that was

13  provided, after it was done the commentary by the officer,

14  "I think you lied," all of that is out.  But factual matters

15  concerning the questions that were asked on which Mr.

16  McFadden was asked factually about this incident would be

17  fair game.

18          However, I think in that -- correct me if I'm

19  wrong -- but he was asked to lie about certain things, so --

20  do you recall that?

21          MS. SMITH:  Uh-huh.

22          THE COURT:  Those statements are not admissible

23  where he was being directed to lie about certain things for

24  purposes of establishing a baseline for lying.

25          MR. WAITE:  Right.

1        THE COURT:  So I think you have to be very careful

2    about what's admitted there, but I think that there were

3    statements about did you do this, did you do this, did you

4    do this.  Those -- as long as he wasn't instructed to lie

5    about those I think his answers concerning those matters are

6    part of the interview that would be admissible.  Is that

7    clear for everybody?

8        MS. SMITH:  I think so.

9        MR. WAITE:  Yes, I think so.

10       THE COURT:  Now concerning this what I found was

11   that Mr. McFadden was not in custody.  He had come down

12   voluntarily.  He drove himself down, he was not arrested

13   while he was there.  He left.  I think he -- I think I

14   recall here that this was an incident where they were

15   talking about the voice stress analysis thing, I think there

16   was an issue about whether he could come back or not and

17   they said no, that it couldn't be done.

18       So I think Mr. McFadden then went out and spoke to

19   somebody, family members or someone that was with him.  Am I

20   right?  Did that occur here?  And so he spoke to them and

21   then he came back in and then went through the voice stress

22   analysis.  Or he called somebody.  I don't remember what the

23   deal was.  It seemed like there was a break somewhere in

24   there.

25       MS. SMITH:  I do think the Court might be getting

1    that confused with --

2              THE COURT:  Duke?

3              MS. SMITH:  Klaasen.  Does the Court remember Mr.

4    Klaasen?

5              THE COURT:  No, I remember that.  Well anyway --

6              MS. SMITH:  But I do think there was a break of

7    some sort.

8              THE COURT:  And I don't know if it was smoking or

9    what the deal was, but anyway, I found that there was no

10   force, threat, coercion.  There was -- that there certainly

11   was no arrest, there was no handcuffing.  I think the

12   officers let him know that the door was closed for just a

13   limited reason, for privacy sake, and he could leave at any

14   time.  All of that was provided throughout, at the early

15   onset.  Though he was not advised of Miranda, Miranda was

16   not required.

17             This was conversational throughout and very

18   chatty.  In fact, Mr. McFadden actually volunteered lots of

19   information, even without questions.  Detective Prescott

20   started the interview with the doors shut just for privacy,

21   and confirmed that he was down there on his own.  It was

22   just entirely conversational.

23             Also it's generally exculpatory because the

24   defendant talked about I didn't do this.  I think he said

25   that repeatedly, "I did not touch I.  I have never touched

1    I.'s penis."  Bottom line is, when all was said and done he

2    wasn't arrested and he walked out, just as he'd been

3    promised he could do.

4            When I talked about the tone being very

5    conversational, there was laughter during this, talking

6    about a variety of things.  It was very, very conversational

7    back and forth between Mr. McFadden and Mr. Prescott.

8            There was a little more confrontation when Mr.

9    Ansell (ph) entered the picture, but again, during this time

10   period Sgt. Ansell said, "Any time you want to leave just

11   say so and you'll walk out."  So I can't find that there's

12   any basis whatsoever to exclude the statement made by Mr.

13   McFadden.  Looking at all the circumstances he was never in

14   custody, it was entirely conversational.

15           Among the things that I consider is that Mr.

16   McFadden is experienced in the legal system.  He has talked

17   about that during this interview, about the things that have

18   happened in his past, and so he clearly was not in any way

19   either in custody or in any way talking involuntarily.  The

20   statements are entirely voluntary and that the statement is

21   -- the motion to suppress is denied.

22           I think that's all I would be prepared to rule on

23   now.  I think the other ones -- let me see what they are.

24           MS. SMITH:  Your Honor, I have two questions, I

25   think.  I filed a motion for a bill of particulars in all