IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL TRACY McFADDEN,

    **Defendant.**

---

**REPLY SECOND MOTION TO COMPEL PRODUCTION AND REQUEST FOR SUBPOENA RETURN DATE**

---

    Mr. McFadden by and through his attorney Sean M. McDermott, submits to this Honorable Court his reply to his Second Motion to Compel Production and Request For Subpoena Return Date:

    1.    The request for these records are specific. The records exist. Based on the discovery and investigation, the records are believed to be at Western Colorado Counseling, which is located at 2829 North Ave unit 207, Grand Junction, CO, 81501.

    2.    The defense is asking for permission to subpoena these records, because absent a Court order, Western Colorado Counseling likely cannot produce the records.

    3.    The records are governed by Public Law 104 – 191, the Health Insurance Portability and Accountability Act of 1996. (HIPPA).

    4.    The U.S. Department of Health and Human Services ("HHS") issued what is known as the "Privacy Rule" to implement the privacy requirement of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Pub. L. 104-191. The Privacy Rule

standards address the use and disclosure of individuals' health information which is called "protected health information" by organizations subject to the Privacy Rule as well as standards for individuals' privacy rights to understand and control how their health information is used.

5.	With respect to Court orders and Court subpoenas, 45 C.F.R. § 164.512(e) controls. For an entity to disclose records, the request must be by way of a Court order. Alternatively records can be produced in response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if the covered entity receives satisfactory assurance, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets certain requirements.  See 45 C.F.R. § 164.512(e) (Exhibit B at Doc. No. 81-2).

6.	With respect to the therapy records the defense has specifically identified persons who made outcries during therapy. These people are KW, EM, DO, IS, KW, and IS.

7.	The defense needs these records to properly defend Mr. McFadden. They are discoverable under Federal and Colorado law.

## Federal Law

8.	 A subpoena for documents may be quashed if their production would be "unreasonable or oppressive," but not otherwise.

> In order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend

>unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

United States v. Nixon, 418 U.S. 683, 699-700, 94 S. Ct. 3090, 3103 (1974).

9. Federal Rule of Evidence 501 does not create a privilege. The United States cannot cite a common law privilege between a child and a therapist. However, as stated in Paragraphs 12 and 13, a disclosure that is made pursuant to Colorado's mandatory reporting law, is not a privileged disclosure and is subject to disclosure. Therefore the cases cited in the United States response **(Doc. No. 86 p. 5)** which include, *Jaffee v. Redmond,* 518 Us. (1996); *United States v. Glass*, 133 F.3d 1356, 1358 (10th Cir. 1998), and *Kinder v. White,* 609 Fed. Appx. 126, 131-132 (4th Cir. 2015) do not apply to the materials that Mr. McFadden requests.

10. To protect from over disclosure of records, courts have recognized that at a minimum a Court should conduct an in-camera review of otherwise protected records, to determine whether the disclosure of these records is necessary to protect a criminal defendant from having his due process and confrontation clause rights violated. This was recently the conclusion with respect to therapist records in *United States v. Arias*, 936 F.3d 793, 800 (8th Cir. 2019). This has also been done with other protected records such as state child welfare files. *Pennsylvania v. Ritchie*, 480 U.S. 39, 58, 107 S. Ct. 989, 1002 (1987).

11. With respect to education records disclosure of records may occur to comply with a lawful subpoena or court order. 34 C.F.R. § 99.31(a)(9) (i-ii). (A copy of 45 C.F.R. § 99.31 was attached as Exhibit C, found at Doc. No. 81-3).

## Applicable Colorado Law

12. A therapist or mental health professional is required to report suspected abuse or cause a report to be made of such fact to the county department, the local law enforcement agency, or through the child abuse reporting hotline system. C.R.S. § 19-3-304. The incident of

privileged communication between patient and a professional which is the basis for a report pursuant to section 19-3-304, shall not be a ground for excluding evidence in any judicial proceeding resulting from a report pursuant to this part 3. C.R.S. § 19-3-311(1). Therefore, these communications are not privileged and can be obtained by the defense.

13.   The C.R.S. § 19-3-311 statutory exception is well recognized under Colorado case law.  In *Dill v. People*, 927 P.2d 1315 (Colo. 1996), the court applied C.R.S. 19-3-311 to a case involving sexual assault on a child by one in a position of trust.  In *Dill*, a psychologist prepared a written report based on a child's report of sexual abuse after conducting two separate interviews.  The psychologist first met with the child on January 18, 1992, and then followed up with the child again on January 24, 1992.  On February 24, 1992, the psychologist wrote and submitted a report to local police.  "The psychologist relied upon both the January 18 and January 24 interviews in preparing [the] written psychological report, which was provided to law enforcement authorities." Id at 1319.   Where it was clear that the psychologist's written report and testimony were based on her two initial meetings with the child, the court "[concluded] that any psychologist-client privilege that may otherwise have been applicable with respect to the communications between the child and the psychologist during the January 18 and January 24 meetings was abrogated under section 19-3-311." *Dill v. People*, 927 P.2d 1315, 1319 (Colo. 1996).

WHEREFORE, Mr. McFadden respectfully requests that this Court order that Mr. McFadden's defense team be permitted to subpoena the therapy records of the witnesses who were in therapy and are alleging that Mr. McFadden sexually assaulted them and that he be permitted to subpoena the education records of witness I.S. for an in-camera review by this Court.

Respectfully submitted,

s/Sean M. McDermott
   Sean M. McDermott
   McDermott Stuart & Ward LLP
   140 E. 19th Avenue, Suite 300
   Denver, CO 80203
   (303) 832-8888
   (303) 863-8888 (fax)
   Email: smcdermott@mswdenver.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 11th day of October 2022, I filed the foregoing **pleading** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

  s/ Sean McDermott
   Sean McDermott