IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL TRACY McFADDEN,

    **Defendant.**

---

### REPLY MOTION TO DISMISS DUE TO PREINDICTMENT DELAY

---

    Mr. McFadden by and through his attorney Sean M. McDermott, moves this Honorable Court to find that exculpatory evidence was lost due to preindictment delay and to therefore dismiss this matter:

    1.    Counts one and two span the dates of December 25, 2012, through January 3, 2013. Counts three and four include the dates of December 1, 2010, through January 1, 2011. Count Five includes January 1, 2007, through January 3, 2013. The indictment was filed on May 17, 2019.

    2.    The indictment was filed after Mr. McFadden was tried in the state of Colorado for the same conduct. His conviction was reversed. The Federal Government then decided to charge Mr. McFadden with Counts One through Five.

    3.    There was no reason the United States could not have charged Mr. McFadden at the time that the state of Colorado charged him.

    4.    John Fox, who was Mr. McFadden's roommate has passed away. Mr. Fox was present in the house that Mr. McFadden lived in during the time frame of the allegations.  Mr.

Fox could testify there would be close to 20 people in the home at a time. The people were there, because they trusted Mr. McFadden, and that Mr. McFadden assisted the adults and the kids who lived in the home. Mr. Fox could testify that he did not see Mr. McFadden commit crimes.

5. The Due Process Clause warrants dismissal of indictments for preindictment delay only in exceptional circumstances." *United States v. Comosona*, 848 F.2d 1110, 1113 (10th Cir. 1988). Instead, "statutes of limitations, which provide predictable, legislatively enacted limits on prosecutorial delay, provide the primary guarantee against bringing overly stale criminal charges." *United States v. Lovasco*, 431 U.S. 783, 789, 97 S. Ct. 2044, 52 L. Ed. 2d 752 (1977) (citations and internal quotation marks omitted).

6. To determine whether pre-indictment delay rises to the extraordinary level warranting dismissal with prejudice, a defendant must plead and prove by a preponderance of the evidence: (1) that the delay caused actual and substantial prejudice to the defendant; and (2) that the government delayed intentionally to gain a tactical advantage. *Lovasco*, 431 U.S. at 789; *Johnson*, 120 F.3d at 1110. With respect to the second prong, the government's delay must be purposefully designed to gain a tactical advantage or to harass the defendant. *United States v. Beitscher*, 467 F.2d 269, 272 (10th Cir. 1972).

7. Whether it was done at the time the state charges were filed or done after the fact, the Government has placed Mr. McFadden at a tactical disadvantage in this case. The disadvantage is great enough, that Mr. McFadden's due process rights have been violated.

WHEREFORE, at the conclusion of the trial, Mr. McFadden will request that the Court find that his due process rights were violated by intentional preindictment delay.

Respectfully submitted,

<u>s/Sean M. McDermott</u>
  Sean M. McDermott
  McDermott Stuart & Ward LLP
  140 E. 19th Avenue, Suite 300
  Denver, CO 80203
  (303) 832-8888
  (303) 863-8888 (fax)
  Email: smcdermott@mswdenver.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of October 2022, I filed the foregoing **pleading** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

s/ Sean McDermott
Sean McDermott