IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL TRACY McFADDEN,

    **Defendant.**

___

**DEFENDANT MICHAEL TRACY MCFADDEN'S MOTION TO CONTINUE AND RESET TRIAL DATE PURSUANT TO 18 U.S.C. §3161(h)(7)(A) AND TO EXCLUDE 60 DAYS FROM SPEEDY TRIAL**

___

COMES NOW, Mr. McFadden by and through his attorney Sean M. McDermott, and moves this Honorable Court to continue the scheduled trial date currently set for, November 7, 2022, and to exclude time from the Speedy Trial Act (18 U.S.C. §3161). **As a prefatory matter, counsel for Mr. McFadden is not asking for a lengthy continuance. He is asking for enough time to effectively prepare for trial following the Motions Hearing that is scheduled for October 18, 2022.** Without knowing what the Court's availability is, the defense is asking for **60 days** to be excluded from the speedy trial clock. As further grounds thereof, Mr. McFadden states the following:

Conferral

1. On October 10, 2022, the parties conferred by electronic mail. Undersigned counsel stated that after reviewing the court's orders and some email correspondence, that undersigned would be moving to continue the trial that is scheduled for November 7, 2022. This conferral occurred, in the context of discussing an email thread that discussed the location of the

trial. Undersigned counsel pointed out that with the procedural posture of the case, trying this case (within three weeks of the Motions Hearing) would be a challenge, irrespective of where the trial was held. Undersigned was asked via electronic mail whether he could get the case tried if the trial location were in Denver. Undersigned counsel asked to confer by phone regarding trial logistics. Assistant United States Attorney Jeremy Chaffin stated that he had work commitments but would attempt to call the next day, today October 11, 2022. As of this writing the parties have not connected. Based on the October 10, 2022, email correspondence, undersigned counsel believes that the relief requested is opposed by the United States.

Procedural Summary of the Case

2. For conciseness, Mr. McFadden incorporates by reference the procedural summary of the case previously filed. This history has been previously briefed. Mr. McFadden incorporates by reference the procedural history of this case as set forth in the previously filed Unopposed Motions to Continue the Trial Date and Ends of Justice Continuances, **Doc. No. 19 ¶¶,1-15; Doc. No. 28, ¶¶ 1-31; Doc. No. 31, ¶¶ 1-40; Doc. No. 37, ¶¶ 1-47; Doc. No. 42, ¶¶ 1-36; Doc. No. 47, ¶¶ 1-27; Doc. No. 51,¶¶ 1-37; Doc. No. 55, ¶¶ 1-45.**

3. Counsel for Mr. McFadden filed an Errata to Doc. No. 51 at Docs. Nos. 52 and 53. Following the filing of **Doc. Nos. 51 – 53**, The Court moved the Motions deadline, but the previously scheduled jury trial remained scheduled for May 2, 2022. **Doc. No. 54.**

4. On February 1, 2022, undersigned counsel filed his *Defendant Michael Tracy McFadden's Eighth and Unopposed Motion to Vacate and Reset Trial Date Pursuant to 18 U.S.C. § 3161(h)(7)(A)*. **Doc. No. 55.**

5. A major reason that Doc. No. 55 was filed was because Mr. McFadden's counsel had a medical diagnosis that required surgery and recovery time. Counsel was unable to physically

conduct the May 2, 2022, trial.  **Doc. No. 55 ¶ 22.**

6.  In The Motion to Vacate and Reset that was filed at Doc. No. 55, undersigned counsel pointed to fact that his diagnosis occurred in late November, efforts were made to get immediate treatment in December, but that immediate treatment was unavailable, and that other unforeseen difficulties had occurred. **Doc. No. 55 ¶ ¶ 22-27.**

7.  On February 3. 2022, this Honorable Court in response to Doc. No. 55, ordered the trial to be continued and time to be excluded from the speedy trial clock.

8.  In the Court's Order at Doc. No. 56, the Court ordered that trial was going to be a five-day jury trial set to begin On November 7, 2022, at the Arraj Courthouse in Denver, Colorado. **Doc. No. 56 p. 3**.

9.  Counsel has recovered well, this past medical condition will likely not recur, and counsel has limited his workload to focus on this case, and to prevent any delays due to future circumstances whether they are foreseen or unforeseen.

10.  Mr. McFadden was represented by the Public Defender from May 23, 2019 **(Doc. No. 4)** until February 9, 2021.

11.  Undersigned Counsel entered his appearance as CJA counsel on February 15, 2021. **Doc. No. 47.** As discussed below, shortly after this and at about the time that counsel received discovery, Mr. McFadden was moved from the detention center in Clear Creek County to the detention center in Washington County.

12.  The defense has consulted with an expert witness. The expert witness has assisted in getting counsel to analyze the facts underlying what the defense believes to be the false outcries and allegations surrounding this case.

13.  Based on the belief that trial is to be held in Denver, defense counsel obtained an

3

investigator who has another case in Grand Junction. Since this investigator has another case in Grand Junction, it made sense to have this investigator assist with subpoenas and witness interviews leading up to trial. However, this investigator is not based in Grand Junction.

14. Prior to receiving an order stating that the trial would be held in Denver (**Doc. No. 56**), the defense had contacted a Grand Junction based investigator. However, since the trial was scheduled to be in Denver, authorization for a Grand Junction investigator was not sought or obtained.

15. In an email exchange initiated by the United States, the parties were recently informed that although the Court ordered the case to be tried in Denver **(Doc. No. 56),** the case will now be tried in Grand Junction. The parties were informed that if the defense wishes to have the trial in Denver, the defense needs to file a Motion to have the trial in Denver.

Outside of the Court's Procedure and Control

16. In February 2021, when counsel accepted appointment in this matter, Mr. McFadden was being detained at the Clear Creek County Jail. This facility is 45 miles from counsel's office. It generally takes 52 minutes to drive there from undersigned's office.

17. In March 2021, Mr. McFadden was moved from the Clear Creek County Jail to the jail in Washington County. This facility is 115 miles from undersigned's office. It generally takes approximately two hours to get to this facility from counsel's office.

18. COVID also made visitation more of a challenge than usual. In the interest of time and safety, virtual visits were attempted via a service called Homewav. However, the Homewav service lacked privacy. The last time Homewav was used another inmate was sweeping next to Mr. McFadden when Mr. McFadden was consulting with counsel.

19. The sheer volume of discovery has been well documented in previous pleadings.

4

This case is a challenge to properly prepare for, under ideal circumstances. Ideal circumstances have not been present during the pendency of this case.

### Legal Standard For Continuances

20. Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

21. Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
> . . . .
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B). *See also*, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

22. In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need

asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.  *See id.* No single factor is determinative. *See id. 50.*

23.     The decision to grant an "ends of justice" continuance is within the sound discretion of the Court and is reviewed under an abuse of discretion standard.  *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998).  The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

Argument

24.     This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, undersigned counsel requests that this Court vacate the current trial date and exclude additional time from the speedy trial calculation. At this time, undersigned counsel is not requesting a finding of complexity under subsections (h)(7)(B)(ii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. §3161(h)(7)(B)(iv). The amount of information tendered by the government (8,600 pages of written investigative materials and 50+ hours of audio/video interview footage) is extensive. Furthermore, novel questions of law will be addressed, as the United States has filed extensive Motions regarding FRE 404(b), the timing of the indictment, a

request for subpoenas regarding possible privileged information have been filed. This is a complex case, except for the fact there is only one defendant. See 18 U.S.C. § 3161(h)(7)(B(ii).

25. The Motions Hearing that is scheduled for October 18, 2022, is more significant than most. The outcome of this hearing will dictate what evidence and witnesses will be permitted to testify. This involves FRE 414 evidence which if admitted will be extremely difficult and prejudicial. **See Doc. Nos. 37, 40, 41, 77, 78, 89, and 90.** This will also determine what witnesses will need to be impeached, and whether additional impeachment witnesses need to be secured for trial.

26. Additionally, the Court ordered that the trial be conducted in Denver. **Doc. No. 56**. However, in an off the record discussion, it appears that the trial may now be conducted in Grand Junction.

27. The defense did not file a Motion for a Change of Venue, because the defense relied on the Court's order which states that the trial will be held in Denver.

28. On information and belief, the state criminal prosecution has received a lot of local media attention in Grand Junction that included an effort to not retain the trial judge. This issue should be fairly determined.

29. The failure to grant the requested continuance on behalf of Mr. McFadden would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation as discussed in 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

30. Finally, a speedy trial extension of an additional 60 days would not offend the standard set forth by the Tenth Circuit in the *West* decision. This is the case for the following reasons as it relates to the *West* factors:

   (1) <u>The diligence of the party making the request</u> - the defense has reviewed the materials and has traveled extensively to meet with Mr. McFadden. The

subject matter spans large geographical area, and the evidence that the prosecution wants to tender covers several years. In part, because of less-than-ideal situations which pertain to the location of Mr. McFadden during the COVID pandemic, Mr. McFadden has communicated with both sets of counsel by reviewing the discovery and sending detailed written communications by mail. Mr. McFadden and his counsel have made good faith efforts to prepare for trial under less-than-ideal circumstances. Mr. McFadden has been extremely diligent in assisting his lawyers. He should not punished for circumstances that have been outside his control.

(2) <u>the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance.</u> The case has made progress. As this case has posed challenges, defense counsel has foregone other work, so that this case can be the primary focus. A relatively short continuance will ensure that this is the focus of the parties, and Mr. McFadden will receive a fair trial. A fair trial will occur if, Mr. McFadden is given an additional 60 days to prepare for trial.

(3) <u>the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance</u>. The prosecution will not be inconvenienced by a short continuance. The confusion over where the trial date will occur, began in emails dated September 23 and 26. On September 26, the defense stated that it relied on the court's order regarding the location of the trial. The prosecution can easily subpoena witnesses for another trial date. They can do this as easily if not easier than the November 7th trial date. The real inconvenience is borne by the defense. Given the posture of this case, the defense cannot effectively try this case on November 7, 2022. The defense cannot uproot everything, walk away from commitments for a lengthy period of time on short notice, have Mr. McFadden move to another location, without time for additional support to be put in place.

(4) <u>the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance</u>. Mr. McFadden is facing mandatory minimum sentence of 30 years for counts one and three and not less than ten years for counts two, four, and five. All counts face a sentence of up to life imprisonment. If Mr. McFadden is not given the additional 60 days following the Motions Hearing to properly confer with counsel, secure witnesses, and prepare in a predictable manner, with counsel who has adequate time to make arrangements to try the case either in Denver or another location, the result will be catastrophic.

31. Under the *West* standard the Court should grant an additional 60 days to ensure that the trial is a fair trial.

WHEREFORE, Mr. McFadden respectfully requests that this Court issue an Order to vacate the trial date, excluding 60 days from the speedy trial calculation, and re-setting the trial

Respectfully submitted,

s/Sean M. McDermott
　Sean M. McDermott
　McDermott Stuart & Ward LLP
　140 E. 19th Avenue, Suite 300
　Denver, CO 80203
　(303) 832-8888
　(303) 863-8888 (fax)
　Email: smcdermott@mswdenver.com

9

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 11th day of October 2022, I filed the foregoing **pleading** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

      s/ Sean McDermott
         Sean McDermott