IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  MICHAEL TRACY McFADDEN,

    Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO CONTINUE AND RESET TRIAL DATE PURSUANT TO 18 U.S.C. § 3161(h)(7)(A) AND TO EXCLUDE 60 DAYS FROM THE SPEEDY TRIAL CLOCK [ECF #94]**

The United States of America, by and through Jeremy Chaffin and Andrea Surratt, Assistant United States Attorneys, submits this response in opposition to the defendant's motion to continue, reset the trial date, and exclude 60 days from the speedy trial clock. [ECF #94].

<u>Background</u>

Trial in the above-captioned matter was originally set for July 1, 2019. [ECF #11]. Since then, the Government has consented to numerous requests for continuances, first from the Federal Public Defenders, and then from Mr. McDermott. This case is complex, the alleged conduct is ten years old and, accordingly, those continuances were entirely warranted under the applicable law. However, the current trial date in the above-captioned matter—November 7, 2022—has been set since February 3, 2022, following the defendant's eighth request for a continuance. [ECF #56]. Due to COVID-19 protocols, the November 7, 2022, trial was set in Denver. [ECF

1

#56].

On February 4, 2022, after the November trial date was set, the Government contacted the Court via email, copying Mr. McDermott, and asked if the trial would occur in Denver or Grand Junction.  The Court informed the parties that, although trials were still being set in Denver because of COVID-19, it was the Court's hope that trials could start occurring in Grand Junction.  As of February 4, 2022, therefore, Mr. McDermott was on notice that the upcoming trial would be set in Grand Junction if the COVID-19 situation allowed it.

On September 26, 2022, in response to inquiry from the Government, the Court informed the parties that since the COVID-19 situation now allows use of the Grand Junction courthouse, the expectation is that all Grand Junction jury trials will be held in Grand Junction.[1]  The Government informed the Court that it is the Government's position that this case should be heard in Grand Junction.  Mr. McDermott expressed a preference for the trial to be in Denver, and the Court invited him to file a motion to address the matter.

On October 10, 2022, Mr. McDermott informed the Government that he is considering filing a motion to continue the trial and, additionally, for reasons that he cannot get into, he cannot go to Grand Junction in November.  The Government told Mr. McDermott it opposes a further continuance and inquired whether he would be able to do the trial if it is in Denver instead of Grand Junction.  He replied that it would present "challenges" for him even if it was in Denver.

On October 11, 2022, Mr. McDermott filed a motion to continue, reset the trial

---

[1] This has been the case since at least April 11, 2022.  *See* http://www.cod.uscourts.gov/Portals/0/Documents/Orders/GO_2022-4_Court_Operations.pdf.

2

date, and exclude time from the speedy trial clock. [ECF #94]. In it, he explained—once again—that, in essence, this is a complex case that required extensive investigation on his part. He also explained that he did not file a motion for change of venue because he thought the trial was set for Denver.

## Argument

The offense conduct in this case is 10 years old. The Government's indictment against the defendant has been pending for 3½ years. Nothing in the defendant's motion explains why, three weeks before a trial that has been set for nine months, a continuance is required. He does not explain what he has remaining to accomplish, or how an additional 60 days will benefit the defendant's defense. More importantly, the victims and their families have now been subject to eight continuances of this trial. On the instant occasion, as with prior trial settings, the Government has begun preparing those witnesses for the upcoming trial, repeatedly causing them incredible stress and trauma. Witnesses have delayed trips and rearranged their lives over and over again because of defense requests for continuances in this case. It should go without saying that the victims in this case, who were small children at the time of the alleged abuse and who are now teenagers and young adults, deserve closure. Further delay also presents hardship and inconvenience to the Government. The offense conduct in this case is already 10 years old, and as time passes, memories fade and witnesses become more difficult to locate.

Although the defendant's motion is not a motion for change of venue, in it he does complain that trial in Grand Junction would be difficult for him. Although the Government believes that this Grand Junction-indicted case should be held in Grand Junction where most of the Government's witnesses, the case agent, and one of the

3

prosecutors are located, the Government will not object to trying the case in Denver if the Court determines Mr. McDermott cannot travel to Grand Junction, and if it means the trial can go forward on November 7, 2022.[2]

## Conclusion

It is the Government's position that this trial should occur as scheduled on November 7, 2022, in Grand Junction and opposes any further continuance. However, if the Court determines that Mr. McDermott has a legitimate reason he cannot travel to Grand Junction in November, the Government does not object to trial occurring in Denver, so long as it can go as scheduled on November 7, 2022.

Respectfully submitted,

COLE FINEGAN
United States Attorney

| s/ Jeremy Chaffin | s/ Andrea Surratt |
|---|---|
| JEREMY CHAFFIN | ANDREA SURRATT |
| Assistant U.S. Attorney | Assistant U.S. Attorney |
| U.S. Attorney's Office | U.S. Attorney's Office |
| 205 North 4th Street, Suite 400 | 1801 California Street, Suite 1600 |
| Grand Junction, CO 81501 | Denver, CO 80202 |
| Tel: (970) 257-7113 | Tel: (303) 454-0124 |
| E-mail: jeremy.chaffin@usdoj.gov | E-mail: andrea.surratt@usdoj.gov |

Attorneys for the Government

---

[2] One of the Government's witnesses—a blind expert—may need to testify via VTC as she will be recovering from surgery during the time of trial, making travel to Denver impossible. Presumably, the defense will not object to an accommodation that is necessary because of its request to try the case in Denver.

4

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 12th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

**Defense Attorney:**
Sean M. McDermott

**Email Address:**
smcdermott@mswdenver.com

5