IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Gordon P. Gallagher

Criminal Action No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL TRACY MCFADDEN,

    Defendant.

---

**ORDER DENYING MOTION FOR BILL OF PARTICULARS AND MOTION TO AUTHORIZE SUBPOENA**

---

This matter is before this Court for determination of Mr. McFadden's Motion for Bill of Particulars (D. 61),[1] and Request for Subpoena *Duces Tecum* (D. 81). Those motions are referred to this Court for determination pursuant to the June 13, 2019 Order of Reference (D. 18).

Mr. McFadden is charged in a five-count Indictment of May 17, 2019 (D. 1). Counts One and Two charge him with crossing state lines for the purpose of engaging in sexual acts with a minor, K.W., in violation of 18 U.S.C. § 2241(c) (Count One), and 18 U.S.C. § 2423(a) (Count Two). Counts Three through Five allege the same crimes with a different victim, J.W.

    A. Motion for Bill of Particulars

Mr. McFadden moves (D. 61) for a Bill of Particulars relating to Count Five. As pled in the Indictment, that count alleges:

---

[1]    References to (D. __) are to the cited docket number.

> Between on or about January 1, 2007, and on or about January 3, 2013, in the State and District of Colorado, and elsewhere, the defendant, MICHAEL TRACY McFADDEN, did knowingly transport J.W., an individual who had not attained the age of 18 years in interstate and foreign commerce, with the intent that such individual engage in sexual activity for which any person can be charged with a criminal offense.

Mr. McFadden argues that this Count 'spans a six-year period of time" and that "without more specificity, [he] cannot defend this charge." He does not specifically identify the types of information that he contends should be included in a Bill of Particulars, but a fair reading of his reference to concerns about the time span of the count suggest he is seeking a more specific indication of the date(s) on which the conduct at issue occurred.

An Indictment is sufficient where in "quotes the language of a statute and includes the date, place, and nature of illegal activity" and it "need not go further and allege in detail the factual proof that will be relied upon to support the charges." *U.S. v. Doe*, 572 F.3d 1162, 1173 (10th Cir. 2009). The Indictment need only provide the defendant with the <u>theory</u> of the Government's case, not an articulation of the <u>evidence</u> the Government intends to produce. *U.S. v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996); *see also U.S. v. Dunn*, 841 F.3d 1026, 1029 (10th Cir. 1988) ("a Bill of Particulars is not a discovery device"). Nevertheless, in situations where a facially-sufficient Indictment nevertheless fails to adequately advise the defendant of the charge against him with sufficient precision to allow him to prepare a defense, a Bill of Particulars might be appropriate. *Id.*

Here, Mr. McFadden has not demonstrated that the Indictment's failure to identify the <u>specific</u> dates on which he alleged transported J.W. to engage in sexual activity precludes him from presenting a defense. Mr. McFadden is adequately advised of the Government's theory of the offense and the general time frame in which the crime occurred. Although a six-year period

is a fairly wide temporal window, the Government explains that it has not provided a more specific date because it does not have one. With regard to the assault charged in Count Five, the Government has previously stated that "J.W. was unsure of the precise time frame of this assault. As a result, the charged time period in the Indictment encompasses the approximate time period during which the defendant subjected J.W. to sexual assaults. . . During the charged time period J.W. was 12 years-old or younger." (D. 39 at 3). The Government has adequately advised Mr. McFadden of the specific conduct it alleges in Count Five, namely that "during this specific instance, they were transporting goods to or from Arizona. J.W. recalled stopping at a Love's truck stop and sleeping in the sleeper compartment of the truck. J.W. described the defendant placing his penis into J.W.'s butt during the night." *Id.* Thus, the Court finds that Mr. McFadden has been provided with information sufficient to permit him to marshal a defense to Count Five.

Moreover, the Court notes that Mr. McFadden has recently moved to continue the trial in this case, citing to "extensive" discovery produced by the Government, consisting of "8,600 pages of written investigative materials and 50+ hours of audio/video interview footage." (D. 94 at 6). Presumably, that footage includes any statements by J.W. detailing as much information about the incidents as he can recall.[2] In these circumstances, Mr. McFadden has adequate information to prepare a defense to Count Five and no Bill of Particulars is required.

Accordingly, the motion is denied.

**B. Motion for Subpoena**

---

[2] Although it does not necessarily rely upon this fact in reaching its ruling, the Court is compelled to observe that Mr. McFadden was previously tried in state court on the same allegations by J.W. (D. 39 at 4). Thus, it would appear that Mr. McFadden is certainly familiar with J.W.'s allegations and the degree of specificity that he can offer about them.

Mr. McFadden moves (D. 81) for the Court to authorize his to submit subpoenas *duces tecum* to obtain "the therapy records of the witnesses" – identified as victim K.W. and witnesses E.S. and I.S. – "who were in therapy and are alleging that Mr. McFadden sexually assaulted them."[3] Mr. McFadden points to several instances in which discovery has revealed that the identified minor victims in this case or other Rule 404(b) witnesses either: (i) failed to make allegations against Mr. McFadden for long periods of time, despite knowing him; (ii) expressly stated on certain occasions that Mr. McFadden had not engaged in sexual contact with them, and (iii) accused persons other than Mr. McFadden of engaging in sexual contact with them. He tenders an affidavit from his expert who states that therapeutic treatments received by child victims of sexual abuse are "known to affect the accuracy of the individual's memories" and that "source misattribution errors are common memory mistakes made by children," including "recalling an event but erroneously reporting the source of that recollection." Thus, Mr. McFadden seeks to obtain the therapy records of each victim and Rule 404(b) witness in order to address their statements "contrary to their inculpatory statements" and thereby "ensure that Mr. McFadden's rights under the confrontation clause and the due process clause are preserved and exercised." He does not identify the particular individuals to whom the subpoenas would be directed,[4] nor has he specifically described the particular records he intends to obtain.

The Government raises several arguments in opposition to Mr. McFadden's motion: (i) that Fed. R. Crim. P. 17(c)(3) requires that motions seeking to subpoena the confidential

---

[3] Mr. McFadden also seeks to subpoena special education records relating to witness I.S., as such information may include "information relative to the child's early sexual behavior and sexual knowledge."

[4] In his reply brief, Mr. McFadden clarifies that the subpoena would be sent to "Western Colorado Counseling" in Grand Junction, Colorado.

4

information about a victim be served on the victim, allowing him or her the opportunity to object, and that Mr. McFadden has not served his motion on victim K.W.; (ii) Mr. McFadden's motion is insufficiently specific in identifying which persons' records are sought and from whom; (iii) Mr. McFadden's itemization of the instances fails to adequately identify a basis for believing that "misattribution errors" have occurred in the witness' testimony; (iv) that Mr. McFadden simply seeks the records to "scour [them for] fodder for cross-examination," an impermissible purpose; and (v) Mr. McFadden cannot demonstrate how the records, even if he obtained them, could possibly be used at trial over the hearsay rule and doctor-patient privileges.

Fed. R. Crim. P. 17(c)(1) provides that parties may issue subpoenas ordering witnesses to produce books, papers, and other information, either at trial or prior to trial. In *U.S. v. Nixon*, 418 U.S. 683, 698-700 (1974), the Supreme Court explained that the subpoena process is not a device for obtaining discovery; it is a mechanism to secure the production of admissible evidence that the party intends to offer at trial. *Id.* at 698-99, *citing Bowman Dairy Co. v. U.S.*, 341 U.S. 214, 219-20 (1951). *Nixon* requires the movant to show: (i) that the documents sought are evidentiary and relevant; (ii) that they are not otherwise procurable; (iii) that the party cannot prepare for trial without obtaining the material in advance of trial; and (iv) that the application is not a "general fishing expedition." *Id.* at 699-700.

The Court finds that Mr. McFadden has not carried his burden. It appears to the Court that Mr. McFadden is engaged in the sort of "fishing expedition" mentioned in *Nixon*. He does not assert any facts that suggest a knowledge or belief that the therapy records he seeks to subpoena do show that a therapist has induced the child witnesses to misattribute instances of sexual abuse to Mr. McFadden. Rather, it appears that Mr. McFadden wishes to review the therapy records to see if the therapists did so. Thus, Mr. McFadden's request for the records is in

the nature of discovery, not an attempt to secure evidence that Mr. McFadden necessarily intends to offer at trial. As *Nixon* and *Bowman Dairy* explain, this is not a proper use of a Rule 17 subpoena.

Moreover, it appears that Mr. McFadden already has all of the information he needs to prepare his defense, without needing the subpoenaed therapy records. Mr. McFadden already has evidence reflecting situations in which the child witnesses "initially made statements that Mr. McFadden did not molest them." (D. 81, ¶ 9.) He has ample information reflecting that the witnesses then began therapy (D. 81-1, ¶ 15), and then records reflecting that thereafter, they "ended up changing their story and making allegations against Mr. McFadden" (D. 81, ¶ 9). Coupled with his expert's affidavit that explains that therapeutic treatments "are known to affect the accuracy of the individual's memories for the traumatic events," Mr. McFadden has all the pieces necessary to prepare a defense that the witnesses' accusations were induced via the therapy process. The crux of the defense is the timing of the child witness changing their story – that the change occurred after therapy began – and that information is already in Mr. McFadden's possession.

The Court is also persuaded by the Government's argument that Mr. McFadden faces several hurdles to demonstrate that the therapy records could be presented as admissible evidence. The Government highlights that statements made by the child witnesses to therapists are likely privileged and are also hearsay for which no apparent exception would apply. Mr. McFadden's reply brief does not address this argument, leaving the distinct possibility that the records would not be admissible in evidence regardless of what they contain. This factor, too, marshals against granting Mr. McFadden's motion.

6

Finally, the Court also agrees with the Government's arguments concerning the lack of specificity in Mr. McFadden's motion and his failure to comply with Rule 17(c)(3).  As to the former, the Government correctly noted that Mr. McFadden's motion did not identify the particular therapists(s) he sought to subpoena.  In his reply brief, Mr. McFadden indicated only that a subpoena would be sent to Western Colorado Counseling.  The Court is compelled to note that Mr. McFadden's motion identifies K.W.'s counselor as Emily Bowman of the Montrose Center for Mental Health.   It is not clear to what extent the two entities are related or why K.W.'s counseling records with Ms. Bowman would be found at Western Colorado Counseling.  The imprecision in Mr. McFadden's showing as to how many subpoenas would be issued and to whom is another factor warranting denial of the motion.

In addition, Rule 17(c)(3) provides that before "a subpoena requiring the production of personal or confidential information about a victim may be served on a third party . . . the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object."  One of the targets of Mr. McFadden's contemplated subpoena is K.W., who is named in the Indictment as the victim in Counts One and Two.  Under Rule 17(c)(3), then, the Court could not grant Mr. McFadden's motion with regard to K.W.'s record without a showing that K.W. has been given notice of Mr. McFadden's request and been given an opportunity to respond.  Mr. McFadden has not given any indication that he provided K.W. with that notice.  This, too, warrants denial of the motion.

Accordingly, Mr. McFadden's request for authorization of a subpoena *duces tecum* is denied.

**C. Conclusion**

For the foregoing reasons, Mr. McFadden's Motion for a Bill of Particulars (D. 61) and Request for Subpoena (D. 81) are **DENIED**.[5]

Dated at Grand Junction, Colorado this October 13, 2022.

_____
Gordon P. Gallagher
United States Magistrate Judge

---

[5] Pursuant to 28 U.S.C. §636(b), any party objecting to the disposition of these motions must file objections within 14 days of service of a copy of this Order.