IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**MICHAEL TRACY McFADDEN,**

    **Defendant.**

---

**DEFENDANT MICHAEL TRACY MCFADDEN'S MOTION TO CONTINUE TRIAL PURSUANT TO 18 U.S.C. §3161(h)(7)(A)**

---

    COMES NOW, Mr. McFadden by and through his attorney Sean M. McDermott, and moves this Honorable Court to continue the scheduled trial date currently set for, November 7, 2022, and to exclude time from the Speedy Trial Act (18 U.S.C. §3161Without knowing what the Court's availability is, the defense is asking for 60 days to be excluded from the speedy trial clock. As further grounds thereof, Mr. McFadden states the following:

Conferral

1.    The parties have conferred. The Government opposes the requested relief.

Speedy Trial Calculation

2.    Defense counsel calculates that there are 34 days remaining on the Speedy Trial Clock. See Doc. No. 42 ¶ 31. No additional days have run since this calculation.

Factual Reasons For the Continuance

3. The sheer volume of material in this case has been well documented. Mr. McFadden incorporates by reference his previous Motions to Continue which document the volume of discovery and reviewable material.

4. Undersigned counsel would need to file a Motion to Continue irrespective of the location of the trial. (See Restricted Document, Exhibit B that is being filed separately). That document is being filed without objection.

5. Counsel did believe that the trial was going to be conducted in Denver. (Exhibit A, Affidavit).

6. Undersigned counsel has documented items that need to be done and that have not yet been done, so that Mr. McFadden can have a fair trial. See Restricted Affidavit submitted in support of this Motion.

7. This includes, securing necessary witnesses to the proper venue, completing exhibits, and preparing examinations.

8. Mr. McFadden has not filed a Motion for Change of Venue. A Google search of Mr. McFadden's name shows that Grand Junction Media portrayed Mr. McFadden as a guilty person who got off on a technicality. Undersigned, has not properly investigated whether prejudice to Mr. McFadden will occur if the trial is held in Grand Junction.

9. In addition to the items in Paragraph 7, counsel needs additional time to prepare Mr. McFadden for trial. Basic things, such as obtaining clothes for Court need to be done. This is an example of something seemingly minor that needs to be done. But when counsel already does not have sufficient time remaining to prepare for trial, the minor things became major.

10. There are other reasons, that counsel has documented for not being able to conduct the trial on November 7, 2022, in Grand Junction, Colorado. (Exhibit B. Restricted Document).

11. Moving forward, undersigned counsel will do his part to make sure that CMA Crim. Practice Standard 1.2 is followed when scheduling matters, whether he initiates the scheduling communication or whether another party does so. Undersigned, also will implement an email review process to make sure that no communication between the parties and/or the Court are missed. (See Exhibit A).

12. If the Court grants this continuance, counsel will use the time allocated for the trial so that he can accomplish the items that he needs to accomplish to effectively represent Mr. McFadden.

13. Counsel needs this additional time. As documented in his restricted affidavit, a lot of things have coalesced during the representation of Mr. McFadden, that necessitates additional time, so that Mr. McFadden is properly represented.

14. Counsel is asking the court to exclude 60 days from the speedy trial clock so that he can conclude the things that need to be done, and so that Mr. McFadden receives a fair trial.

## Legal Standard For Continuances

15. Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

16. Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B). *See also*, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

17.   In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

18.   The decision to grant an "ends of justice" continuance is within the sound discretion of the Court and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate

4

preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

Argument

19. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, undersigned counsel requests that this Court vacate the current trial date and exclude additional time from the speedy trial calculation. At this time, undersigned counsel is not requesting a finding of complexity under subsections (h)(7)(B)(ii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. §3161(h)(7)(B)(iv). The amount of information tendered by the government (8,600 pages of written investigative materials and 50+ hours of audio/video interview footage) is extensive. Furthermore, novel questions of law will be addressed, as the United States has filed extensive Motions regarding FRE 404(b), the timing of the indictment, subpoenas regarding possible privileged information may be necessary. Essentially, this is a complex case, except for the fact there is only one defendant. See 18 U.S.C. § 3161(h)(7)(B(ii).

20. Mr. McFadden has diligently assisted his counsel. This request is through no fault of his. He has assisted with exhibits, when communication has been difficult as a result of COVID and the lack of privacy afforded at the facility in Washington County he written counsel and assisted in his defense as best he can. Mr. McFadden through no fault of his, had his counsel changed. Like everyone involved in this case, this matter has been difficult for him.

21. This case involves FRE 414 evidence which if admitted will be extremely difficult and prejudicial. Preparing for the contingency of this evidence is time consuming and difficult.

22. The defense did not file a Motion for a Change of Venue. As the Court pointed out at the October 17, 2022, this should have been done.

23. The state criminal prosecution has received a lot of local media attention in Grand Junction that included an effort to not retain the trial judge. This issue should be fairly determined.

24. An additional amount of time will result in counsel being properly prepared for trial. Undersigned counsel has limited his work so that the time and attention is devoted to this case, irrespective of other things that may occur. This case is the focus of counsel's time.

25. The failure to grant the requested continuance on behalf of Mr. McFadden would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation as discussed in 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

26. Finally, a speedy trial extension of an additional 60 days would not offend the standard set forth by the Tenth Circuit in the *West* decision.

27. To the contrary, given the fact that this case has been previously continued to ensure a fair trial to the parties, it would offend the *West* standard to not grant an additional 60 days to ensure that the trial is a fair trial.

WHEREFORE, Mr. McFadden respectfully requests that this Court issue an Order to vacate the trial date, excluding 60 days from the speedy trial calculation, and re-setting the trial

Respectfully submitted,

<u>s/Sean M. McDermott</u>
   Sean M. McDermott
   McDermott Stuart & Ward LLP
   140 E. 19th Avenue, Suite 300
   Denver, CO 80203
   (303) 832-8888
   (303) 863-8888 (fax)
   Email: smcdermott@mswdenver.com

7

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 19th day of October 2022, I filed the foregoing **pleading** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

      s/ Sean McDermott
         Sean McDermott