IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  MICHAEL TRACY McFADDEN,

    Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO CONTINUE TRIAL PURSUANT TO 18 U.S.C. § 3161(h)(7)(A) [ECF #104]**

The United States of America, by and through Jeremy Chaffin and Andrea Surratt, Assistant United States Attorneys, submits this response in opposition to the defendant's motion to continue, reset the trial date, and exclude 60 days from the speedy trial clock.  ECF #104.

<u>Continuance</u>

The Government strenuously opposes any additional continuances of this matter and believes that trial should proceed as long-scheduled—that is, in Grand Junction, on November 7, 2022.  Though Mr. McDermott vaguely claims that he is, as of this date, unprepared for a trial in Grand Junction, true hardship will come to the Government and its witnesses from additional delay.  As the Court knows, Government counsel who charged this case and who has the most familiarity with this case may be leaving the U.S. Attorney's Office this fall.  A continuance of this trial may unreasonably deprive the Government of continuity of counsel.  18 U.S.C. § 3161(h)(7)(b)(iv).

1

More importantly, however, the child victims in this case deserve closure. They have been subject to 3½ years of delay in this case. In that time, the Government has contacted the victims and their families multiple times in order to begin preparing for trial, only to have to explain that trial will be delayed again. This time, the victims and other witnesses have already been subpoenaed to appear in Grand Junction and are beginning to make travel arrangements. Many of them have already arranged to take time off work, in many cases despite the worry of the financial hardship occasioned by giving up shifts in their hourly-wage jobs.

In short, for the sake of victims, the witnesses, the public, and Government counsel, this trial needs to happen as scheduled in Grand Junction. Nothing in the defendant's publicly-filed motion convinces the Government otherwise. There are currently nearly three weeks left before trial—and at the time the defendant became definitively and unequivocally aware that trial was scheduled to proceed in Grand Junction, there was more than a month left before trial. *See* ECF #104-1 ¶ 10 (referencing email dated September 26, 2022). Surely this is enough time to complete the tasks that remain to prepare to try a case that has already been tried once in the state court system and has been pending in federal court for 3½ years.

Moreover, it seems to Government counsel—themselves experienced attorneys familiar with the demands of trial—that the specific tasks that the defendant claims he has left to complete can be adequately accomplished in the time remaining before November 7. Defense counsel claims that he needs to secure witnesses, complete exhibits, and prepare examinations. To date, the Government has heard of one defense witness—John Foxx—who is deceased and presumably will not be appearing at trial. As for other witnesses, the Government has already spoken with the FBI, who

2

will be happy to assist counsel in tracking down any witnesses that counsel believes necessary to his defense. And for preparing exhibits and examinations—the Government has these tasks remaining as well, so it cannot be said that the defendant is at a disadvantage in that regard. To the extent someone at Mr. McDermott's law firm cannot assist him in securing clothing for the defendant, the Government is willing to speak with counsel to see if the Government can assist with that too.

Counsel in this case has filed numerous motions and ably litigated them at the October 17, 2022, motions hearing in this matter. He made arguments and conducted a cross-examination of the Government's witness that demonstrated a mastery of the record in this case. To the extent counsel is feeling the pinch of an important trial bearing down, he is not alone in that regard. Government counsel, too, has a lot of work left to do. Nothing in the defendant's motion suggest that the defendant will be denied competent counsel, and his motion should be denied.

## Change of Venue

The defendant has still not filed a motion for change of venue. Perhaps this is because if he did, it would be easily denied. It is true that this matter received some publicity in Grand Junction in prior years. The last Google hit for "Michael McFadden grand junction," however, is from May 2019, when the federal charges against the defendant were brought. This is not a case where "extraordinary local prejudice will prevent a fair trial" because the "trial atmosphere [will be] utterly corrupted by press coverage." *Skilling v. United States*, 561 U.S. 358, 378, 380 (2010). In any event, any prejudice on the part of individual Grand Junction-based jurors can be dealt with at jury selection. *See id.* at 381 (noting that "[p]rominence does not necessarily produce prejudice, and juror impartiality. . . does not require ignorance").

To the extent Mr. McDermott seeks a change of venue to Denver for personal reasons, the Government is sympathetic, but is having a difficult time understanding why Mr. McDermott cannot make arrangements for childcare—or whatever other personal issues need his attention—given that he has known for sure this trial would be in Grand Junction since September 26, 2022.  *See* ECF #104-1 ¶ 10.  It seems unfair to inconvenience the Government's many witnesses—most of whom have work and childcare concerns of their own on the Western Slope—because of the personal difficulties of one attorney.

## Conclusion

The Court should deny the instant motion—the second such motion in as many weeks—to exclude time and continue this trial.  If the Court is inclined to grant the requested continuance, the Government believes it may be prudent for the Court to consider appointing counsel to assist Mr. McDermott in this matter.

Respectfully submitted,

COLE FINEGAN
United States Attorney

| | |
|---|---|
| *s/ Jeremy Chaffin* | *s/ Andrea Surratt* |
| JEREMY CHAFFIN | ANDREA SURRATT |
| Assistant U.S. Attorney | Assistant U.S. Attorney |
| U.S. Attorney's Office | U.S. Attorney's Office |
| 205 North 4th Street, Suite 400 | 1801 California Street, Suite 1600 |
| Grand Junction, CO 81501 | Denver, CO 80202 |
| Tel: (970) 257-7113 | Tel: (303) 454-0124 |
| E-mail: jeremy.chaffin@usdoj.gov | E-mail: andrea.surratt@usdoj.gov |

Attorneys for the Government

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

**Defense Attorney:**
Sean M. McDermott

**Email Address:**
smcdermott@mswdenver.com

*s/ Andrea Surratt*
ANDREA SURRATT
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Tel: (303) 454-0124
E-mail: andrea.surratt@usdoj.gov