IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Criminal Action No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL TRACY MCFADDEN,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO CONTINUE TRIAL PURSUANT TO 18 U.S.C. § 3161(h)(7)(A)**

---

This matter is before the Court on Defendant Michael Tracy McFadden's Motion to Continue Trial Pursuant to 18 U.S.C. § 3161(h)(7)(A). (Doc. # 104.) This case is currently set for trial to begin in two and a half weeks, on November 7, 2022. Mr. McFadden requests to exclude 60 days from the speedy trial clock on the basis that his counsel needs more time to be adequately prepared for trial. The Government opposes the Motion. (Doc. # 106.)

The Speedy Trial Act requires that a federal criminal trial commence within seventy days of the later of the filing of the information or indictment or the defendant's initial appearance. 18 U.S.C. § 3161(c)(1); *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009). "The Speedy Trial Act is designed to protect a criminal defendant's constitutional right to a speedy trial and serve the public interest in bringing

prompt criminal proceedings." *United States v. Thompson*, 524 F.3d 1126, 11131 (10th Cir. 2008). The Act excludes from the seventy-day period "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In order to exclude time pursuant to the ends-of-justice provision, a district court must set forth its findings and reasoning either orally or in writing. *Id.* The Court must consider:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)–(iv).

2

The ends-of-justice exclusion is "meant to be a rarely used tool for those cases demanding more flexible treatment." *Toombs*, 574 F.3d at 1269 (quoting *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989)). The record must clearly establish that the district court considered the proper factors at the time such a continuance was granted, however, "the district court need not articulate facts which are obvious and set forth in the motion for the continuance itself." *United States v. Occhipinti*, 998 F.2d 791, 797 (10th Cir. 1993).

The Court has reviewed Defendant's Motion (Doc. # 104), the ex parte Affidavit of counsel Sean McDermott (Doc. # 105), the Government's Response in opposition (Doc. # 106), and Defendant's Reply (Doc. # 107). The Court is also apprised of the record in this case and has carefully considered applicable legal authority and the above factors. Pursuant to this analysis, the Court makes the following findings.

This Court has granted eight (8) prior ends-of-justice continuances requested by Defendant in this case. On October 13, 2022, the Court denied Defendant's ninth motion to continue and reset trial date because Defendant failed to provide the Court with any meaningful justification for delaying this trial further. (Doc. # 99.) In the instant Motion, filed six days later, Defendant requests a continuance on the basis that his counsel needs more time to be prepared for trial.

Defendant states that "undersigned counsel is not requesting a finding of complexity under subsections (h)(7)(B)(ii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a

3

miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). Although the Court has acknowledged that some of the issues in this case (particularly the timeline, the potential number of witnesses, and evidentiary issues under Rule 414 and Rule 807) render the case more complicated, the Court agrees that a finding of complexity under 18 U.S.C. § 3161(h)(7)(B)(ii) is not appropriate in this case. The Court therefore narrows its analysis to factors (i) and (iv).

First, the Court finds that Defendant has failed to show that proceeding to trial in two and a half weeks would "result in a miscarriage of justice" under 18 U.S.C. § 3161(h)(7)(B)(i). In his Motion, Defendant states that his counsel needs more time for "securing necessary witnesses to the proper venue, completing exhibits, and preparing examinations." (Doc. # 104 at ¶ 2.) However, he does not identify what witnesses he deems necessary to secure. Defense counsel claims that he needs to secure witnesses, complete exhibits, and prepare examinations. In his Motion to Dismiss for Pre-Indictment Delay, the Defendant identified only one defense witness—John Foxx— his former roommate, who is deceased.  Counsel also indicates that he needs additional time to obtain clothes for Court for Mr. McFadden, secure witnesses, and review discovery.[1] The Court finds that these statements lacking detail are insufficient to demonstrate that counsel will be so unprepared as to result in a miscarriage of justice

---

[1] The Government states that it has spoken with the FBI, "who will be happy to assist counsel in tracking down any witnesses that counsel believes necessary to his defense." (Doc. # 106 at 3.) The Government also states that it is willing to assist in securing clothing for Mr. McFadden for trial.

4

should trial proceed in two weeks. *See Toombs*, 574 F.3d at 1271–2 ("Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough."). Defendant does not explain why his counsel cannot complete these tasks in the two and a half weeks remaining before trial, nor does he provide any detail or explanation as to the amount of time counsel needs to complete these tasks or in what way these tasks are so complicated—beyond the typical burden of preparing for trial—as to require additional time. Moreover, defense counsel has had nine months to prepare for this trial since the last continuance was granted. The Court also notes that at the motions hearing held on October 17, 2022, two days before the instant Motion was filed, defense counsel displayed a thorough understanding of this case. He litigated several motions, conducted cross-examination of the Government's witness, and made arguments that demonstrated strong familiarity with the record. Based on this performance, and without any further detail provided in the instant Motion as to what counsel needs to do to be effectively prepared for trial, the Court finds that Defendant has not demonstrated that a miscarriage of justice will occur should this case proceed to trial on November 7, 2022.

The Court also finds that Defendant's argument regarding needing time to prepare for trial is unavailing under 18 U.S.C. § 3161(h)(7)(B)(iv). Factor (iv) allows a continuance in the event that refusing to grant additional time "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, **taking into account the exercise of due diligence**." *Id.* (emphasis added). Counsel's arguments in his affidavit (Doc. # 105) and the instant

Motion (Doc. # 104) effectively amount to an admission that was distracted by personal matters and may not have appropriately managed his time or diligently prepared for trial, as is required by the statute.

Further, although counsel cites to some unforeseeable work complications, the Court notes that those complications occurred in 2021, prior to the last continuance granted in this case, and that this case is the only case counsel currently has set for trial. With respect to childcare concerns, counsel shares custody of his child with the child's mother. This is not a situation where there is no one to care for his child. Although the Court is sympathetic to counsel's other personal matters, including previous medical procedures, the Court again notes that these procedures occurred before the last continuance granted in this case. Counsel has not provided sufficient justification for his apparent lack of preparation for this trial in the last nine months.

The Court agrees with the Government that the child victims in this case deserve closure. They have been subject to 3½ years of delay in this case. The Government states that it has contacted the victims and their famalies multiple times in order to begin preparing for trial, only to have to explain that trial will be delayed again. The Government has already subpoenaed the witnesses to appear in Grand Junction and many of them have already arranged to take time off work, despite the worry of the financial hardship occasioned by giving up shifts in their hourly-wage jobs.[2]

---

[2] The Court is also aware that there is a possibility that Government counsel who charged this case and who has the most familiarity with this case may be leaving the U.S. Attorney's Office this fall. Thus, a continuance of this case would unreasonably deprive the Government of continuity of counsel pursuant to 18 U.S.C. § 3161(h)(7)(b)(iv), and could result in even longer delays for a case that has already been pending for three and a half years.

6

In sum, the Court finds that none of the four factors are met for granting a ninth continuance in this case and further delaying trial. Defendant has not demonstrated with specificity that his counsel is unable to be prepared for trial in two and a half weeks, and the Court finds that the ends of justice served by the granting of such continuance do not outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A); see *Toombs*, 574 F.3d at 1273 (observing that it is the responsibility of the district court to protect the best interests of the public by ensuring adherence to the requirements of the Speedy Trial Act).

The Court has also considered the factors from *United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990): (1) The diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; and (4) the need asserted for the continuance and the harm that [defendant] might suffer as a result of the district court's denial of the continuance. The Court finds that Defendant has not satisfied the first factor because he has had nine months to prepare for trial since the last continuance was granted, but he did not seek a continuance until three weeks before trial. Defendant has also not satisfied the second factor because he has not demonstrated specifically how additional time, beyond the two and a half weeks remaining before trial, will help Defendant with the tasks he has listed in his Motion, including securing witnesses, preparing exhibits and examinations, and procuring clothes for Mr. McFadden for trial. The Court notes that this to do list of remaining tasks

is typical of all trials and does not include any particular complication, such as newly disclosed evidence, that would plainly require extra time.

With respect to the third factor, for reasons listed above and in the Government's Response, the Court finds that there would be significant inconvenience to the Government and its witnesses if trial were to be delayed yet again. Finally, the Court finds that Defendant has not satisfied the fourth and most important factor because the purported need for the continuance—counsel needing more time to prepare for trial—is vague and insufficiently specific. Defendant has not shown what specific harm will occur if his counsel is not given additional time, beyond the remaining two-and-a-half weeks, to complete the typical tasks he asserts need to be done before trial. For these reasons, the Court finds that *Rivera* factors do not weigh in favor of granting a continuance.

For the foregoing reasons, Defendant's Motion to Continue Trial Pursuant to 18 U.S.C. § 3161(h)(7)(A) is DENIED.

DATED:  October 19, 2022

> BY THE COURT:
>
> *[signature: Christine M. Arguello]*
> CHRISTINE M. ARGUELLO
> Senior United States District Judge