**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Criminal Action No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MICHAEL TRACY MCFADDEN,

      Defendant.

_____

**FINAL JURY INSTRUCTIONS**

_____

*ORIGINAL INSTRUCTIONS*

*CMA*

**INSTRUCTION NO. 1**
**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions that apply in every criminal case – for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.  You will be allowed to take these instructions with you to the jury deliberation room, so you need not take notes as I read them to you.

**INSTRUCTION NO. 2**
**PURPOSE OF JURY AND DUTY TO FOLLOW INSTRUCTIONS**

You are here to decide whether the Government has proved beyond a reasonable doubt that Mr. McFadden is guilty of the crimes charged.  Mr. McFadden is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged.  The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether Mr. McFadden has been proved guilty of the crimes charged.

You, as jurors, are the judges of the facts.  But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.  That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took.

**INSTRUCTION NO. 3**
**ALL PERSONS EQUAL BEFORE THE LAW – IMPLICIT BIAS**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  Corporations and governmental agencies are entitled to the same fair trial as a private individual.  All persons, including corporations, governmental agencies, and other organizations stand equal before the law, and are to be treated as equals.  You should not be influenced by who the parties are, or who the witnesses are, i.e., whether they are rich or poor, young or old, well-educated or not.

You also should be aware of the natural human tendency to look at others, and to filter what they have to say, through the lens of our own personal experience and background.  Because we all do this, we often see life – and evaluate evidence – in a way that tends to favor people who are like ourselves or who have had life experiences like our own.  In deciding this case, I urge you to be aware of this natural human tendency to stereotype other people and to make assumptions about them based on the stereotypes, and I urge you to avoid such stereotyping.

## INSTRUCTION NO. 4
## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT

The Court instructs you that you must presume Mr. McFadden to be innocent of the crimes charged.  Thus, Mr. McFadden, although accused of crimes in the indictment, begins the trial with a "clean slate" – with no evidence against him.  The law permits the jury to consider only legal evidence presented in court.  The indictment or formal charge against Mr. McFadden is not evidence of guilt.  In fact, it is not evidence of any kind.

The Government has the burden of proving Mr. McFadden guilty beyond a reasonable doubt.  Unless the Government proves, beyond a reasonable doubt, that Mr. McFadden has committed each and every element of the offenses charged in the indictment, you must find him not guilty of those offenses not proven.  This burden never shifts to Mr. McFadden because the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses, producing any evidence, or even cross-examining the Government's witnesses.

Although the Government's burden of proof is a strict and heavy burden, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  There are very few things in this world that we know with absolute certainty.  The test is one of reasonable doubt.  A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Reasonable doubt may arise from the evidence, the lack of evidence, or the nature of the evidence.  It is the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must, therefore, be proof which is so convincing that a reasonable person would not hesitate to rely and act upon it in making the most important decisions in his or her own life.

**INSTRUCTION NO. 5**
**EVIDENCE – DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers or parties agreed to.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  My comments and questions are not evidence.

During the trial, I may have not let you hear the answers to some of the questions that the lawyers asked.  I may have also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And, I may have ordered you to disregard things that you saw or heard, or struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

**INSTRUCTION NO. 6**
**EVIDENCE – DIRECT AND CIRCUMSTANTIAL – INFERENCES**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.  The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

Although you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits; inferences you feel are justified in the light of common experience.  Inferences are conclusions that reason and common sense lead you to draw from the facts established by the evidence in the case.

**INSTRUCTION NO. 7**
**CREDIBILITY OF WITNESSES**

I remind you that it is your job to decide whether the Government has proved the guilt of Mr. McFadden beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.

You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.  In making that decision, I suggest that you ask yourself a few questions:

Did the witness impress you as honest?
Did the witness have any particular reason not to tell the truth?
Did the witness have a personal interest in the outcome in this case?
Did the witness have any relationship with either the Government or the defense?
Did the witness seem to have a good memory?
Did the witness clearly see or hear the things about which he or she testified?
Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?
Did the witness's testimony differ from the testimony of other witnesses?

When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail.  You should keep in mind that innocent misrecollection – like failure of recollection – is not uncommon.

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

**INSTRUCTION NO. 8**
**IMPEACHMENT BY PRIOR CONVICTION**

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of a felony, that is, of a crime punishable by imprisonment for a term of years, or of a crime of dishonesty or false statements.  A prior conviction does not mean that a witness is not qualified to testify, but is merely one circumstance that you may consider in determining the credibility of the witness.  You may decide how much weight to give any prior conviction that was used to impeach a witness.

**INSTRUCTION NO. 9**
**IMPEACHMENT BY PRIOR INCONSISTENCIES**

The testimony of a witness may also be discredited or impeached by showing that, before trial, the witness made a statement that may have been different from his or her testimony here in court.

Unless instructed otherwise, you can only use such earlier statements as one way of evaluating the witness's testimony here in court.  You cannot use it as proof of anything else.

**INSTRUCTION NO. 10**
**WITNESS'S USE OF ADDICTIVE DRUGS**

You heard from some witnesses who may be considered to be abusers of drugs. The testimony of a drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs.

You must determine whether the testimony of those witnesses has been affected by the use of drugs or the need for drugs.

**INSTRUCTION NO. 11**
**EXPERT WITNESS OPINION EVIDENCE**

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial.  An exception to this rule exists as to those persons who are described as "expert witnesses."  An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area.  If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves.  You should consider the testimony of expert witnesses just as you consider other evidence in this case.  If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

As I have told you several times, you – the jury – are the sole judges of the facts of this case.

**INSTRUCTION NO. 12**
**SIMILAR CONDUCT**

There has been evidence received during the trial that Mr. McFadden engaged in other conduct which was similar in nature to the acts charged in the indictment. In a criminal case in which a defendant is accused of an offense of sexual assault or child molestation, evidence of the defendant's commission of another offense or offenses of sexual assault or child molestation is admissible and may be considered for its bearing on any matter to which it is relevant. You may use such evidence in your determination of whether Mr. McFadden committed the offenses for which he is charged in the indictment.

However, evidence of another offense on its own is not sufficient to prove Mr. McFadden guilty of the crimes charged in the indictment. As you consider this evidence, bear in mind at all times that the Government has the burden of proving that Mr. McFadden committed each of the elements of the offense in the indictment as I will explain them to you. I remind you that Mr. McFadden is not on trial for any act, conduct, or offense not charged in the indictment. The fact that Mr. McFadden may have committed an act similar to the ones charged in this case does not mean that Mr. McFadden necessarily committed the acts charged in this case.

**INSTRUCTION NO. 13**
**NON-TESTIFYING DEFENDANT**

Mr. McFadden did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt.  You must understand that the Constitution of the United States grants to a defendant the right to remain silent.  That means the right not to testify.  That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

**INSTRUCTION NO. 14**
**JURY'S RECOLLECTION CONTROLS**

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

**INSTRUCTION NO. 15**
**SPECIAL INVESTIGATIVE TECHNIQUES NOT REQUIRED**

During the trial, you may have heard testimony of witnesses and argument by counsel that the Government did not utilize specific investigative techniques. You may consider these facts in deciding whether the Government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether a defendant is guilty. However, you also are instructed that there is no legal requirement that the Government use any specific investigative techniques to prove its case. There is no requirement to conduct interviews using a particular technique, to conduct examinations of victims, or to collect particular evidence. Law enforcement techniques are not your concern.

I am sure that at least one of you has seen the popular TV shows, CSI, or Law & Order. The TV standards, and the capabilities of law enforcement as portrayed on TV and in the movies, do not apply here to this trial. Witness testimony is sufficient to establish the charges in this case. Specific investigative techniques, such as DNA and fingerprints, are not required to be presented in order for you to find Mr. McFadden guilty of the charges in this case. Please dismiss from your deliberations in consideration of the appropriate verdict in this case, any investigative techniques which you may have seen on TV or in the movies, as well as anything else about which there was no evidence.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, Mr. McFadden's guilt has been proved beyond a reasonable doubt.

**INSTRUCTION NO. 16**
**TRANSCRIPTS OF RECORDINGS**

During this trial, you have heard a video recording.  This recording was legally produced, it is a proper form of evidence, and may be considered by you as you would any other evidence.

You were also given transcripts of those recordings. Keep in mind that the transcript is not evidence. It was given to you only as a guide to help you follow what was being said. The recording itself is the evidence.  If you noticed any differences between what you heard on the recording and what you read in the transcript, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recording, you must ignore the transcript as far as those parts are concerned.

17

**INSTRUCTION NO. 17**
**CAUTION – PUNISHMENT**

If you find Mr. McFadden guilty, it will be my duty to decide what the punishment will be.  You should not discuss or consider the possible punishment in any way while deciding your verdict.

**INSTRUCTION NO. 18**
**THE INDICTMENT IS NOT EVIDENCE**

An indictment is only a formal method used by the Government to accuse a
defendant of a crime.  It is not evidence of any kind against Mr. McFadden.  Mr.
McFadden is presumed to be innocent of the crimes charged.  Even though an
indictment has been returned against Mr. McFadden, he begins this trial with absolutely
no evidence against him.

Mr. McFadden has pleaded "Not Guilty" to the indictment and, therefore, denies
that he is guilty of the charges.

**INSTRUCTION NO. 19**
**"ON OR ABOUT"**

The indictment charges that crimes were committed "on or about" certain dates. The Government must prove beyond a reasonable doubt that Mr. McFadden committed each crime reasonably near these dates.

**INSTRUCTION NO. 20**
**SEPARATE COUNTS**

Mr. McFadden is charged with five counts related to trips in which he is alleged to have engaged in sexual activity with a minor.  Counts 1 and 2 both relate to a trip in which Mr. McFadden is alleged to have subjected K.W. to sexual activity, but involve separate additional factual determinations that you must make.  Similarly, Counts 3 and 4 both relate to a trip in which Mr. McFadden is alleged to have subjected J.W. to sexual activity, but also involve separate additional factual determinations that you must make. Finally Count 5 relates to a separate trip in which Mr. McFadden is alleged to have subjected J.W. to sexual activity.  It will be your function as the jury to determine if the Government has established Mr. McFadden's guilt beyond a reasonable doubt of any one or all of the counts.

Each crime or offense as charged and the evidence applicable thereto should be considered separately as to each count.  The fact that you may find Mr. McFadden guilty or not guilty of one crime or offense should not control your verdict with reference to any of the other crimes or offenses charged.  As I have stated, Counts 1 and 2 relate to one alleged trip, Counts 3 and 4 relate to another alleged trip, and Count 5 relates to another separate alleged trip.

**INSTRUCTION NO. 21**
**COUNTS 1 & 3: Crossing State Lines with the Intent to Engage in a**
**Sexual Act with a Minor Under 12 Years Old.**

Count 1 of the Indictment charges that between on or about December 25, 2012, and on or about January 3, 2013, in and outside the State and District of Colorado and elsewhere, the defendant, MICHAEL TRACY McFADDEN, did knowingly cross a state line with intent to engage in a sexual act, to wit, contact between the penis and the anus, with K.W., a person who had not attained the age of 12 years, and attempted to do so.  All in violation of Title 18, United States Code, Section 2241(c).

Count 3 of the Indictment charges that between on or about December 1, 2010, and on or about January 1, 2011, in and outside the State and District of Colorado, and elsewhere, the defendant, MICHAEL TRACY McFADDEN, did knowingly cross a state line with intent to engage in a sexual act, to wit, contact between the penis and the anus and contact between the mouth and the anus, with J.W., a person who had not attained the age of 12 years, and attempted to do so.  All in violation of Title 18, United States Code, Section 2241(c).

Section 2241(c) of Title 18 of the United States Code provides, in part, that "[w]hoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years, . . . or attempts to do so, shall be fined under this title and imprisoned . . . ."

This law makes it a crime for anyone to cross a state line with the intent to engage in a sexual act with a minor under the age of 12.  To find Mr. McFadden guilty of this crime you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First:*    Mr. McFadden travelled across a state line;

*Second:*    When Mr. McFadden travelled, he intended to engage in a sexual act with a minor under twelve (12) years old; and

*Third:*    Mr. McFadden engaged in or attempted to engage in such act.

The term "State" means a State of the United States, the District of Columbia, and any commonwealth, possession, or territory of the United States.

The term "sexual act" means contact between the penis and the vulva or the penis and the anus, involving penetration however slight; or contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; or the penetration, however slight, of another person's anal or genital opening by a hand, finger, or any object, with an intent to abuse, humiliate, harass, degrade a person, or to arouse or

22

gratify the sexual desire of any person; or the intentional touching, not through the clothing, of the genitalia of another person, with an intent to abuse, humiliate, harass, degrade a person, or to arouse or gratify the sexual desire of any person.

The Government need not prove that Mr. McFadden travelled across a state line for the sole and exclusive purpose of engaging in a sexual act with a person under 12 years old, nor need this be the most important of Mr. McFadden's reasons for travel. A person may have different purposes or motives for travel and each may prompt in varying degrees the act of making a journey. For the purposes of these counts, the Government must prove beyond a reasonable doubt that a dominant, significant, or motivating purpose of Mr. McFadden's travel across a state line was to engage in a sexual act with a person under 12 years. In other words, the Government must prove the sexual act was not merely incidental to the travel.

Your verdict on each count must be unanimous. You have heard testimony about multiple alleged sexual acts. The Government does not have to prove all of these different sexual acts for you to return a guilty verdict on a count. But, in order to return a guilty verdict on a count, all twelve of you must agree on at least one specific sexual act that Mr. McFadden attempted to commit during the identified time period. If the jury cannot unanimously agree on at least one specific sexual act that Mr. McFadden attempted to commit, the jury must return a verdict of not guilty.

**INSTRUCTION NO. 22**
**COUNTS 2, 4, & 5: Transportation of a Minor with**
**Intent to Engage in Sexual Activity**

Count 2 of the Indictment charges that between on or about December 25, 2012, and on or about January 3, 2013, in the State and District of Colorado, and elsewhere, the defendant, MICHAEL TRACY McFADDEN, did knowingly transport K.W., an individual who had not attained the age of 18 years in interstate and foreign commerce, with the intent that such individual engage in sexual activity for which any person can be charged with a criminal offense. All in violation of Title 18, United States Code, Section 2423(a).

Count 4 of the Indictment charges that between on or about December 1, 2010, and on or about January 1, 2011, in the State and District of Colorado, and elsewhere, the defendant, MICHAEL TRACY McFADDEN, did knowingly transport J.W., an individual who had not attained the age of 18 years in interstate and foreign commerce, with the intent that such individual engage in sexual activity for which any person can be charged with a criminal offense. All in violation of Title 18, United States Code, Section 2423(a).

Count 5 of the Indictment charges that between on or about January 1, 2007, and on or about January 3, 2013, in the State and District of Colorado, and elsewhere, the MICHAEL TRACY McFADDEN, did knowingly transport J.W., an individual who had not attained the age of 18 years in interstate and foreign commerce, with the intent that such individual engage in sexual activity for which any person can be charged with a criminal offense. All in violation of Title 18, United States Code, Section 2423(a).

Section 2423(a) of Title 18 of the United States Code states that "[a] person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned . . . ."

This law makes it a crime to transport a minor for sexual activity. To find Mr. McFadden guilty of this crime you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First:* Mr. McFadden knowingly transported the individual identified by initials in the indictment in interstate or foreign commerce;

*Second:* At the time of the transportation, the individual identified by initials in the indictment was less than eighteen (18) years of age; and

*Third:*     At the time of the transportation, Mr. McFadden intended that the individual identified by initials in the indictment would engage in sexual activity for which someone could be charged with a crime.

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation and communication.

Foreign commerce means commerce between any part of the United States (including its territorial waters), and any other country (including its territorial waters).

The Government need not prove that Mr. McFadden transported a minor in interstate or foreign commerce for the sole and exclusive purpose of engaging in sexual activity, nor need this be the most important of Mr. McFadden's reasons for travel.  For the purposes of these counts, the Government must prove beyond a reasonable doubt that a dominant, significant, or motivating purpose of transporting a minor in interstate or foreign commerce was to have the minor engage in sexual activity.  In other words, the Government must prove the sexual activity was not merely incidental to the travel.

The Government must prove that any sexual activity could have been charged as a criminal offense.  In other words, the Government must prove the intended sexual activity would have been illegal under the laws of the state in which they were committed.  It is not necessary that the Government prove Mr. McFadden intended to violate the laws of those states, only that he intended to engage in sexual activity with K.W. or J.W., and that the sexual activity could have formed the basis for a criminal charge against Mr. McFadden in the state in which it occurred.

In Count 2, the alleged sexual activity involves contact between Mr. McFadden's penis and K.W.'s anus.  You are instructed that such activity could form the basis of a criminal charge in each of the following states:  Colorado, Utah, Idaho, Wyoming, or Nebraska.

In Count 4, the alleged sexual activity involves contact between Mr. McFadden's penis or mouth, and J.W.'s anus.  You are instructed that such activity could form the basis of a criminal charge in each of the following states:  Colorado, Arizona, or New Mexico.

In Count 5, the alleged sexual activity involves contact between Mr. McFadden's penis and J.W.'s anus.  You are instructed that such activity could form the basis of a criminal charge in each of the following states:  Colorado, Arizona, or New Mexico.

.

Your verdict on each count must be unanimous. You have heard testimony about multiple alleged sexual activities. The Government does not have to prove all of these different sexual activities for you to return a guilty verdict on a count. But, in order to return a guilty verdict on a count, all twelve of you must agree on at least one specific sexual activity that Mr. McFadden intended to engage in with the individual identified in the count during the identified time period. If the jury cannot unanimously agree on at least one specific sexual activity that Mr. McFadden intended to engage in with the individual identified in the count, the jury must return a verdict of not guilty.

**INSTRUCTION NO. 23**
**PROOF OF KNOWLEDGE OR INTENT**

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

**INSTRUCTION NO. 24**
**"KNOWINGLY" DEFINED**

The term "knowingly," as used in these instructions to describe the alleged state of mind of Mr. McFadden, means that he was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

**INSTRUCTION NO. 25**
**"INTENTIONALLY" DEFINED**

The term intentionally, where I have used it in these instructions, means, "deliberately and purposely."  That is, Mr. McFadden's acts must have been the product of his conscious objective, rather than the product of mistake or accident.

**INSTRUCTION NO. 26**
**DUTY TO DELIBERATE – VERDICT FORM**

After the closing arguments, the court security officer will escort you to the jury room and will give you the original jury instructions and the original verdict form. Any exhibits admitted into evidence will also be placed in the jury room for your review. You will be allowed to take your notes and your copy of the jury instructions that I have just read with you. The original of the jury instructions and the exhibits are a part of the Court record. Do not place any marks or notes on them. Your copy of the instructions may be marked or used in any way you see fit.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

A Verdict Form has been prepared to help guide you through your deliberations. To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone. Your foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. This is the only verdict form that you will receive, so please do not write on the original verdict form or indicate your answer to any questions on the original verdict form until you have all agreed on the answer.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

This is an important case. If you should fail to agree upon a verdict, the case is left open and must be tried again. Obviously, another trial would require the parties to make another large investment of time and effort, and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried before you.

You are reminded that Mr. McFadden is presumed innocent, and that the Government, not Mr. McFadden, has the burden of proof and it must prove Mr.

McFadden guilty beyond a reasonable doubt.  As judges of the facts, you must decide whether the Government has proved Mr. McFadden's guilt beyond a reasonable doubt.

It is your duty, as jurors, to consult with one another and deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  Those of you who believe that the Government has proved Mr. McFadden guilty beyond a reasonable doubt should stop and ask yourselves if the evidence is really convincing enough.  Those of you who believe that the Government has not proved Mr. McFadden guilty beyond a reasonable doubt should stop and ask yourselves if the doubt you have is a reasonable one.  In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

After you reach a verdict, your foreperson should ensure that the original verdict form is complete and then he or she must sign and date the original verdict form.  The foreperson should then advise the court security officer that you have reached a verdict, but do not tell the court security officer what your verdict is.  The court security officer will then inform me that you have reached a verdict.  The foreperson should remain in possession of the original verdict form until you return to the courtroom and I request that it be given to me.

**INSTRUCTION NO. 27**
**COMMUNICATIONS WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a folded note through the court security officer. Do not disclose the content of your note to the court security officer.  No member of the jury should hereafter attempt to communicate with me except in writing and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. You are not to tell anyone – including me – how the jury stands, numerically or otherwise, until you have reached a unanimous verdict and I have discharged you.

If you send a note to me containing a question or request for further direction, please bear in mind that responses take considerable time and effort.  Before giving an answer or direction I must first notify the attorneys and bring them back to the court. I must confer with them, listen to arguments, research the legal authorities, if necessary, and reduce the answer or direction to writing.

There may be some question that, under the law, I am not permitted to answer. If it is improper for me to answer the question, I will tell you that.  Please do not speculate about what the answer to your question might be or why I am not able to answer a particular question.