IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL TRACY McFADDEN,

    Defendant.

---

**DEFENDANT MICHAEL TRACY MCFADDEN'S OBJECTIONS, ADDITIONS, AND CORRECTIONS TO THE PRESENTENCE REPORT**

---

Mr. McFadden by and through his attorneys Sean M. McDermott and Benjamin LaBranche, submits his Objections and Corrections to the Presentence Report (Doc. No 157). Mr. McFadden states the following:

**Corrections and Additions**

**1.** **Page One and Two -** Since the presentence report was filed, the sentencing date has been moved from March 7, 2023, at 3:00 p.m. to March 9, 2023, at 9:00 a.m. See Docket Nos. 158 and 159. Therefore, at the time of sentencing, Mr. McFadden will have had 3,270 days of presentence confinement credit instead of 3,268.

**2.** **Paragraph Three -** Paragraph three states in part that, "The defendant is currently housed at the Clear Creek County Jail in Georgetown, Colorado. According to jail staff, the defendant arrived at the facility on April 26, 2022." In addition to what is stated in the presentence report, Mr. McFadden was in the Clear Creek County Jail prior to March 8, 2021. On March 8, 2021, Mr. McFadden was transferred to the Washington

County Detention Facility. He stayed there until April 6, 2022. Mr. McFadden was then transferred to the Federal Detention Center in Englewood, Colorado. On April 26, 2022, Mr. McFadden was then moved back to the Clear Creek County Jail. Mr. McFadden was moved to the Mesa County Detention Center prior to trial before returning to the Clear Creek County Jail on November 18, 2022. He has remained in the Clear Creek County Jail through the present time.

3. **Paragraph 107** – It has been documented that Mr. McFadden has previously spoken about prior abuse to him when he was a child. It is documented that this was discussed in therapy. Mr. McFadden acknowledged that flashbacks of abuse came to his attention in therapy. If this was not communicated clearly, it is being clarified now.

## Objections

4. **Paragraphs 45-59, Other Relevant Conduct** – Mr. McFadden objects to the court considering the other relevant conduct that the Prosecution wants the Court to consider. This alleged conduct is contained paragraphs 45 through 59 of the presentence report. No testimony regarding this conduct was elicited at trial or at any pretrial hearing. The defense's position is that this alleged conduct was not clearly established and did not meet the Tenth Circuit's standard for admission at trial. *See United States v. Perrault*, 995 F.3d 748, 766 (10th Cir. 2021) applying the *Enjady* factors found at United States v. Enjady, 134 F.3d 1427, 1433 (10th Cir. 1998). The prosecution also stated on the record, that it did not intend to elicit evidence regarding M.S. Under the circumstances, none of the alleged conduct should be considered at sentencing.

**5.     Paragraphs 69 and Paragraphs 78–** These paragraphs relate to USSG § 2G1.3(b)(2)(B)

The two-level enhancement under U.S.S.G. § 2G1.3(b)(2)(B), should not apply because the defendant did not unduly influence J.W. or K.W. to engage in prohibited sexual conduct.

Application Note 3(B) to U.S.S.G. §2G1.3 states:

> In determining whether subsection (b)(2)(B) applies, the court should closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior.  The voluntariness of the minor's behavior may be compromised without prohibited sexual conduct occurring.
>
> However, subsection (b)(2)(B) does not apply in a case in which the only "minor" (as defined in Application Note 1) involved in the offense is an undercover law enforcement officer.
>
> In a case in which a participant is at least 10 years older than the minor, there shall be a rebuttable presumption that subsection (b)(2)(B) applies. In such a case, some degree of undue influence can be presumed because of the substantial difference in age between the participant and the minor.

Since the defendant is more than 10 years older than J.W. and K.W., there is a presumption that the undue influence enhancement should apply.  However, it is a rebuttable presumption, and an analysis of the specific facts of this case show that it should not apply. According to the Application Note, the issue is "whether a participant's influence over the minor compromised the voluntariness of the minor's behavior".

The Presentence Report **(PSR)** describes the offense conduct as consisting of sexual acts with J.W. and K.W. while they were asleep.  While the defendant was an adult who at times did help care for and provide for J.W. and K.W., the allegations proven at trial did not show he used his status as an adult or caretaker to compromise

3

the voluntariness of their behavior to engage in sexual acts.  While it was alleged at trial that the defendant "groomed" J.W. and K.W. by buying them gifts, being nice to them, and allowing them to play games at his house, it was never alleged that he used such acts of kindness to get them to voluntarily engage in sexual acts.

The government did not offer evidence at trial that J.W. and K.W. engaged in any sexual activity with the defendant because of the defendant's status.  Most acts occurred while they were asleep, and in most cases, they did not realize there was sexual activity until the contact was over.  Therefore, there was no undue influence to get them to engage in this activity.

The **(PSR)** outlines the offense conduct related to both J.W. and K.W.   The **PSR** outlines how every sexual act, except one, occurred while J.W. and K.W. were asleep**.  PSR ¶ 20** describes the other act committed upon J.W. while he was sick with a fever. J.W. did not engage in the act because he was not really aware of what was happening due to his fever. Therefore, there was no undue influence for that act either.

U.S.S.G. § 2G1.3(b)(2)(B) requires that a defendant unduly influence the victim **to engage** [emphasis added] in prohibited sex acts.  The finding of undue influence is a fact-based inquiry *United States v. Hornbuckle*, 784 F.3d 549, 557 (9th Cir. 2015), and the facts of this case are different than any other.  While the defendant did treat J.W. and K.W. like family and helped care for them, there are no facts to support that his status as an adult or caretaker was actually used to get J.W. and K.W. to consent to sexual conduct.

WHEREFORE, Mr. McFadden respectfully submits the herein objections, additions, and corrections to the presentence report.

Respectfully submitted,

Dated:  February 14, 2023

s/Sean M. McDermott
  Sean M. McDermott
  McDermott Stuart & Ward LLP
  140 E. 19th Avenue, Suite 300
  Denver, CO 80203
  Phone: (303) 832-8888
  Fax:    (303) 863-8888
  Email: smcdermott@mswdenver.com


s/Benjamin R. LaBranche
  Benjamin R. LaBranche
  1544 Race Street
  Denver, CO 80206
  Phone: (225) 927-5495
  Fax:    (225) 927-5568
  Email:  ben@brllawyer.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 14th day of February 2023, the foregoing **pleading** was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

      s/ Sean McDermott
         Sean McDermott