IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-00243-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL TRACY McFADDEN,

    Defendant.

**OPPOSITION TO DEFENDANT'S MOTION FOR NON-GUIDELINES SENTENCE**

    The United States of America, by and through Andrea Surratt, Assistant United States Attorney, respectfully submits this response in opposition to the defendant's motion for a non-Guidelines sentence of 30 years, his mandatory minimum. [ECF # 162 (the "Motion")]. The only appropriate sentence in this case is a within-Guidelines sentence of life imprisonment. There is nothing in the defendant's Motion that should come close to convincing the court otherwise.

    Unbelievably, after conviction at two different trials, in two different jurisdictions, by two different juries, the defendant still refuses to accept responsibility for his abhorrent conduct in this matter. In his Motion, he rehashes some of the same themes that were prevalent throughout pretrial litigation and at trial. Essentially, the defendant still argues, I.S. lied about being abused, so a bunch of other kids did too—inexplicably, even kids who were not entwined in the immediate social or familial group, such as D.R. Then, the defendant argues, he was unable to present this theory to the jury because I.S. did not testify.

1

Detective Ed Prescott, however, *did* testify, and was well-aware of (and prepared to testify about) the sequence of disclosures in this case. The Government, of course, did not elicit from Detective Prescott hearsay testimony about what he learned about non-testifying witnesses' sexual abuse by the defendant. The defendant also made the very reasonable strategic decision to avoid the same. Indeed, the defendant's counsel in the state trial pursued this "social contagion" theory and the jury did not believe it and convicted him on all counts. Ultimately, there is no evidence that I.S.—or any of the other children who testified at the state trial—told anything but the truth about the abuse inflicted by the defendant.

The defendant also still relies on the delayed disclosures in this case more broadly to proclaim his innocence. This argument—which was also a theme of cross-examination of J.W. and K.W.—only illustrates why the testimony of expert witnesses such as Cheryl Young is so critical in child sex abuse cases. As the court recalls, Ms. Young explained to the jury why young children, especially boys, often fail to disclose sexual abuse as it is ongoing. As the jury learned, and believed, there was nothing unusual about the way in which the defendant's victims disclosed the abuse in this case. Further, the jury heard from J.W. and K.W. themselves why each of them did not disclose the abuse as it happened.

Finally, the defendant rehashes in his Motion another theory rejected by the jury—that because none of the adults at the D½ Road house were aware of the abuse, then it must not have happened. The defendant seems to maintain that if he had "violently rap[ed]" [ECF #162, p.7] all of these kids in the bedroom at D½ Road, surely someone else would have heard it or seen it. But, as the court knows, the Government has never argued that these were "violent" rapes in the sense that the defendant

means.  There was no evidence that the defendant violently restrained or attacked his victims.  Rather, he did what many other child rapists do—he groomed the children into submission over a period of time.  And, often, he plied them with sleep aids to make them more compliant.  The rapes themselves, then, were almost gentle.  The defendant brought the children into his bed at night, saddled up behind them, and carefully put his penis in their butts.  And, of course, this was done in a bedroom full of young children, when no other adults were around.  It is easy to believe (as the jury did) that none of the adults—many of whom were impaired on substances or otherwise preoccupied with their own issues—noticed the abuse.

Ultimately, the defendant was convicted of raping J.W. and K.W.  And, as the court knows, he raped at least five other young children around the same time.  His continued insistence that one theory or another exculpates him from this horrific conduct should tell the court only that this defendant will always pose a danger to his community.  Absent a speedy trial violation in state court, the defendant would already be spending the rest of his life in prison, and that remains the only sentence that will serve all of the purposes of sentencing.

Dated: February 27, 2023.

Respectfully submitted,

COLE FINEGAN
United States Attorney

*/s Andrea Surratt*
Andrea Surratt
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Tel: (303) 454-0124
E-mail: andrea.surratt@usdoj.gov
Attorney for the Government

3